# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) Case No. |
| DEYOUNG FAMILY ZOO, a corporation, | ) ) |
| Defendants. | ) ) ) |

## DECLARATION OF JARED GOODMAN

Pursuant to 28 U.S.C. § 1746, I, Jared Goodman, declare the following to be true and correct to the best of my knowledge and belief:

1. I am counsel for People for the Ethical Treatment of Animals, Inc. and Angela Scott (together, "Plaintiffs"), the counterclaimants in the matter *Missouri Primate Foundation et al. v. People for the Ethical Treatment of Animals, Inc.,* No. 4:16-cv-02163-CDP, pending in the U.S. District Court for the Eastern District of Missouri. I make this declaration based upon my personal knowledge and upon information available to me as PETA's and Scott's counsel. A true and correct copy of the pending counterclaims is attached hereto as **Exhibit A**.

2. On July 18, 2017, I sent a letter to Kurtis B. Reeg, then-counsel for Counterclaim Defendants Missouri Primate Foundation and Connie Braun Casey (together, "Defendants"), concerning Defendants' transfer of three chimpanzees to the DeYoung Family Zoo (the "Zoo") and preservation of evidence. A true and correct copy is attached hereto as **Exhibit B**.

3. On July 20, 2017, I received a response to my July 18 letter from Mr. Reeg. A true and correct copy is attached hereto as **Exhibit C**.

4. On October 29, 2018, Counterclaim Defendant Connie Braun Casey testified in her deposition that on July 27, 2017, she transferred two additional chimpanzees to the Zoo. A true and correct copy of an excerpt of this transcript is attached hereto as **Exhibit D**.

5. On May 15, 2018, Plaintiffs served the Zoo with subpoenas to produce documents, to permit inspection of the Zoo, and to testify at a deposition. True and correct copies of these documents are attached hereto as **Exhibit E**.

6. On May 21 and May 29, Brian R. Shank, counsel for DeYoung Family Zoo, served objections to Plaintiffs' subpoenas requesting the production of documents, inspection of premises, and a deposition with respect to the chimpanzees transferred from Defendants. True and correct copies of these documents are attached hereto as **Exhibit F**.

7. On June 6, my co-counsel, James P. Martin, conferred with Mr. Shank regarding the subpoenas and the Zoo's objections. The parties agreed that Plaintiffs would serve amended subpoenas to address concerns expressed by the Zoo, and in an effort to avoid the need for the Zoo to move to quash the subpoenas or for Plaintiffs to compel compliance with them.

8. On June 8, Plaintiffs sent amended subpoenas to Mr. Shank by email and requested confirmation that he would accept service on behalf of the Zoo. A true and correct copy is attached hereto as **Exhibit G**.

9. On June 13, Shank responded that the firm was "not able to accept service of the amended subpoenas on behalf of the DeYoung Family Zoo." A true and correct copy is attached hereto as **Exhibit H**.

10. On June 14, Plaintiffs began their attempt to serve the Zoo with the subpoenas. The process server reported that Zoo employees informed the server, on several attempts, that the

Zoo's owner, Harold DeYoung, was "unavailable" and that they were not authorized to accept service on behalf of the Zoo.

11. On June 20, the subpoenas were successfully served upon the Zoo. True and correct copies of these documents are attached hereto as **Exhibit I**.

12. On June 26, new counsel for the Zoo, Patrick Greeley, served objections to the subpoenas. A true and correct copy is attached hereto as **Exhibit J**.

13. On June 29, counsel for the parties conferred regarding the subpoenas and the Zoo's objections. At Mr. Greeley's request, on July 1, I provided a draft confidentiality and nondisclosure agreement to the Zoo.

14. On July 10, Mr. Greeley responded with substantial additions to the draft agreement and informed Plaintiffs' counsel that the Zoo would not allow the inspection to go forward on the subpoenaed date. True and correct copies of the email and draft agreement are attached hereto as **Exhibit K**.

15. On July 25, Mr. Greeley informed Plaintiffs' counsel by email that completion of the agreement would be delayed because his contact at the Zoo was admitted to the hospital with pneumonia. A true and correct copy is attached hereto as **Exhibit L**.

16. After additional negotiation regarding the agreement, on October 3, Mr. Greely sent to Plaintiffs' counsel a letter informing them the Zoo took the position that Plaintiffs' experts would not be permitted to observe the chimpanzees in person at all in the indoor enclosures in which they are held. A true and correct copy is attached hereto as **Exhibit M**.

17. On October 15, I emailed a letter responding to the Zoo's October 3 assertions. A true and correct copy is attached hereto as **Exhibit N**.

18. As of the date of this declaration, I have not received any response to my October 15th letter.

19. On November 5, Brian S. McChesney, new counsel for the Zoo, contacted me to request a conference. A true and correct copy of this email is attached hereto as **Exhibit O**.

20. On November 7, counsel for Plaintiffs and the Zoo conferred regarding the subpoenas and prior communications with the Zoo's former counsel. Mr. McChesney acknowledged that Plaintiffs would be entitled to certain records, a deposition, and inspection in some respect. Mr. McChesney indicated that he understood the need to resolve the dispute regarding the scope of the discovery promptly. He stated that he would speak with the Zoo and respond by later that week. I followed up with Mr. McChesney the following week for an update on the matter, to which he responded that he was planning to speak with his client the following day, November 14. I received no further response.

21. On December 14, I contacted and further conferred with Mr. McChesney in a final good-faith attempt to resolve the dispute, including providing a draft of the motion. On December 17, Mr. McChesney confirmed that the Zoo opposes the relief sought by PETA and that the parties are at an impasse and require court intervention. Mr. McChesney also expressed the Zoo's strong preference that the matter be transferred to the Eastern District of Michigan.

I declare under the penalty of perjury that the foregoing is true and correct.

December 18, 2018

Los Angeles, CA                    */s/ Jared Goodman*
                                   Jared Goodman