Exhibit F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, CONNIE BRAUN CASEY, ANDREW SAWYER, et al,<br><br>Plaintiffs,<br><br>v.<br><br>PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC. and ANGELA SCOTT<br><br>Defendants. | Case No. 4 : 16-cv-2163 |

**DEYOUNG FAMILY ZOO'S RESPONSE AND OBJECTION TO SUBPOENA DUCES TECUM ISSUED BY PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.**

DeYoung Family Zoo ("DeYoung") for its response to the Subpoena to Produce Documents, Information, Or Objects Or To Permit Inspection of Premises in a Civil Action ("Subpoena") issued by People For The Ethical Treatment of Animals, Inc. ("PETA"), hereby states:

**GENERAL OBJECTIONS**

1.      DeYoung objects to the Subpoena in its entirety to the extent it is addressed to "Records Custodian" rather than DeYoung itself or to any identifiable person or entity.

2.      DeYoung objects to the Subpoena in its entirety because it seeks confidential and propriety commercial information of DeYoung.

**DOCUMENTS REQUESTED**

1. All records or communications relating to the chimpanzees transferred from MPF to DeYoung Family Zoo. This requests (sic) includes, but is not limited to, email

correspondence, text messages, video, permits, animal health certificates, veterinary records, enrichment plans, fuel and/or toll receipts, and specifications, maps, or blueprints for the enclosures housing the chimpanzees.

**OBJECTION:** This request is not reasonably calculated to lead to discovery of admissible evidence, is overbroad in time and scope, is unduly burdensome and intended to harass and annoy DeYoung, a party with which PETA has previously been engaged in litigation, and as written seeks mental impressions of counsel, attorney-client privileged information and other information protected from disclosure by the attorney-client privilege, work product doctrine and joint-defense privilege.

2. To the extent not already encompassed with the previous category, all photographs, videos, or other recordings of the chimpanzees transferred from MPF to DeYoung Family Zoo.

**OBJECTION:** This request is not reasonably calculated to lead to discovery of admissible evidence, is overbroad in time and scope, is unduly burdensome and intended to harass and annoy DeYoung, a party with which PETA has previously been engaged in litigation, and as written seeks mental impressions of counsel, attorney-client privileged information and other information protected from disclosure by the attorney-client privilege, work product doctrine and joint-defense privilege.

3. To the extent not already encompassed within the previous categories, all communications with Andrew Sawyer, regarding a chimpanzee knowns as Joey, or regarding a chimpanzee known as Chloe.

**OBJECTION:** This request is not reasonably calculated to lead to discovery of admissible evidence, is overbroad in time and scope, is unduly burdensome and intended to harass and annoy DeYoung, a party with which PETA has previously been engaged in litigation, and as written seeks mental impressions of counsel, attorney-client privileged information and other information protected from disclosure by the attorney-client privilege, work product doctrine and joint-defense privilege.

4. To the extent not already encompassed within the previous categories, all communications with The Cavalry Group, Mindy Patterson, or Mark Patterson relating to the chimpanzees

transferred from MPF to DeYoung Family Zoo.

**OBJECTION:** This request is not reasonably calculated to lead to discovery of admissible evidence, is overbroad in time and scope, is unduly burdensome and intended to harass and annoy DeYoung, a party with which PETA has previously been engaged in litigation, and as written seeks mental impressions of counsel, attorney-client privileged information and other information protected from disclosure by the attorney-client privilege, work product doctrine and joint-defense privilege.

5. To the extent not already encompassed within the previous categories, all communications with the Cavalry Group, Mindy Patterson, or Mark Patterson relating to PETA during the Relevant Time Period.

**OBJECTION:** This request is not reasonably calculated to lead to discovery of admissible evidence, is overbroad in time and scope, is unduly burdensome and intended to harass and annoy DeYoung, a party with which PETA has previously been engaged in litigation, and as written seeks mental impressions of counsel, attorney-client privileged information and other information protected from disclosure by the attorney-client privilege, work product doctrine and joint-defense privilege.

Respectfully submitted,

EVANS & DIXON, L.L.C.

By: /s/ Don V. Kelly .
Don V. Kelly #37121MO
Brian R. Shank #59955MO
Metropolitan Square
211 North Broadway, Suite 2500
Saint Louis, Missouri 63102
(314) 621-7755
(314) 884-4466 (Facsimile)
dkelly@evans-dixon.com

*Attorneys for DeYoung Family Zoo*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of the foregoing was served upon counsel to this action, this 21 day of May, 2018 by electronic mail.

/s/Don V. Kelly

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

MISSOURI PRIMATE FOUNDATION,
CONNIE BRAUN CASEY, ANDREW
SAWYER, et al,

         Plaintiffs,

v.

PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC. and
ANGELA SCOTT

         Defendants.

Case No. 4 : 16-cv-2163

## **DEYOUNG FAMILY ZOO'S RESPONSE AND OBJECTION TO SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION ISSUED BY PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.**

DeYoung Family Zoo ("DeYoung") for its response to the Subpoena to Testify at a Deposition in a Civil Action ("Subpoena") issued by People For The Ethical Treatment of Animals, Inc. ("PETA"), hereby states:

### **OBJECTIONS**

1.    DeYoung objects to the Subpoena because the proposed topic is unlimited in time and is overbroad in scope in that, as written, it is not limited to: (1) external communications between DeYoung and the identified individuals; and (2) the five chimpanzees allegedly at issue in this case.

2.    DeYoung objects to the Subpoena as written because it seeks confidential and propriety commercial information of DeYoung which is unrelated to this litigation.

3.    DeYoung objects to the Subpoena as written because it is unduly burdensome and intended to harass and annoy DeYoung, a party with which PETA has previously been engaged in litigation in Michigan and to which and about which PETA has sent demand letters

and USDA requests in the past.

4. DeYoung objects to the Subpoena as written because it is not reasonably calculated to lead to discovery of admissible evidence in this case involving the conduct of Plaintiffs at a facility in Missouri unrelated to the DeYoung facility in Michigan.

5. DeYoung objects to the Subpoena to the extent it may seek information protected from disclosure by the attorney-client privilege and/or work product doctrine.

6. DeYoung objects to the Subpoena as written because PETA can obtain the requested information or its substantial equivalent from the parties to this lawsuit, and because on information and belief PETA has failed to request such information in discovery, thereby violating its duty under Rule 45 to avoid imposing undue burden and expense on non-party DeYoung.

7. DeYoung objects to any deposition without a fully-executed Protective Order in place as to the conduct, location, and persons allowed at the deposition; limiting the use of any such discovery to the instant lawsuit in Missouri; and requiring any such discovery to be returned to attorneys for DeYoung upon resolution of this case.

8. DeYoung objects to the Subpoena as written because it unreasonably requires DeYoung to cross state lines from Michigan and attend a deposition in a public place in Wisconsin without any reasonable basis, in violation of Rule 45, and because the Subpoena may require DeYoung to seek separate counsel in Wisconsin in order to properly respond and/or comply with the Subpoena.

9. DeYoung objects cumulatively to the two Subpoenas served by PETA because together they may implicate two different jurisdictions, namely federal courts in both Michigan and Wisconsin, requiring separate counsel in two states, in order to properly

respond to the Subpoenas.

                          Respectfully submitted,

                          EVANS & DIXON, L.L.C.

          By:   /s/ Don V. Kelly
                        Don V. Kelly #37121MO
                        Brian R. Shank #59955MO
                        Metropolitan Square
                        211 North Broadway, Suite 2500
                        Saint Louis, Missouri 63102
                        (314) 621-7755
                        (314) 884-4466 (Facsimile)
                        dkelly@evans-dixon.com

                        *Attorneys for DeYoung Family Zoo*

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that a true copy of the foregoing was served upon counsel to this action, this 29th day of May, 2018 by electronic mail.

                                            /s/Don V. Kelly

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MISSOURI PRIMATE FOUNDATION, CONNIE BRAUN CASEY, ANDREW SAWYER, et al,<br><br>              Plaintiffs,<br><br>   v.<br><br>PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC. and ANGELA SCOTT<br><br>              Defendants. | Case No. 4 : 16-cv-2163 |

## DEYOUNG FAMILY ZOO'S RESPONSE AND OBJECTION TO SUBPOENA TO PERMIT INSPECTION OF PREMISES ISSUED BY PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.

DeYoung Family Zoo ("DeYoung") for its response to the Subpoena to Permit Inspection of Premises in a Civil Action ("Subpoena") issued by People For The Ethical Treatment of Animals, Inc. ("PETA"), hereby states:

## OBJECTIONS

1.    DeYoung objects to the Subpoena to the extent it is addressed to "Records Custodian" rather than DeYoung itself or to any identifiable person or entity.

2.    DeYoung objects to the Subpoena and the inspection request because it seeks confidential and propriety commercial information of DeYoung which is unrelated to this litigation.

3.    DeYoung objects to the Subpoena and the inspection request because an inspection by PETA of the DeYoung facility in Michigan is not reasonably calculated to lead to discovery of admissible evidence in this case involving the conduct of Plaintiffs at a facility in Missouri unrelated to the DeYoung facility in Michigan.

4. DeYoung objects to the Subpoena and the inspection request because an inspection by PETA of the DeYoung facility is unduly burdensome and intended to harass and annoy DeYoung, a party with which PETA has previously been engaged in litigation in Michigan and to which and about which PETA has sent demand letters and USDA requests in the past.

5. DeYoung objects to the Subpoena and the inspection request because it is overbroad in scope and vague and ambiguous as written, in that it contains no limitations on the time, scope, attendees, and protocol of the proposed inspection.

6. DeYoung objects to any inspection without a fully-executed Protective Order in place as to the conduct, locations, and persons allowed at the inspection; limiting the use of any such discovery to the instant lawsuit in Missouri; and requiring any such discovery to be returned to attorneys for DeYoung upon resolution of this case.

7. DeYoung objects cumulatively to the two Subpoenas served by PETA because together they may implicate two different jurisdictions, namely federal courts in both Michigan and Wisconsin, requiring separate counsel in two states, in order to properly respond to the Subpoenas.

Respectfully submitted,

EVANS & DIXON, L.L.C.

By: /s/ Don V. Kelly .
    Don V. Kelly #37121MO
    Brian R. Shank #59955MO
    Metropolitan Square
    211 North Broadway, Suite 2500
    Saint Louis, Missouri 63102

(314) 621-7755
(314) 884-4466 (Facsimile)
dkelly@evans-dixon.com

*Attorneys for DeYoung Family Zoo*

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that a true copy of the foregoing was served upon counsel to this action, this 29th day of May, 2018 by electronic mail.

                  /s/Don V. Kelly