Exhibit I

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| Missouri Primate Foundation et al. <br> *Plaintiff* <br> v. <br> People for the Ethical Treatment of Animals, Inc. et al. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 4:16-cv-02163-CDP <br> ) <br> ) <br> ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: DeYoung Family Zoo, N5406 County Road 577, Wallace, MI 49893

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attachment A.

| Place: Stephenson Public Library <br> 1700 Hall Ave. <br> Marinette, WI 54143 | Date and Time: <br> 07/23/2018 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographer

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/14/2018

*CLERK OF COURT*

_____  OR  _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* People for the Ethical Treatment of Animals, Inc. and Angela Scott , who issues or requests this subpoena, are:
James Martin, Polsinelli PC, 100 S. Fourth Street, Suite 1000, St. Louis, MO 63102; 314-552-6802

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## ATTACHMENT A TO SUBPOENA TO TESTIFY AT A DEPOSITION

**TO:** DeYoung Family Zoo
N5406 County Road 577
Wallace, MI 49893

**DEFINITIONS:**

1. "MPF" shall include the Missouri Primate Foundation, any persons or entities acting or purporting to act on its behalf, and any persons who owned chimpanzees located at the Missouri Primate Foundation from January 1, 2016, through the present.

2. The "Chimpanzees" shall mean any and all chimpanzees transferred from MPF to DeYoung Family Zoo from January 1, 2016, through the present.

3. "You" and "your" shall include the DeYoung Family Zoo and any other persons or entities acting or purporting to act at its direction or on its behalf.

4. The words "and" and "or" shall be construed either conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive. The word "including" shall be construed to mean without limitation.

**YOU ARE COMMANDED** to appear to testify at a deposition to be taken in this civil action. You must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters:

1. The housing conditions, care, and husbandry of the Chimpanzees at Missouri Primate Foundation.

2. The housing conditions, care, and husbandry of the Chimpanzees at DeYoung Family Zoo.

3. DeYoung Family Zoo's acquisition of the Chimpanzees.

4. Your communications with, or relating to, Connie Casey, Douglas Pernikoff, Andrew Sawyer, or The Cavalry Group, or any of their representatives, including but not limited to attorneys, regarding the Chimpanzees.

5. Your communications with any veterinarian or other health practitioner regarding the Chimpanzees.

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# AFFIDAVIT OF SERVICE

| Case: 4:16-CV-02163-CDP | Court: UNITED STATES DISTRICT COURT | County: EASTERN, MO | Job: 2377505 |
|---|---|---|---|
| Plaintiff / Petitioner: MISSOURI PRIMATE FOUNDATION, ET AL. | | Defendant / Respondent: PEOPLE OF THE ETHICAL TREATMENT OF ANIMALS, INC., ET AL. | |
| Received by: ABC PROCESS SERVICE | | For: POLSINELLI PC | |
| To be served upon: RECORDS CUSTODIAN FOR THE DEYOUNG FAMILY ZOO | | | |

I, Jeffrey C. Skorik, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address: CARRIE CRAMER R. OF THE DEYOUNG FAMILY ZOO, N5406 COUNTY ROAD 577, WALLACE, MI 49893

Manner of Service: Authorized, Jun 20, 2018, 4:40 pm EDT

Documents: ATTORNEY LETTER; SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION; ATTACHMENT A; (Received Jun 14, 2018 at 9:59am CDT)

Additional Comments:
1) Successful Attempt: Jun 20, 2018, 4:40 pm CST at N5406 COUNTY ROAD 577, WALLACE, MI 49893 received by CARRIE CRAMER NAMED PARTY or THE DEYOUNG FAMILY ZOO.

_____ 06/20/2018
Jeffrey C. Skorik           Date

ABC PROCESS SERVICE
4834 Swiss Avenue
Dallas, TX 75204
1-800-361-2611

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public

02/08/19
Date    Commission Expires

[Notary Seal: MARY E. SKORIK, NOTARY PUBLIC, STATE OF WISCONSIN]

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| Missouri Primate Foundation et al. ) | |
| *Plaintiff* ) | Civil Action No. 4:16-cv-02163 |
| v. ) | |
| People for the Ethical Treatment of Animals, Inc. et al. ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Records Custodian for the DeYoung Family Zoo, N5406 County Road 577, Wallace, MI 49893

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Polsinelli PC<br>100 S. Fourth Street, Suite 1000<br>St. Louis, MO 63102 | Date and Time:<br>06/27/2018 9:00 am |
|---|---|

☑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: DeYoung Family Zoo<br>N5406 County Road 577<br>Wallace, MI 49893 | Date and Time:<br>07/16/2018 9:00 am |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/14/2018

*CLERK OF COURT*

_____        OR        *[signature]*
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* People for the Ethical Treatment of Animals, Inc. & Angela Scott _____, who issues or requests this subpoena, are:

James Martin, Polsinelli PC, 100 S. Fourth Street, Suite 1000, St. Louis, MO 63102; 314-552-6802

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# ATTACHMENT A TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS AND TO PERMIT INSPECTION OF PREMISES

**TO:** Records Custodian for DeYoung Family Zoo
N5406 County Road 577
Wallace, MI 49893

**DEFINITIONS:**

1. "MPF" shall include the Missouri Primate Foundation, any persons or entities acting or purporting to act on its behalf, and any persons who owned chimpanzees located at the Missouri Primate Foundation during the Relevant Time Period.

2. The "Chimpanzees" shall mean any and all chimpanzees transferred from MPF to DeYoung Family Zoo from January 1, 2016, through the present.

3. "You" and "your" shall include the DeYoung Family Zoo and any other persons or entities acting or purporting to act at its direction or on its behalf.

4. The words "and" and "or" shall be construed either conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive. The word "including" shall be construed to mean without limitation.

5. The "Relevant Time Period" is January 1, 2016, through the present.

**YOU ARE COMMANDED** to produce:

1. All records or communications relating to the Chimpanzees. This requests includes, but is not limited to, e-mail correspondence, text messages, video, permits, animal health certificates, veterinary records, enrichment plans, fuel and/or toll receipts, and specifications, maps, or blueprints for the enclosures housing the chimpanzees.

2. To the extent not already encompassed within the previous category, all records required to be kept by the federal Animal Welfare Act regulations, including but not limited to a written program of veterinary care for the Chimpanzees, 9 C.F.R. § 2.40(1), and other records relating to the Chimpanzees required to be kept pursuant to 9 C.F.R. § 2.75(b).

3. To the extent not already encompassed within the previous categories, all photographs, videos, or other recordings of the Chimpanzees.

1

4. To the extent not already encompassed within the previous categories, all communications with Andrew Sawyer, regarding a chimpanzee known as Joey, or regarding a chimpanzee known as Chloe.

5. To the extent not already encompassed within the previous categories, all communications with The Cavalry Group, Mindy Patterson, or Mark Patterson relating to the Chimpanzees.

6. To the extent not already encompassed within the previous categories, all communications with The Cavalry Group, Mindy Patterson, or Mark Patterson relating to PETA during the Relevant Time Period.

**YOU ARE COMMANDED** to permit entry onto:

1. Those areas of the DeYoung Family Zoo in which the Chimpanzees are or were being held for any period of time, including but not limited to indoor enclosures, outdoor enclosures, and temporary holding enclosures.

2. Those areas of the DeYoung Family Zoo that pertain to the maintenance and care of the Chimpanzees, including but not limited to areas where food is stored and prepared, and places where other associated supplies such as enrichment, medicine, and equipment are kept.

Counterclaim Plaintiffs request entry for the purpose of inspection and surveying, photographing and taking video footage of the Chimpanzees during interactions with staff interaction, without staff interaction, and the following designated operations:

- Your practice and procedure for monitoring the Chimpanzees' teeth and dental health care, including but not limited to taking photographs and video footage of their teeth;
- Your practice and procedure for preparing food for the Chimpanzees;
- Your practice and procedure for feeding food to the Chimpanzees;
- Your practice and procedure for all daily routine housekeeping of the enclosures of the Chimpanzees, including but not limited to cleaning;

2

- Your practice and procedure for recalling the Chimpanzees, or shifting them to particular areas within their enclosures;
- Your practice and procedure for providing enrichment for the Chimpanzees;
- Your practice and procedure for routine daily observations and monitoring of the physical and mental health of the Chimpanzees.
- Your practice and procedure for sanitizing the enclosures of the Chimpanzees;

Counterclaim Plaintiffs request that Counterclaim Defendants make available at this inspection those personnel who are necessary to ensure that Counterclaim Plaintiffs' representatives are provided complete access to the Chimpanzees and the facilities, and to direct the Chimpanzees, as needed, to perform the requested inspections.

Counterclaim Plaintiffs' representatives entering the facility to conduct the inspection will include one expert, two of Counterclaim Plaintiffs' attorneys, a photographer, and a videographer. Counterclaim Plaintiffs request up to six (6) continuous hours to complete this inspection. The inspection shall begin at 9 a.m. and continue until completed.

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# AFFIDAVIT OF SERVICE

| Case: 4:16-CV-02163-CDP | Court: UNITED STATES DISTRICT COURT | County: EASTERN, MO | Job: 2377505 |
|---|---|---|---|
| Plaintiff / Petitioner: MISSOURI PRIMATE FOUNDATION, ET AL. | | Defendant / Respondent: PEOPLE OF THE ETHICAL TREATMENT OF ANIMALS, INC., ET AL. | |
| Received by: ABC PROCESS SERVICE | | For: POLSINELLI PC | |
| To be served upon: RECORDS CUSTODIAN FOR THE DEYOUNG FAMILY ZOO | | | |

I, Jeffrey C. Skorik, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address: HAROLD DEYOUNG, PRESIDENT for THE DEYOUNG FAMILY ZOO, N5406 COUNTY ROAD 577, WALLACE, MI 49893

Manner of Service: Authorized, Jun 20, 2018, 4:40 pm EDT

Documents: ATTORNEY LETTER; SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION; ATTACHMENT A; (Received Jun 14, 2018 at 9:59am CDT)

**Additional Comments:**
1) Successful Attempt: Jun 20, 2018, 4:40 pm CST at N5406 COUNTY ROAD 577, WALLACE, MI 49893 received by HAROLD DEYOUNG, PRESIDENT for THE DEYOUNG FAMILY ZOO.

Jeffrey C. Skorik    06/20/2018
ABC PROCESS SERVICE
4834 Swiss Avenue
Dallas, TX 75204
1-800-361-2611

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public
Date
Commission Expires