Exhibit J

# KENDRICKS BORDEAU
### KEEFE SEAVOY & LARSEN, PC
──────── ATTORNEYS AT LAW ────────

RONALD D. KEEFE
KENNETH J. SEAVOY*
SUZANNE CURRY LARSEN
LAURA KATERS REILLY**
NELS A. CHRISTOPHERSON

Of Counsel
STEPHEN F. ADAMINI
WILLIAM R. SMITH
RONALD E. GREENLEE

*Also Certified Public Accountant
**Also Licensed in Wisconsin

128 WEST SPRING STREET • MARQUETTE, MICHIGAN 49855
TELEPHONE (906) 226-2543 • FAX (906) 226-2819
www.kendrickslaw.com

BRANDON J. EVANS**
ERICA N. PAYNE
TAMI M. SEAVOY
PATRICIA E. DAVIS**‡
PATRICK C. GREELEY**

HOUGHTON COUNTY OFFICE
CORNER OF QUINCY & RESERVATION
HANCOCK, MICHIGAN 49930
TELEPHONE (906) 482-4288

‡ Also Licensed in Minnesota

June 26, 2018

<u>Via Email and Regular Mail to:</u>
James Martin
Polsinelli, PC
100 S. Fourth Street, Suite 1000
St. Louis, Missouri 63102
jmartin@polsinelli.com

Re: *Missouri Primate Foundation v People for the Ethical Treatment of Animals, Inc.*

Dear Mr. Martin:

Please be advised that we represent DeYoung Family Zoo, LLC ("DeYoung") in connection with the Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises In a Civil Matter and also a Subpoena to Testify at a Deposition In a Civil Matter (collectively the "Subpoenas") you served on June 20, 2018 seeking production of certain documents by tomorrow, June 27, 2018, an inspection of the DeYoung facility, and deposition testimony.

Pursuant to Fed. R. Civ. P. 45(d), please consider this correspondence to be written objections to the Subpoenas addressed to "Records Custodian for the DeYoung Family Zoo."

## **OBJECTIONS**

1. DeYoung objects to the Subpoenas in their entirety because they seek confidential and proprietary commercial information of DeYoung.

2. DeYoung objects to the Subpoenas in their entirety because they are not relevant to the above-captioned action.

3. DeYoung objects to the Subpoenas in their entirety because they are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits.

4. DeYoung objects to the Subpoenas in their entirety because they are not reasonably calculated to lead to discovery of admissible evidence in this case involving the conduct of Plaintiffs at a facility in Missouri unrelated to the DeYoung facility in Michigan.

Page 2
June 26, 2018

5. DeYoung objects to the Subpoenas in their entirety because they are unduly burdensome and intended to harass and annoy DeYoung, a party with which PETA has previously been engaged in litigation in Michigan and to which and about which PETA has sent demand letters and USDA requests in the past.

6. DeYoung objects to the inspection of the premises because it is overbroad in scope and vague and ambiguous as written, in that it contains no limitations on the time, scope, attendees, and protocol of the proposed inspection.

7. DeYoung objects to any inspection, deposition or production of documents, without a fully-executed Protective Order in place as to the conduct, locations, and persons allowed at the inspection; limiting the use of any such discovery to the instant lawsuit in Missouri; and requiring any such discovery to be returned to attorneys for DeYoung upon resolution of this case.

8. DeYoung objects to the Subpoenas to the extent that they can be read to implicate two different jurisdictions, namely federal courts in both Michigan and Wisconsin, requiring motions in two separate courts, in order to properly contest the Subpoenas.

9. DeYoung objects to the Subpoenas to the extent they may seek information protected from disclosure by the attorney-client privilege, joint defense, and/or work product doctrine and/or any other protected information.

10. DeYoung objects to the Subpoenas in their entirety as written because PETA can obtain the requested information or its substantial equivalent from the parties to this lawsuit and because, on information and belief, PETA has failed to request such information in discovery, thereby violating its duty under Rule 45 to avoid imposing undue burden and expense on non-party DeYoung.

11. With respect to the document production, DeYoung objects that the place of compliance for the production, Missouri, does not comply with Federal Rule of Civil Procedure 45(c)(2)(a), which requires that production of documents, electronically stored information, or tangible things be produced at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person. DeYoung further objects that the production does not provide a reasonable time to comply with the Subpoena. DeYoung further objects that the production is unreasonably vague in that it does not restrict the documents to those documents in the possession of DeYoung.

Please provide a time to meet and confer by telephone with respect to the foregoing objections. In addition, prior to the meet and confer, please provide a copy of all pleadings upon which your relevancy arguments are to be based so that we may review them and evaluate your position. Thank you.

Cordially,

Brandon J. Evans