Exhibit K

# Jared Goodman

| | |
|---|---|
| **From:** | Patrick C. Greeley <PGreeley@kendrickslaw.com> |
| **Sent:** | Tuesday, July 10, 2018 6:59 AM |
| **To:** | Jared Goodman |
| **Cc:** | Brandon J. Evans; James P. Martin; Martina Bernstein |
| **Subject:** | RE: DeYoung: Confidentiality Agreement |
| **Attachments:** | NDA - PETA-DFZ (00360797-9xC6491).docx |

Jared,

Unfortunately, the Zoo has been unable to obtain an expert. Further, my client is still working with the USDA to determine how to move forward with the inspection in a manner that does not violate USDA regulation.

As a result, the Zoo cannot move forward with the inspection on the 16th. As discussed, please provide new dates.

Attached please find the redlined NDA.

Thanks.
Pat

Patrick C. Greeley
Attorney at Law
Kendricks, Bordeau, Keefe, Seavoy & Larsen, P.C.
128 West Spring Street
Marquette, MI  49855
Ph: 906.226.2543
Fx: 906.226.2819
Email: pgreeley@kendrickslaw.com
Web:   www.kendrickslaw.com
Houghton County Office: (906) 482-4288

This email may contain confidential and privileged material for the sole use of the intended recipient(s).  Any unintended review, use, distribution, or disclosure is prohibited.   If you have received this message in error, please contact the sender.

---

**From:** Jared Goodman [mailto:JaredG@PetaF.org]
**Sent:** Monday, July 09, 2018 10:33 PM
**To:** Patrick C. Greeley
**Cc:** Brandon J. Evans; James P. Martin; Martina Bernstein
**Subject:** RE: DeYoung: Confidentiality Agreement

Pat,

Thank you. Do you have any update as to whether we can move forward with the inspection a week from today?

Jared

Jared Goodman
Deputy General Counsel for Animal Law
PETA Foundation
2154 W. Sunset Blvd.

1

Los Angeles, CA 90026
T: (323) 210-2266
F: (213) 484-1648
M: (516) 319-5906

This message may be protected by the attorney-client privilege and/or the attorney work product doctrine. If you believe you have received this message in error, please reply to the sender that it has been sent in error and delete the message. Thank you.

**From:** Patrick C. Greeley <PGreeley@kendrickslaw.com>
**Sent:** Monday, July 9, 2018 7:10 PM
**To:** Jared Goodman <JaredG@PetaF.org>
**Cc:** Brandon J. Evans <bevans@kendrickslaw.com>; James P. Martin <jmartin@polsinelli.com>; Martina Bernstein <MartinaB@petaf.org>
**Subject:** Re: DeYoung: Confidentiality Agreement

Jared,

My client just sent me the Zoo's final revisions to the confidentiality agreement. I will make those revisions and forward to you first thing in the morning.

Thanks.
Pat

Sent from my iPhone

On Jul 1, 2018, at 1:01 PM, Jared Goodman <JaredG@PetaF.org> wrote:

> Apologies. The file is attached here.
>
> <MFP - NDA with DeYoung Family Zoo (00313663-3xB39F9).docx>
>
>> On Jul 1, 2018, at 9:55 AM, Jared Goodman <JaredG@PetaF.org> wrote:
>>
>> Pat and Brandon,
>>
>> Per your request, please find attached a draft confidentiality and nondisclosure agreement for your consideration.
>>
>> This also confirms our discussion that on our conference on Tuesday, you will be providing a date certain for the production of documents and confirm your client's agreement that the site inspection of its facility will move forward on July 16 and deposition of its representative on July 23.
>>
>> Thank you.
>>
>> Jared
>>
>> Jared Goodman
>> Deputy General Counsel for Animal Law
>> PETA Foundation

2154 W. Sunset Blvd.
Los Angeles, CA 90026
T: (323) 210-2266
F: (213) 484-1648
M: (516) 319-5906

This message may be protected by the attorney-client privilege and/or the attorney work product doctrine. If you believe you have received this message in error, please reply to the sender that it has been sent in error and delete the message. Thank you.

# CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT

This Confidentiality and Non-Disclosure Agreement (this "Agreement") is entered into this ___ day of _____, 2018 (the "Effective Date"), by and between People for the Ethical Treatment of Animals, Inc. ("PETA" or a "Receiving Party"), Angela Scott, Missouri Primate Foundation, Connie Braun Casey, Andrew Sawyer, and _____ [ANY OTHER PARTIES] (each a "Receiving Party" and together with PETA, the "Receiving Parties"), and DeYoung Family Zoo, LLC, located at N5406 County Road 577, Wallace, MI 49893 (the "Zoo" or the "Disclosing Party" and together with the Receiving Parties, the "Parties").

## PREAMBLE

WHEREAS, the Receiving Parties are parties to that certain litigation styled as Missouri Primate Foundation et al. v. People for the Ethical Treatment of Animals, Inc. et al., Civil Action No. 4:16-cv-02163 in the United States District Court for the Eastern District of Missouri (as may be appealed, remanded, sent to mediation or arbitration, or otherwise modified in the course of litigations, the "Litigation" and such parties to the Litigation, the "Litigation Group") and

WHEREAS, the Disclosing Party has received a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and a Subpoena to Testify at a Deposition in a Civil Action, each in connection with the Litigation (the "Subpoenas").

WHEREAS, the Disclosing Party and PETA were previously engaged in litigation and have a long adversarial history, and the Disclosing Party is concerned that the Receiving Parties will utilize the information obtained through the Subpoenas to inflict improper harm upon the Disclosing Party.

NOW, THEREFORE, in connection with the foregoing and the rights and obligations set forth herein, the Parties hereby agree as follows:

1. **Confidential and Proprietary Information**
   a. Definition of "Confidential and Proprietary Information". For purposes of this Agreement, "Confidential and Proprietary Information" shall refer to confidential non-public information or material disclosed by the Disclosing Party to the Receiving Parties during a deposition or in response to a request for production, either orally, in writing, observed, photographed or videotaped by the Receiving Parties at the inspection, in each case directly as a result of a Subpoena, and identified as confidential or proprietary at the time of disclosure by the Disclosing Party, which is technical, financial, or personal information or constitutes a trade secret and constitutes one or more of the following:
      i. Information concerning or relating to the Disclosing Party's donors and prospective donors.
      ii. Information concerning the Disclosing Party's financial prospects or condition, and any communications with the Disclosing Party's accountants

- or financial auditors concerning the Disclosing Party's financial prospects or condition.
  iii. Information contained in the Disclosing Party's personnel files.
  iv. Information concerning the Disclosing Party's marketing plans or market research.
  v. Information concerning the Disclosing Party's software, programming techniques and programming concepts, methods of processing, system designs embodied in the Disclosing Party's software, and processes relating to the Disclosing Party's software.
  vi. Information concerning the Disclosing Party's business strategy.
  vii. Information concerning the husbandry practices of the Zoo, including, but not limited to the care, maintenance, feeding, management, enrichment, and housing. The Parties acknowledge that the information concerning the husbandry practices of the Zoo constitutes Confidential and Proprietary Information.
  viii. Information obtained during the inspection at any portion of the inspection that occurs in non public areas, which shall constitute Confidential and Proprietary Information. The non public areas include, but are not limited to the Chimpanzee Building, the Indoor and Outdoor Habitats.
  ~~vii.~~ix. All forms of the information provided by the Disclosing Party contained in this paragraph, whether originals, copies, written, verbal, printed, electronic, digital, or any other form

  b. <u>Non-Disclosure of Confidential and Proprietary Information</u>. Other than as specifically set forth herein or with the consent of the Disclosing Party or any of its agents or representatives, and except as otherwise required by any law, rule, regulation, order, or request of a court, tribunal, or other governmental agency, the Receiving Parties shall keep, and shall cause their respective representatives to keep, the existence of the Agreement, all Confidential and Proprietary Information, and the existence of receipt of the Confidential and Proprietary Information strictly confidential and shall not disclose or reveal, and shall cause their respective representatives not to disclose or reveal, in whole or in part, any Confidential and Proprietary Information to any person, other than to their respective representatives, or persons or entities who need to know the Confidential and Proprietary Information in connection with the Litigation, including the Litigation Group, the United States District Court for the Eastern District of Missouri and its employees, any appellate court and its respective employees, or any arbitrator, arbitration group or agency and its respective employees or representatives. To the extent that the Receiving Parties desire or are requested or required (by applicable law, rule, or regulation, oral questions, interrogatories, requests for information, documents in legal proceedings, subpoena, civil investigative demand, or FOIA request or other similar process) to disclose any of the Confidential and Proprietary Information, the Receiving Parties shall provide the Zoo with prompt notice of any such request or requirement so that the Zoo may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Agreement. If, in the absence of a protective order or other remedy or the receipt of a waiver by the Zoo, the Receiving Parties

are, nonetheless, in the opinion of his legal counsel, legally compelled to disclose Confidential and Proprietary Information, the Receiving Parties may without liability hereunder disclose only that portion of the Confidential Information which such counsel advises Receiving Parties are legally required to be disclosed, provided that Receiving Parties, as the case may be, shall use all reasonable efforts to preserve the confidentiality of the Confidential and Proprietary Information, including, without limitation, by cooperating with the efforts of the Zoo to obtain an appropriate protective order or other reliable assurance that confidential treatment will be afforded the Confidential Information by such tribunal.  Without limiting the foregoing, if the Receiving Parties are compelled to disclose Confidential and Proprietary Information, they shall seek a protective order in a court of competent jurisdiction.  The Receiving Parties shall not rely upon any information obtained pursuant to this Agreement or the Subpoenas in filing a lawsuit against the Zoo.  To the extent that the Receiving Parties file a lawsuit against the Zoo utilizing any information obtained through this Agreement or the Subpoenas, the entire lawsuit, regardless whether additional claims based on non-confidential information exist, shall be dismissed with prejudice.

c. <u>Designation as Confidential and Proprietary Information.</u>
   i. All Confidential and Proprietary Information in the form of physical objects or documents shall be designated by stamping or affixing on the face of each document and on each page or portion thereof "Confidential" (in either lower case or upper case letters) or by designating the material as Confidential and Proprietary Information in accompanying correspondence, email, or similar transmissions.
   ii. All Confidential and Proprietary Information in the form of software or digital material stored on an electronic storage device shall be designated confidential by placing a "Confidential" legend on the device itself, if possible, or by designating the material as Confidential in accompanying correspondence, email, or similar transmission.
   iii. Testimony given at a deposition or hearing and the resulting transcript may be designated as Confidential and Proprietary Information within thirty (30) days after receipt of a copy of the transcript by advising the opposing party and the stenographer in writing of the specific page and line numbers designated as Confidential and Proprietary Information. Pages of transcribed testimony or exhibits designated as Confidential and Proprietary Information shall be separately bound by the court reporter.  All copies of deposition transcripts that contain information or material designated shall be marked "Confidential" on the cover of the deposition.
   iv. A Disclosing Party who has designated information as Confidential and Proprietary Information may withdraw the designation by written notification to all Parties.

d. <u>Public Information</u>. Confidential and Proprietary Information shall not include information or materials that (i) is or becomes generally available to the public (including persons who gain admission to the Zoo) other than as a result of any

disclosure or other action or inaction by the Receiving Parties in breach of this Agreement (including any disclosure or other action or inaction by the representatives of a Receiving Party that would constitute a breach of this Agreement if undertaking by such Receiving Party itself); (ii) is or becomes known or available to either Receiving Party or any of its representatives on a non-confidential basis from a source (other than the Disclosing Party or any of the Disclosing Party's representatives) that, to the best of the knowledge of the Receiving Party receiving such information, is not prohibited from disclosing such Confidential and Proprietary Information to the Receiving Party by a contractual or fiduciary obligation; or (iii) is or was independently developed by a Receiving Party or any of such Receiving Party's representatives without violation of any obligation under this Agreement.

e. <u>Usage in Litigation</u>. The Parties acknowledge and agree that the Confidential and Proprietary Information shall be used in the Litigation. Without limiting the generality of any other provision contained in this Agreement, the Confidential and Proprietary Information may be disclosed to the following:

   i. Officers, directors, employees or consultants of a Receiving Party as part of their assistance with preparing, prosecuting or trying the Litigation, but only to the extent necessary to allow them to provide that assistance.

   ii. Outside counsel for the respective Parties, including their clerical, litigation support and paralegal employees.

   iii. Outside experts retained to assist counsel for any member of the Litigation Group who are specifically engaged by counsel or any member of the Litigation Group to assist in the Litigation.

   iv. Any witness or his or her counsel in preparation for a deposition or otherwise testifying in the Litigation, who shall be provided prior to or at the outset of the deposition, hearing or trial with a copy of this Agreement on record at the deposition. In such instance, the deponent shall be bound by the provisions of this Agreement and shall be informed that the deponent is bound by its terms. Neither a witness nor his or her counsel shall be permitted to retain a copy of the Confidential and Proprietary Information unless otherwise permitted by the terms of this Stipulated Protective Order.

   v. Any court reporter, stenographer or video recorder operator retained by any member of the Litigation Group to record a deposition or court hearing in the Litigation.

   vi. Any outside copy services or litigation support services whose function requires them to have access to the Confidential and Proprietary Information.

   vii. A tribunal (including any magistrate, court, mediator, arbitrator, special master) associated with the Litigation, its personnel, officers, stenographers,

and any other person designated by such tribunal in the Litigation in the interest of justice, upon such terms as such tribunal may deem proper.

The Receiving Parties shall cause any party receiving Confidential and Proprietary Information under this Section 1(e) to keep said information Confidential as required by Section 1(b) herein. To the extent that any of the foregoing parties outlined in (i)–(vii) above improperly discloses the Confidential and Proprietary Information, the Receiving Parties shall be held jointly and severally liable for the disclosure of confidential information. To the extent that the Receiving Parties desire to file the Confidential and Proprietary Information with any court, the Receiving Parties shall file said Confidential and Proprietary Information under seal, and shall serve a copy of the foregoing filing upon the Zoo promptly after filing. Receiving Parties shall not use the Confidential and Proprietary Information in any other litigation.

f. Disputes over Designation(s).
   i. The Receiving Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Disclosing Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, the Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.
   ii. If the Receiving Party disputes a designation of confidentiality, the Party shall notify the Disclosing Party in writing of the basis for the dispute (the "Objection"), identifying the specific designations which are disputed and proposing a new designation. The Parties shall then meet and confer to attempt to resolve the Objection without involvement of the Court. The ~~parties~~Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice of the Objection.
   iii. If the Parties cannot resolve the Objection without court intervention, the Receiving Party may file and serve a motion to revoke or modify a designation. If the Receiving Party files such a motion, the Disclosing Party bears the burden of proving that the materials are properly designated as confidential. The materials shall remain subject to the Disclosing Party's designation until the Court rules on the dispute.
   iv. The Disclosing Party's designation of materials as confidential or a Party's failure to contest a designation of information as confidential is not an admission that the information was properly designated, and it is not determinative of whether such materials are entitled to be deemed as such.
   v. Any disputes with respect to designation shall take place in the United States District Court for the Western District of Michigan.

g. Treatment of Confidential Information. At the conclusion of the Litigation, the Receiving Parties shall promptly destroy all memoranda, emails, photos, videos,

documents, notes, and other writings received, possessed, created, or prepared based upon Confidential or Proprietary Information obtained under this Agreement or the Subpoenas. Further, at the conclusion of the Litigation, the Receiving Party shall instruct and ensure that all parties who have received, possessed, created, or prepared any memoranda, emails, photos, videos, documents, notes, and other writings based upon or relating to the Subpoenas or the Confidential and Proprietary Information to destroy said memoranda, emails, photos, videos, documents, notes, and other writings. The Receiving Parties shall provide certification to the Zoo that Receiving Parties has fully complied with the requirements of this Section. Receiving Parties will not make any copies of the Confidential Information except as provided herein. All of the provisions of this Agreement shall survive the return of the Confidential Information to Zoo and the termination of this Agreement. Failure of any party to destroy the memoranda, emails, photos, videos, documents, notes, and other writings as required herein shall be deemed a material breach of this Agreement.

h. Ownership. The Confidential and Proprietary Information is owned solely and exclusively by the Zoo, shall remain the exclusive property of the Zoo, and Receiving Parties shall have no right, title, or interest in or to any of the Confidential and Proprietary Information or any material developed therefrom. The Receiving Parties are not granted a license with regard to the Confidential and Proprietary Information, and this Agreement does not authorize or imply any rights of use of the Confidential and Proprietary Information other than as expressly set forth herein. The Receiving Parties acknowledges and agrees that it is acquiring only the right to use the Confidential and Proprietary Information as set forth herein.

i. Use. At no time shall Receiving Parties use or permit any third party to use the Confidential Information for the benefit of itself or any other third party or in any manner adverse to, or to the detriment of, the Zoo or its affiliates or their respective shareholders, except as expressly permitted herein. Without limiting the foregoing, PETA shall not utilize any information obtained through the Subpoenas for its own Zoos, Sanctuary, or care of animals.

2. **Remedies.** The Receiving Parties acknowledge that a violation of this Agreement may subject the Disclosing Party to harm for which there is no adequate remedy at law. In the event of a violation of any provision of this Agreement, the Disclosing Party shall have the option to seek injunctive relief, in addition to any other existing rights provided in this Agreement or by operation of law, without the requirement of posting bond. The Receiving Parties agree that should he breach the preceding confidentiality agreement, it will not be necessary for Zoo to prove actual damages as a result of his breach. The Parties agree that Receiving Parties shall pay liquidated damages to the Zoo in the amount of $200,000.00 for each breach of this Agreement. The Receiving Parties will also pay reasonable costs and reasonable attorney fees incurred by the Zoo resulting from a breach of this Agreement. Any disputes with respect to this Section 2 shall take place in the United States District Court for the Western District of Michigan. The Parties agree that it is difficult to quantify actual damages, and the agreed upon sum bears a reasonable relationship to those anticipated damages. The foregoing remedies are in addition to any remedies available at law, including

the Michigan Uniform Trade Secrets Act and the Defend Trade Secrets Act.

3. **Survival.** This Agreement shall terminate ~~two (2~~twelve (12) years after the Effective Date.

4. **Miscellaneous**

   a. Governing Law.  This Agreement shall be governed by and construed in accordance with the laws of the ~~Commonwealth~~State of ~~Virginia~~Michigan, without reference to conflict of laws principles.

   b. Entire Agreement.  This Agreement constitutes the entire understanding between the Parties concerning the matters contained herein, and this Agreement supersedes all prior and contemporaneous communications, if any, whether oral or written, between the Parties concerning matters contained herein.

   c. No Third Party Beneficiaries. This Agreement is for the benefit of the Parties only and shall not inure to the benefit of, nor be binding or enforceable by, any other persons.

   d. Representation. PETA and Angela Scott represent and warrant that the inspection outlined herein and required by the Subpoena will not violate the Endangered Species Act, the Animal Welfare Act, or any other federal, state, or local law, rule, regulation or ordinance.

   e. Authority. The individual signing below for his or her respective party represents and warrants that he or she is duly authorized to sign on behalf of and bind his or her party to the terms of this Agreement.

   f. Video and Photography.  At the conclusion of the inspection, and prior to leaving the premises, the Receiving Party shall provide to the Zoo a copy of all photos and videos taken during the inspection.

   g. Inspection Guidelines and Restrictions.  The Zoo is concerned that the inspection may be a violation of the Endangered Species Act and the Animal Welfare Act.  The Zoo is not licensed under the USDA to allow the public to walk through certain areas of the Zoo, including the Chimpanzee House and the Outdoor Habitat.  Prior to any inspection, the USDA must: (1) approve the proposed inspection; (2) state that the inspection does not violate USDA regulation or any other law or regulations; and (3) state that the Zoo will not be responsible for the actions of the Receiving Parties, their agents, or the chimpanzees during the inspection.  The inspection shall be administered in a manner that prevents the harassment and annoyance of the chimpanzees subject to the inspection.  If at any time, the Zoo believes that the inspection is causing harm to the chimpanzees, it can temporarily suspend the inspection to allow the chimpanzees time to rest.  If the Zoo determines that a violation of the ESA or AWA will occur as a result of an inspection, the Zoo can

propose an alternate method of inspection that will not violate the ESA. If the parties cannot agree upon an alternate method of inspection, PETA shall have the right to seek an order in the Western District of Michigan compelling the inspection. At all times during the inspection, a Zoo representative shall accompany the individuals attending the inspection. To minimize any potential anxiety the inspection may cause the chimpanzees, the Parties shall comply with the following restrictions:

   i. The Receiving Parties or their agents shall not violate the Endangered Species Act and the Animal Welfare Act. Any violation of these statutes will be grounds for a lawsuit by the Zoo against any violating individual.
   ii. The Receiving Parties shall provide a complete list of all individuals who will be present at the inspection, including state issued identification with photographic identification.
   iii. The Videographer and all Experts shall be no less than ___ feet from the Chimpanzees at all times.
   iv. The Videographer and all Experts shall comply with USDA regulation.
   v. All people attending the inspection shall present evidence of a negative TB test.
   vi. All people attending the inspection shall wear protective booties, gloves, facemasks and goggles at all times.
   vii. All people attending the inspection shall notify the Zoo if they have been feeling ill or if they have been exposed to anyone who is ill or has had the flu within the seven days immediately preceding the inspection.
   viii. No PETA employees shall be present during the inspection.
   ix. PETA and Angela Scott (collectively) shall be entitled to no more than one lawyer, one videographer/photographer (the same person), and one expert. Notwithstanding the foregoing, the lawyer shall not take part in the inspection when it occurs in an area that is not open to the public.t.
   x. The Missouri Primate Foundation, Connie Braun Casey, and Andrew Sawyer (collectively) shall be entitled to no more than one lawyer and one expert. Notwithstanding the foregoing, the lawyer shall not take part in the inspection when it occurs in an area that is not open to the public.

h. Inspection Damages. If the inspection results in damage or harm to the Chimpanzees, the Zoo, or Zoo staff, the Receiving Parties shall reimburse the Zoo for said damages or harm.

i. USDA. The Parties acknowledge that the Zoo is licensed with the USDA and must abide by all USDA requirements, including any and all restrictions as to access in areas not open to the public.

j. Severability. Whenever possible, each provision of this Agreement shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision hereof is held to be invalid, illegal, or unenforceable under any applicable Michigan law or rule, such provision will be ineffective only to the extent

of such invalidity, illegality, or unenforceability, without invalidating the remainder of this Agreement.

**k.** Amendment; Waiver. This Agreement may not be modified or amended and no provision may be waived, in whole or in part, except by a written agreement signed by the Zoo. No waiver of any breach or default hereunder shall be considered valid unless in writing, and no such waiver shall be deemed a waiver of any other provision or any subsequent breach or default of the same or similar nature.

**l.** Reasonableness of Restrictions. The Receiving Parties agree that they have carefully considered the nature and extent of the restrictions upon it and the rights and remedies conferred upon the Parties under this Agreement. The Receiving Parties acknowledge and agree that the covenants contained in this Agreement are supported by good and valuable consideration, are reasonable in time, and are reasonably necessary to protect the legitimate business interests of the Zoo.

~~d.~~**m.** Indemnification. Receiving Parties agree to indemnify and hold the Zoo harmless from and against any and all claims, causes of action, losses, damages, liabilities, costs, and expenses (including reasonable attorney fees) arising out of or related to the breach or threatened breach of this Agreement by the Receiving Parties. Without limiting the foregoing, the Receiving Parties shall agree to indemnify and hold the Zoo harmless from any and all claims, causes of action, losses, damages, liabilities, costs, and expenses (including reasonable attorney fees) arising out of or related to the inspection of the Zoo, including any claims that the Zoo knowingly allowed a violation of the Endangered Species Act or the Animal Welfare Act.

~~e.~~**n.** Signatures. This Agreement may be signed using electronic means, including Adobe Acrobat, and electronic signatures shall be binding on all ~~parties~~Parties and have the same effect as original signatures.

[Remainder of Page Intentionally Left Blank]

IN WITNESS WHEREOF, the parties hereto have executed this agreement as of the Effective Date.

DEYOUNG FAMILY ZOO

By:_____
Name:_____
Title:_____

PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.

By:_____
Name:_____
Title:_____

_____
Angela Scott

MISSOURI PRIMATE FOUNDATION

By:_____
Name:_____
Title:_____

_____
Connie Braun Casey

_____
Andrew Sawyer