Exhibit M

# KENDRICKS BORDEAU
## KEEFE SEAVOY & LARSEN, PC
#### ATTORNEYS AT LAW

RONALD D. KEEFE
KENNETH J. SEAVOY*
SUZANNE CURRY LARSEN
LAURA KATERS REILLY**
NELS A. CHRISTOPHERSON

Of Counsel
STEPHEN F. ADAMINI
WILLIAM R. SMITH
RONALD E. GREENLEE

*Also Certified Public Accountant
**Also Licensed in Wisconsin

128 WEST SPRING STREET • MARQUETTE, MICHIGAN 49855
TELEPHONE (906) 226-2543 • FAX (906) 226-2819
www.kendrickslaw.com

BRANDON J. EVANS**
ERICA N. PAYNE
TAMI M. SEAVOY
PATRICIA E. DAVIS**‡
PATRICK C. GREELEY**

**HOUGHTON COUNTY OFFICE**
CORNER OF QUINCY & RESERVATION
HANCOCK, MICHIGAN 49930
TELEPHONE (906) 482-4288

‡ Also Licensed in Minnesota

October 3, 2018

Via Email and Regular Mail to:
Jared Goodman
Deputy General Counsel for Animal Law
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026

JaredG@PetaF.org

Re:  *Missouri Primate Foundation v People for the Ethical Treatment of Animals, Inc.*
    *Confidentiality and Non-Disclosure Agreement*

Dear Mr. Goodman:

On behalf of the DeYoung Family Zoo, LLC ("DeYoung"), we are writing in response to your letter of September 24, 2018 and accompanying revised version of the Confidentiality and Nondisclosure Agreement. While I agree that the parties have made substantial progress towards the Agreement, recent events have made certain provisions of the agreement unacceptable. This past Wednesday, September 26, 2018, DeYoung was inspected by the USDA. No violations were found. During the inspection, DeYoung attempted to clarify the USDA's position on the proposed inspection. The USDA stated that the inspection must comply with all USDA regulation and federal law. The USDA also stated that it would enforce any violations of USDA regulation and federal law.

The chimpanzee facility was not built for public display. Due to the construction of the building, the inspection would violate 9 CFR 2.313(d)(1) and section 2.131(d)(1)(c)(1) of the Animal Welfare Act and Animal Welfare Regulations publication. The indoor housing is not sufficient for public viewing because a public barrier is not present and can not be constructed due to the construction limitations. Proceeding with the investigation, based on the USDA's statements, would likely violate the foregoing regulations. Further, the USDA stated that DeYoung must comply with the provisions of the USDA regulations requiring DeYoung to prevent unnecessary harm, stress, annoyance, and harassment. PETA has previously acknowledged the potential harm intruders cause chimpanzees in the following video: https://www.youtube.com/watch?v=418C4iLihZ4). Having eight intruders enter the chimpanzees' enclosures would likely constitute a material violation of the ESA, particularly in light of the fact, that DeYoung has no proof that the attorneys, videographer, or experts are substantially educated in caring for chimpanzees to prevent unnecessary harm, stress, annoyance, and harassment. In light of the position set forth by the USDA (a government body entrusted

with inspecting facilities for compliance with federal law), DeYoung cannot move forward with the inspection without significant modification to the proposed inspection and the Agreement.

While PETA can personally inspect areas where the barrier restrictions can be complied with, the interior housing areas of the Chimpanzees can not be retrofitted to comply with the USDA regulations and federal law. As a result, DeYoung proposes that the inspection of the indoor housing areas be conducted remotely, with a DeYoung employee wearing a body camera, microphone, and head set. PETA will have the capability to watch the inspection in real time and to instruct the employee. The same process would be utilized for any inspections of the chimpanzees.

As to the other points at issue, we have accepted several of the changes outlined in your letter, including those outlined in Section 1.a.vii (limiting husbandry), 1.b. (protective order procedure), 1.i. (elimination), 4.g.x. (in light of the revisions above, there is no issue with attorneys attending the inspection). We have addressed your remaining points below.

**Section 1.e.** We understand that PETA will not accept unconditional and limitless liability for a third party improperly disclosing the designated information. We took your proposal that each party receiving information agree to be bound by the Agreement, and applied it to (i)-(vi). We did add in a provision that prohibits PETA from disclosing the information to a third party for the purpose of the third party disclosing that information to the public. We also added a provision that if PETA fails to obtain the agreement to be bound from a third party that receives confidential information, PETA shall be liable for any and all damages.

**Section 2.** We removed the liquidated damages provision and added in that Receiving Parties will be subject to contempt of court sanctions and punitive damages as determined by the court for any violation. You took the position that liquidated damages provisions are highly unusual for Protective Orders. Generally, confidentiality agreements do contain liquidated damages provisions. Protective orders on the other hand, generally have contempt and punitive damages for violations. As such, we modified the provision to account for your position that this is more akin to a protective order than a confidentiality agreement.

Please let me know if you would like to discuss any of the foregoing. Thank you.

Cordially,

Patrick C. Greeley