# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

PEOPLE FOR THE ETHICAL )
TREATMENT OF ANIMALS, INC., )
                               )
      **Plaintiffs,**      )
                               )
**v.**                               )
                               )     **Case No.**
**DEYOUNG FAMILY ZOO, a corporation,** )
                               )
      **Defendants.**     )
                               )

## DECLARATION OF JARED GOODMAN

      Pursuant to 28 U.S.C. § 1746, I, Jared Goodman, declare the following to be true and correct to the best of my knowledge and belief:

      1.      I am counsel for People for the Ethical Treatment of Animals, Inc. and Angela Scott (together, "Plaintiffs"), the counterclaimants in the matter *Missouri Primate Foundation et al. v. People for the Ethical Treatment of Animals, Inc.,* No. 4:16-cv-02163-CDP, pending in the U.S. District Court for the Eastern District of Missouri. I make this declaration based upon my personal knowledge and upon information available to me as PETA's and Scott's counsel. A true and correct copy of the pending counterclaims is attached hereto as **Exhibit A**.

      2.      On July 18, 2017, I sent a letter to Kurtis B. Reeg, then-counsel for Counterclaim Defendants Missouri Primate Foundation and Connie Braun Casey (together, "Defendants"), concerning Defendants' transfer of three chimpanzees to the DeYoung Family Zoo (the "Zoo") and preservation of evidence. A true and correct copy is attached hereto as **Exhibit B**.

      3.      On July 20, 2017, I received a response to my July 18 letter from Mr. Reeg. A true and correct copy is attached hereto as **Exhibit C**.



EXHIBIT

7

4.      On October 29, 2018, Counterclaim Defendant Connie Braun Casey testified in her deposition that on July 27, 2017, she transferred two additional chimpanzees to the Zoo. A true and correct copy of an excerpt of this transcript is attached hereto as **Exhibit D**.

5.      On May 15, 2018, Plaintiffs served the Zoo with subpoenas to produce documents, to permit inspection of the Zoo, and to testify at a deposition. True and correct copies of these documents are attached hereto as **Exhibit E**.

6.      On May 21 and May 29, Brian R. Shank, counsel for DeYoung Family Zoo, served objections to Plaintiffs' subpoenas requesting the production of documents, inspection of premises, and a deposition with respect to the chimpanzees transferred from Defendants. True and correct copies of these documents are attached hereto as **Exhibit F**.

7.      On June 6, my co-counsel, James P. Martin, conferred with Mr. Shank regarding the subpoenas and the Zoo's objections. The parties agreed that Plaintiffs would serve amended subpoenas to address concerns expressed by the Zoo, and in an effort to avoid the need for the Zoo to move to quash the subpoenas or for Plaintiffs to compel compliance with them.

8.      On June 8, Plaintiffs sent amended subpoenas to Mr. Shank by email and requested confirmation that he would accept service on behalf of the Zoo. A true and correct copy is attached hereto as **Exhibit G**.

9.      On June 13, Shank responded that the firm was "not able to accept service of the amended subpoenas on behalf of the DeYoung Family Zoo." A true and correct copy is attached hereto as **Exhibit H**.

10.      On June 14, Plaintiffs began their attempt to serve the Zoo with the subpoenas. The process server reported that Zoo employees informed the server, on several attempts, that the

Case: 4:18-mc-00798-CDP    Doc. #: 18-7    Filed: 01/10/19    Page: 3 of 122 PageID
#: 223
Case 1:18-mc-00112    ECF No. 2 filed 12/18/18    PageID.20    Page 3 of 4

Zoo's owner, Harold DeYoung, was "unavailable" and that they were not authorized to accept service on behalf of the Zoo.

11.    On June 20, the subpoenas were successfully served upon the Zoo. True and correct copies of these documents are attached hereto as **Exhibit I**.

12.    On June 26, new counsel for the Zoo, Patrick Greeley, served objections to the subpoenas. A true and correct copy is attached hereto as **Exhibit J**.

13.    On June 29, counsel for the parties conferred regarding the subpoenas and the Zoo's objections. At Mr. Greeley's request, on July 1, I provided a draft confidentiality and nondisclosure agreement to the Zoo.

14.    On July 10, Mr. Greeley responded with substantial additions to the draft agreement and informed Plaintiffs' counsel that the Zoo would not allow the inspection to go forward on the subpoenaed date. True and correct copies of the email and draft agreement are attached hereto as **Exhibit K**.

15.    On July 25, Mr. Greeley informed Plaintiffs' counsel by email that completion of the agreement would be delayed because his contact at the Zoo was admitted to the hospital with pneumonia. A true and correct copy is attached hereto as **Exhibit L**.

16.    After additional negotiation regarding the agreement, on October 3, Mr. Greely sent to Plaintiffs' counsel a letter informing them the Zoo took the position that Plaintiffs' experts would not be permitted to observe the chimpanzees in person at all in the indoor enclosures in which they are held. A true and correct copy is attached hereto as **Exhibit M**.

17.    On October 15, I emailed a letter responding to the Zoo's October 3 assertions. A true and correct copy is attached hereto as **Exhibit N**.

18.     As of the date of this declaration, I have not received any response to my October 15th letter.

19.     On November 5, Brian S. McChesney, new counsel for the Zoo, contacted me to request a conference. A true and correct copy of this email is attached hereto as **Exhibit O**.

20.     On November 7, counsel for Plaintiffs and the Zoo conferred regarding the subpoenas and prior communications with the Zoo's former counsel. Mr. McChesney acknowledged that Plaintiffs would be entitled to certain records, a deposition, and inspection in some respect. Mr. McChesney indicated that he understood the need to resolve the dispute regarding the scope of the discovery promptly. He stated that he would speak with the Zoo and respond by later that week. I followed up with Mr. McChesney the following week for an update on the matter, to which he responded that he was planning to speak with his client the following day, November 14. I received no further response.

21.     On December 14, I contacted and further conferred with Mr. McChesney in a final good-faith attempt to resolve the dispute, including providing a draft of the motion. On December 17, Mr. McChesney confirmed that the Zoo opposes the relief sought by PETA and that the parties are at an impasse and require court intervention. Mr. McChesney also expressed the Zoo's strong preference that the matter be transferred to the Eastern District of Michigan.

I declare under the penalty of perjury that the foregoing is true and correct.

December 18, 2018

Los Angeles, CA                              */s/ Jared Goodman*_____
                                             Jared Goodman

4

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

PEOPLE FOR THE ETHICAL )
TREATMENT OF ANIMALS, INC., )
)
    Plaintiff, )
)   Case No.
v. )
)   EXPEDITED CONSIDERATION
DEYOUNG FAMILY ZOO, )   REQUESTED
)
    Defendant. )
)

### EXHIBIT LIST TO DECLARATION OF JARED GOODMAN

**Exhibit A:**   **Pending counterclaims**

**Exhibit B:**   **Letter to Kurtis B. Reeg**

**Exhibit C:**   **Response to July 18th letter from Kurtis B. Reeg**

**Exhibit D:**   **Excerpt of Connie Braun Casey transcript**

**Exhibit E:**   **Subpoenas**

**Exhibit F:**   **Objections to Subpoenas**

**Exhibit G:**   **Amended Subpoenas**

**Exhibit H:**   **Brian Shank Email**

**Exhibit I:**   **Service of Subpoenas**

**Exhibit J:**   **Objections to Subpoenas**

**Exhibit K:**   **Patrick Greeley substantial additions to the draft agreement**

**Exhibit L:**   **Patrick Greeley email regarding completion of agreement**

**Exhibit M:**   **Patrick Greeley letter**

**Exhibit N:**   **Email letter responding to Zoo's October 3rd assertions**

**Exhibit O:**   **Brian McChesney email requesting a conference**

# Exhibit A

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MISSOURI PRIMATE FOUNDATION, CONNIE BRAUN CASEY, individually, ANDREW SAWYER, individually, and JANE DOE 2, | ) ) ) ) ) | |
| Plaintiffs and Counterclaim Defendants | ) ) ) | |
| vs. | ) ) | No. 4:16-cv-02163 |
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC. and ANGELA SCOTT a/k/a ANGELA G. CAGNASSO, individually, | ) ) ) ) ) | |
| Defendants and Counterclaim Plaintiffs. | ) ) | |

## PLAINTIFFS'/COUNTERCLAIM DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Plaintiffs/Counterclaim Defendants Missouri Primate Foundation, Connie Braun Casey, Andrew Sawyer, and Jane Doe 2 (collectively "Plaintiffs" or "Counterclaim Defendants"), by and through counsel, Goldberg Segalla LLP, and pursuant to Federal Rule of Civil Procedure 8 state as follows for their answer and affirmative defenses to Defendants/Counterclaim Plaintiffs ("Defendants" or "Counterclaim Plaintiffs") counterclaim:

## ANSWER

1.      Counterclaim Defendants admit that Counterclaim Plaintiffs state this is a citizen suit brought pursuant to Section 11(g)(1)(A) of the Endangered Species Act ("ESA"). Except as so expressly stated, Counterclaim Defendants deny the allegations in this paragraph.

2.      Counterclaim Defendants admit Missouri Primate Foundation ("MPF") is a facility that houses chimpanzees.

3.     Counterclaim Defendants admit that chimpanzees are social and intelligent animals.  Except as so stated, and since no citation is provided regarding the allegations set forth in this paragraph, Counterclaim Defendants denies said allegations and puts Counterclaim Plaintiffs to their proof.

4.     Counterclaim Defendants admit that the counterclaim speaks for itself regarding the entities sued in this matter.  Counterclaim Defendants deny the remaining allegations contained in this paragraph.

## JURISDICTION AND VENUE

5.     Counterclaim Defendants admit that this court has jurisdiction.

6.     Counterclaim Defendants MPF, Casey and Sawyer admit they received a Notice of Violation (ECF #1-1) in November 2016; Counterclaim Defendant Jane Doe 2 (who all Counterclaim Defendants assume is alleged to be the owner of a chimpanzee also known as Chloe herein) denies that he received an alleged Notice of Violation from Counterclaim Plaintiffs PETA or Scott.  Counterclaim Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph and therefore deny the same.

7.     Counterclaim Defendants lack sufficient information to admit or deny the allegations in this paragraph except to state that to their knowledge, no criminal prosecution by the Secretary of the Interior is pending against Counterclaim Defendants.  Except as so expressly stated, Counterclaim Defendants deny the allegations contained in this paragraph.

8.     Counterclaim Defendants admit venue is proper.

## PARTIES

9.     Counterclaim Defendants state that PETA contends it is a Virginia non-stock corporation pursuant to Section 501(c)(3) of the Internal Revenue Code with its headquarters in

6988525.1

Norfolk, Virginia, but Counterclaim Defendants are without sufficient information to either admit or deny the same.  Counterclaim Defendants aver that PETA is a militant, animal activist group which masquerades as a charitable organization the true role of which is to fundraise in order to promote its extremist ideology.  Except as so expressly stated, Counterclaim Defendants deny the remaining allegations contained in this paragraph.

      10.    Counterclaim Defendants deny the allegations contained in paragraph 10.

      11.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Counterclaim Defendants deny they committed any "unlawful" activities.  Counterclaim Defendants lack sufficient information regarding any resources expended by PETA and, therefore, deny same.

      12.    Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Counterclaim Defendants deny any "unlawful and inhumane conditions."  Counterclaim Defendants lack sufficient information regarding any resources expended by PETA and, therefore, deny same.

      13.    Paragraph 13 contains hypothetical, speculative statements and legal conclusions, to which no response is required.  To the extent that a response is required, Counterclaim Defendants deny the allegations contained in this paragraph.

      14.    Counterclaim Defendants are without sufficient knowledge regarding resources expended by PETA and, therefore, deny same.  Further, this paragraph contains hypothetical, speculative statements and legal conclusions to which no response is required.  To an extent a response is required, Counterclaim Defendants deny the allegations contained in this paragraph.

## Counterclaim Plaintiff Angela Scott

15.    Counterclaim Defendants admit Angela Scott for short periods of time was a former volunteer at MPF.  Counterclaim Defendants lack sufficient information regarding the remaining allegations in this paragraph and, therefore, deny the same.

16.    Counterclaim Defendants MPF and Casey state that prior to working at MPF, Angela Scott stated she had worked at a research laboratory; the remaining Counterclaim Defendants were not privy to that statement. Counterclaim Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph and, therefore, deny the same.

17.    Counterclaim Defendants admit that for short periods of time Ms. Scott sporadically volunteered at MPF and occasionally assisted Counterclaim Defendant Casey with care of certain chimpanzees.  Further responding, Counterclaim Defendants MPF and Casey state that Ms. Scott spent a portion of her time as a volunteer taking care of the grandfather of the Counterclaim Defendant Casey's ex-husband away from MPF. Counterclaim Defendants lack sufficient knowledge to admit or deny the remaining allegations and deny same.

18.    Counterclaim Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 18 and therefore deny the same and put Counterclaim Plaintiffs to their proof.

19.    Counterclaim Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 19 and therefore deny same.

20.    Counterclaim Defendants deny the allegations contained in this paragraph.

21.    Counterclaim Defendants deny the allegations contained in this paragraph.

22.    Counterclaim Defendants deny the allegations contained in this paragraph.

6988525.1

23.    Counterclaim Defendants deny the allegations contained in this paragraph.

24.    Paragraph 24 contains hypothetical, speculative statements and legal conclusions, to which no response is required. Counterclaim Defendants deny that Ms. Scott has sustained any injuries. Except as so expressly stated, and to the extent that a response is required, Counterclaim Defendants deny the allegations contained in this paragraph.

### Counterclaim Defendants

25.    Admit.

26.    Admit. Further responding, Counterclaim Defendants further state that in addition to Ms. Casey, several family members, volunteers and owners of certain chimpanzees also assist in the care of the chimpanzees present at MPF.

27.    Admit all of the allegations of paragraph 27 except to state that the chimpanzee also known as Joey is no longer present at MPF.

28.    Admit that the chimpanzee also known as Chloe has an owner who Counterclaim Defendants claim to be referred to in the Counterclaim as Jane Doe 2.

### STATUTORY BACKGROUND

29.    Counterclaim Defendants admit that the Endangered Species Act ("ESA") speaks for itself.

30.    Counterclaim Defendants admit that the ESA and Code of Federal Regulations ("CFR") are enactments which speak for themselves.

31.    Counterclaim Defendants admit that the ESA speaks for itself.

32.    Counterclaim Defendants admit that the ESA speaks for itself.

33.    Counterclaim Defendants admit that the ESA and CFR speak for themselves.

34.    Counterclaim Defendants admit that the ESA speaks for itself.

Case: 4:18-mc-00798-CDP    Doc. #: 18-7    Filed: 01/10/19    Page: 13 of 122 PageID
#: 333
Case 4:16-cv-01655-CDP   Doc. No. 212   Filed 12/18/17   Page 6 of 25 PageID 26: 186

35.    Counterclaim Defendants admit that the ESA speaks for itself.

## GENERAL ALLEGATIONS

36.    Counterclaim Defendants Casey and MPF admit certain non-human primates, including chimpanzees, gibbons, macaques and capuchins are present at MPF. Counterclaim Defendants deny that any baboons are present at MPF. Counterclaim Defendants MPF, Casey and Sawyer deny that Mr. Sawyer has a chimpanzee present at MPF.

37.    Counterclaim Defendants Casey and MPF deny that they are taking endangered species under 16 U.S.C.A. §1539(a)(1)(A) or that they are required to possess a permit thereunder.

38. Counterclaim Defendants deny that MPF was open to the public for public tours in the past, but states that it was open by appointment only for small private group tours at certain times in the past. Counterclaim Defendants further state that at certain times in the past it sold certain animals and that some of those chimpanzees that have in the past been used by the entertainment industry. Except as so expressly stated, Counterclaim Defendants deny the remaining allegations contained in this paragraph and further that said allegations should be stricken from the Counterclaim and are the subject of a Motion to Strike filed contemporaneously herewith.

39. Counterclaim Defendants deny the allegations contained in this paragraph.

40. Counterclaim Defendants state that the allegations in this paragraph should be stricken from the Counterclaim and are the subject of a Motion to Strike filed contemporaneously herewith.

6988525.1

41.  Counterclaim Defendants state that the allegations in this paragraph should be stricken from the Counterclaim and are the subject of a Motion to Strike filed contemporaneously herewith.

42.  Denied.

43.  Counterclaim Defendants admit that the Animal Welfare Act is a statutory enactment which speaks for itself.  Moreover, the USDA Report referenced in this paragraph is a document speaks for itself.

**The Chimpanzees**

44.  Counterclaim Defendants admit there to the best of their present recollection there were approximately sixteen (16) chimpanzees at MPF at the time of the Notice.

45.  Denied.

46. and footnote 1.    Counterclaim Defendants admit that three chimpanzees were transferred to another facility as a result of lengthy negotiations that began before the Notice was sent or received.  Except as so expressly stated, the remaining allegations contained in this paragraph are denied.

47.  Counterclaim Defendants admit that the then owner of a chimpanzee also known as Allie was transferred by her owner from MPF to a different location.  Except as so expressly stated, Counterclaim Defendants put Counterclaim Plaintiffs to their proof.

48.  Counterclaim Defendant Sawyer admits he had a chimpanzee also known as Joey that was transferred from MPF to a new location.  Except as so expressly stated, Counterclaim Defendants put Counterclaim Plaintiffs to their proof.

49.  The chimpanzee also known as Joey is currently eleven years of age.  That chimpanzee was born in Texas, bought as a pet with a valid USDA license, thereafter was kept in

6988525.1

Arizona and then in Nevada, and taken to MFP in approximately 2013. The chimpanzee also known as Joey had allergies and needed to be fed alone at MPF due to the possibilities of cross-contamination of food, but was otherwise allowed to socialize, interact and play with other chimpanzees. Except as so expressly stated, Counterclaim Defendants deny the remaining allegations contained in this paragraph.

50.    Counterclaim Defendants MPF and Casey admit that a chimpanzee also known as Connor is approximately twenty-one years old, born at MPF, and appeared in two movies and on greeting cards and that at one time nipped Ms. Casey's ex-husband on the knee which required no hospitalization. Counter Defendants MPF and Casey deny the remaining allegations contained in this paragraph. Counter defendants Sawyer and Jane Doe 2 are without sufficient knowledge to admit or deny the allegations contained in this paragraph and put Counterclaim Plaintiffs to their proof.

51.    Counterclaim Defendants MPF and Casey admit that a chimpanzee also known as Tonka is approximately twenty-two years old and was brought to MPF around 2003 and that it appeared in some movies. Said Counter defendants deny that Alan Cumming developed a close relationship with Tonka as he has never been to MPF or called or written MPF or Ms. Casey about the animal. Counter Defendants MPF and Casey deny the remaining allegations contained in this paragraph. The remaining Counterclaim defendants are without sufficient knowledge to admit or deny the allegations contained in this paragraph, deny the same and put Counterclaim Plaintiffs to their proof.

52.    Counterclaim Defendants MPF and Casey admit that a chimpanzee also known as Mikayla is nine years old, it was fathered at MPF by Tonka, and that Mikayla was present at a few parties when it was approximately one year of age but not since. Except as so expressly

6988525.1

stated, Counterclaim Defendants are without sufficient knowledge to admit or deny the allegations contained in this paragraph, deny the same and put Counterclaim Plaintiffs to their proof.

53.    Counterclaim Defendants MPF and Casey state that Chloe has an owner, is eight years old, was born at MPF, and was fathered by Tonka, but denies that Chloe was used at any parties.    Except as so expressly stated, Counterclaim Defendants are without sufficient knowledge to admit or deny the allegations contained in this paragraph, deny the same and put Counterclaim Plaintiffs to their proof.

54.    Counterclaim Defendants MPF and Casey deny that a chimpanzee also known as Candy is approximately thirty to thirty-one years of age, was born at MPF, Coby is the brother of Candy and another chimpanzee also known as Cooper.    Except as so expressly stated, Counterclaim Defendants are without sufficient knowledge to admit or deny the allegations contained in this paragraph, deny the same and put Counterclaim Plaintiffs to their proof.

55.    Counterclaim Defendants MPF and Casey deny that a chimpanzee also known as Coby is around twenty years of age but state that it is approximately thirty-five to thirty-six years of age, was born at MFP, was sold to a private photographer in Florida when it was approximately two months old, and has since returned to MPF.    All Counterclaim Defendants lack specific knowledge of the remaining allegations in this paragraph and, therefore, deny the same and put Counterclaim Plaintiffs to their proof.

56.    Counterclaim Defendants MPF and Casey admit the allegations contained in this paragraph with respect to a chimpanzee also known as Cooper.    The remaining Counterclaim Defendants lack specific knowledge of the remaining allegations in this paragraph and, therefore, deny the same and put Counterclaim Plaintiffs to their proof.

6988525.1

57.      Counterclaim Defendants MPF and Casey admit a chimpanzee also known as Kerry is around eleven years old, born at MPF, and later returned.  Counterclaim Defendants lack specific knowledge of the remaining allegations in this paragraph and, therefore, deny same and put Counterclaim Plaintiffs to their proof.

58.      Counterclaim Defendants MPF and Casey admit the allegations contained in this paragraph with respect to a chimpanzee also known as Crystal.  Counterclaim Defendants lack specific knowledge of the remaining allegations in this paragraph and, therefore, deny same.

59.      Counterclaim Defendants MPF and Casey state that the chimpanzee Kimmy is around fifty-six years of age which had no teeth when it arrived at MPF. Kimmy in the past was involved in a single chimpanzee entertainment act for private parties.   The remaining Counterclaim Defendants lack specific knowledge of the remaining allegations in this paragraph and, therefore, deny the same and put Counterclaim Plaintiffs to their proof.

60.      Counterclaim Defendants MPF and Casey admit Tammy is approximately thirty-two years old.   The remaining Counterclaim Defendants lack specific knowledge of the remaining allegations in this paragraph and, therefore, deny the same and put Counterclaim Plaintiffs to their proof

61.      Counterclaim Defendants admit MPF obtained Tammy at ten years old. Counterclaim Defendants lack specific knowledge of the remaining allegations in this paragraph and, therefore, deny same and put Counterclaim Plaintiffs to their proof.

### Counterclaim Defendants Take the Chimpanzees by Failing to Meet Their Fundamental Social, Physical, and Psychological Needs

*Failure to Provide Necessary Social Contact*

6988525.1

62.     The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in this paragraph.

63.     Counterclaim Defendants state that Defendant Casey is partly responsible for the handling and groupings of the chimpanzees at MPF.  Further responding Counterclaim Defendants MPF, Casey and Sawyer state that a chimpanzee also known as Joey was brought to and relocated from MPF.  Except as so expressly stated, the Counterclaim Defendants lack specific knowledge of the remaining allegations in this paragraph and, therefore, deny the allegations contained in this paragraph.

64.     Counterclaim Plaintiffs provide no citations or other references in support of to their statements regarding chimpanzee society, and, therefore, Counterclaim Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, deny the same and put Plaintiffs to their proof.

65.     Counterclaim Plaintiffs provide no citations or other references to support their statements regarding chimpanzee behavior and, therefore, Counterclaim Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, deny the same and put Plaintiffs to their proof.

66.     Counterclaim Plaintiffs provide no citations or other references to support their statements regarding chimpanzee behavior and, therefore, Counterclaim Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, deny the same and put Plaintiffs to their proof.

67.    Counterclaim Defendants state that the referenced USDA Report speaks for itself so that no response it required.  To the extent a response is required, Counterclaim Defendants deny the same and put Counterclaim Plaintiffs to their proof.

68.    Counterclaim Plaintiffs provide no citations or other references to support their statements regarding chimpanzee behavior and, therefore, Counterclaim Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, deny the same and put Plaintiffs to their proof.

69.    Counterclaim Plaintiffs provide no citations or other references to support their statements regarding chimpanzee behavior and, therefore, Counterclaim Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, deny the same and put Plaintiffs to their proof.

70.    Counterclaim Defendants state that the referenced USDA Report speaks for itself so that no response it required.  To the extent a response is required, Counterclaim Defendants deny the same and put Counterclaim Plaintiffs to their proof.

71.    Counterclaim Defendants state that MPF is not a zoo.  Further responding, Counterclaim Defendants state the Association of Zoos and Aquariums ("AZA") is a zoological accrediting body and its Chimpanzee Care Manual speaks for itself so that no response it required.  To the extent a response is required, Counterclaim Defendants deny the same and put Counterclaim Plaintiffs to their proof.

72.    Denied.

73.    Denied.

74. and footnote 2.    Denied.

6988525.1

*Failure to Provide Necessary Spacious and Complex Environments*

75.    The allegations contained in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in this paragraph.

76.    Counterclaim Defendant Casey admits she is partly responsible for housing and enrichment at MPF, along with some of her family, volunteers and certain owners of chimpanzees located at MPF.  Counterclaim Defendants Sawyer and Jane Doe 2 state they, in addition to others referenced above, are also responsible for Joey and Chloe, respectively. Except as so expressly stated, Counterclaim Defendants deny the remaining allegations contained in this paragraph.

77.    Counterclaim Plaintiffs provide no citations or other references to support their statements and, therefore, Counterclaim Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, deny the same and put Counterclaim Plaintiffs to their proof.

78.    Counterclaim Defendants state the GFAS Standards are voluntary, self-promoting standards which are irrelevant to the issues in this case, do not have the force of law and are not binding on Counterclaim Defendants.  Moreover, to the extent said Standards are written they speak for themselves so that no response it required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in this paragraph.

79.    Counterclaim Defendants state the AZA Chimpanzee Care Manual speaks for itself so that no response it required.  To the extent a response is required, Counterclaim Defendants deny the same and put Counterclaim Plaintiffs to their proof.

6988525.1

80.    Counterclaim Defendants state the AZA Chimpanzee Care Manual speaks for itself so that no response it required.  To the extent a response is required, Counterclaim Defendants deny the same and put Counterclaim Plaintiffs to their proof.

81.    Denied.

82.    Counterclaim Defendant Counterclaim Defendants admit that chimpanzees are social and intelligent animals.  Except as so stated, and since no citation is provided regarding the allegations set forth in this paragraph, Counterclaim Defendants denies said allegations and puts Counterclaim Plaintiffs to their proof.

83.    Counterclaim Defendants admit the USDA Report speaks for itself.  To the extent a response is required, Counterclaim Defendants deny the same and put Counterclaim Plaintiffs to their proof.

84.    Counterclaim Defendants admit the AZA Manual speaks for itself.  To the extent a response is required, Counterclaim Defendants deny the same and put Counterclaim Plaintiffs to their proof.

85.    Counterclaim Defendants admit the AZA Manual speaks for itself.  To the extent a response is required, Counterclaim Defendants deny the same and put Counterclaim Plaintiffs to their proof.

86.    Counterclaim Defendants state the GFAS Standards are voluntary, self-promoting standards which are irrelevant to the issues in this case, do not have the force of law and are not binding on Counterclaim Defendants.  Moreover, to the extent said Standards and the AZA Manual are written they speak for themselves so that no response it required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in this paragraph and put Counterclaim Plaintiffs to their proof.

6988525.1

87.     Counterclaim Defendants state the GFAS Standards are voluntary, self-promoting standards which are irrelevant to the issues in this case, do not have the force of law and are not binding on Counterclaim Defendants.   Moreover, to the extent said Standards and the AZA Manual are written they speak for themselves so that no response it required.   To the extent a response is required, Counterclaim Defendants deny the allegations contained in this paragraph and put Counterclaim Plaintiffs to their proof.

88.     Counterclaim Defendants state that they had/have an appropriate enrichment program for their animals.   Except as so expressly stated, they deny the allegations contained in paragraph 88 and put Counterclaim Plaintiffs to their proof.

89.     Counterclaim Plaintiffs provide no citations or other references to support their statements and, therefore, Counterclaim Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, deny the same and put Counterclaim Plaintiffs to their proof.

90.     Counterclaim Plaintiffs provide no citations or other references to support their statements and, therefore, Counterclaim Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, deny the same and put Counterclaim Plaintiffs to their proof.

91.     Counterclaim Plaintiffs provide no citations or other references to support their statements and, therefore, Counterclaim Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, deny the same and put Counterclaim Plaintiffs to their proof.

92.     Denied.

93.     Denied.

6988525.1

94.    Denied.

95.    Denied.

96.    Denied.

97.    Counterclaim Defendants admit the USDA Report speaks for itself.  To the extent a response is required, Counterclaim Defendants deny the same and put Counterclaim Plaintiffs to their proof.  Counterclaim Defendants deny the remaining allegations contained in paragraph 97.

98.    Denied.

*The Chimpanzees Are Actually Injured and Are Likely to Be Further Injured by Being Deprived of Adequate Social Groups, Space, and Enrichment*

99.    Counterclaim Plaintiffs provide no citations or other references to support their statements and, therefore, Counterclaim Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, deny the same and put Counterclaim Plaintiffs to their proof.

100.    Denied.

101.    Counterclaim Plaintiffs provide no citations or other references to support their statements and, therefore, Counterclaim Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, deny the same and put Counterclaim Plaintiffs to their proof.

102. and footnote 3.    Counterclaim Plaintiffs provide no citations or other references to support their statements and, therefore, Counterclaim Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, deny the same and put Counterclaim Plaintiffs to their proof.

103.    Denied.

104.    Denied.

105.    Denied.

### Counterclaim Defendants Take the Chimpanzees by Confining Them to a Dangerous and Unsanitary Environment

106.    The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Counterclaim Defendants deny the same.

107.    Counterclaim Defendants state that Ms. Casey is partially responsible for maintaining the enclosures at MPF, along with other family members and volunteers. Except as so expressly stated, Counterclaim Defendants deny the remaining allegations contained in this paragraph and put Counterclaim Plaintiffs to their proof.

108.    Counterclaim Defendants state that applicable USDA regulations speak for themselves. Except as so expressly stated, Counterclaim Defendants put Counterclaim Plaintiffs to their proof.

109.    Counterclaim Defendants state that applicable USDA regulations speak for themselves. Except as so expressly stated, Counterclaim Defendants put Counterclaim Plaintiffs to their proof.

110.    Counterclaim Defendants state the GFAS Standards are voluntary, self-promoting standards which are irrelevant to the issues in this case, do not have the force of law and are not binding on Counterclaim Defendants. Moreover, to the extent said Standards are written they speak for themselves so that no response it required. To the extent a response is required, Counterclaim Defendants deny the allegations contained in this paragraph and put Counterclaim Plaintiffs to their proof.

111.    Counterclaim Defendants state the GFAS Standards are voluntary, self-promoting standards which are irrelevant to the issues in this case, do not have the force of law and are not

6988525.1

binding on Counterclaim Defendants.  Moreover, to the extent said Standards are written they speak for themselves so that no response it required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in this paragraph and put Counterclaim Plaintiffs to their proof.

112.   Counterclaim Plaintiffs provide no citations or other references to support their statements and, therefore, Counterclaim Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, deny the same and put Counterclaim Plaintiffs to their proof.  Further responding, Counterclaim Defendants Casey and MPF state that any USDA citations speak for themselves so that no response is required.  The remaining allegations and legal conclusions contained in this paragraph are denied.

113.   Counterclaim Plaintiffs provide no citations or other references to support their statements and, therefore, Counterclaim Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, deny the same and put Counterclaim Plaintiffs to their proof.  Further responding, Counterclaim Defendants Casey and MPF state that any USDA warning letter speaks for itself so that no response is required.  The remaining allegations and legal conclusions contained in this paragraph are denied.

114.   Counterclaim Plaintiffs provide no citations or other references to support their statements and, therefore, Counterclaim Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, deny the same and put Counterclaim Plaintiffs to their proof.  Further responding, Counterclaim Defendants Casey and MPF state that any USDA warning letter speaks for itself so that no response is required.  The remaining allegations and legal conclusions contained in this paragraph are denied.

115.   Denied.

6988525.1

116.    Denied.

117.    Denied.

118.    Denied.

119.    This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Counterclaim Defendants deny the same.

### Counterclaim Defendants Take the Chimpanzees by Restricting Them to a Dangerously Unhealthy Diet

120.    Counterclaim Defendants state that MPF is not a zoo and therefore the AZA Manual is irrelevant to any issue in this case.  Further responding, Counterclaim Defendants state that the AZA Manual speaks for itself.  To the extent a response is required, Counterclaim Defendants deny the same and put Counterclaim Plaintiffs to their proof.

121.    Counterclaim Defendant Casey states that she is partly responsible for feeding the chimpanzees at MPF, along with other family members and volunteers.

122.    Counterclaim Defendants state the GFAS Standards are voluntary, self-promoting standards which are irrelevant to the issues in this case, do not have the force of law and are not binding on Counterclaim Defendants.  Moreover, to the extent said Standards and the AZA Manual are written they speak for themselves so that no response it required.  To the extent a response is required, Counterclaim Defendants deny the allegations contained in this paragraph and put Counterclaim Plaintiffs to their proof.

123.    Counterclaim Defendants state the GFAS Standards are voluntary, self-promoting standards which are irrelevant to the issues in this case, do not have the force of law and are not binding on Counterclaim Defendants.  Moreover, to the extent said Standards are written they speak for themselves so that no response it required.  To the extent a response is required,

6988525.1

Counterclaim Defendants deny the allegations contained in this paragraph and put Counterclaim Plaintiffs to their proof.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.   Further responding, to the extent this paragraph contains legal conclusions, no response is required.   To the extent a response is required, Counterclaim Defendants deny same.

### Counterclaim Defendants Take the Chimpanzees by Failing to Provide Them with Adequate Preventative and Emergency Veterinary Care

129.    Denied.

130.    Denied.

131.    Counterclaim Defendants state the GFAS Standards are voluntary, self-promoting standards which are irrelevant to the issues in this case, do not have the force of law and are not binding on Counterclaim Defendants.   Moreover, to the extent said Standards are written they speak for themselves so that no response it required.   To the extent a response is required, Counterclaim Defendants deny the allegations contained in this paragraph and put Counterclaim Plaintiffs to their proof.

132.    Counterclaim Defendants state that MPF is not a zoo and therefore the AZA Manual is irrelevant to any issue in this case.   Further responding, Counterclaim Defendants state that  the AZA Manual speaks for itself.   To the extent a response is required, Counterclaim Defendants deny the same and put Counterclaim Plaintiffs to their proof.

6988525.1

133.    Denied.    Further responding, to the extent this paragraph contains legal conclusions, no response is required.    To the extent a response is required, Counterclaim Defendants deny same.

### CLAIMS FOR RELIEF

### COUNT I

### Unlawful Take of Endangered Chimpanzees

134.    Counterclaim Defendants restate and incorporate its responses to the above allegations as though specifically set forth herein.

135.    Denied.    Further responding, to the extent this paragraph contains legal conclusions, no response is required.    To the extent a response is required, Counterclaim Defendants deny same.

136.    Denied.    Further responding, to the extent this paragraph contains legal conclusions, no response is required.    To the extent a response is required, Counterclaim Defendants deny same. Additionally, Counterclaim Defendants state the statutes cited by Counterclaim Plaintiffs are legislative enactments which speak for themselves so that no response is required.

WHEREFORE, Counterclaim Defendants respectfully request the Court deny Counterclaim Plaintiffs its requested relief.

### COUNT TWO

### Unlawful Possession of Taken Chimpanzees

137.    Counterclaim Defendants restate and incorporate its responses to the above allegations as though specifically set forth herein.

6988525.1

138.   Denied.   Further responding, to the extent this paragraph contains legal conclusions, no response is required.   To the extent a response is required, Counterclaim Defendants deny same. Additionally, Counterclaim Defendants state the statutes cited by Counterclaim Plaintiffs are legislative enactments which speak for themselves so that no response is required.

139.   Denied.   Further responding, to the extent this paragraph contains legal conclusions, no response is required.   To the extent a response is required, Counterclaim Defendants deny same. Additionally, Counterclaim Defendants state the statutes cited by Counterclaim Plaintiffs are legislative enactments which speak for themselves so that no response is required.

WHEREFORE, Counterclaim Defendants respectfully request the Court deny Counterclaim Plaintiffs its requested relief.

## **AFFIRMATIVE DEFENSES**

Pleading hypothetically, and in the alternative, Counterclaim Defendants plead the following defenses, affirmative defense and objections to the Counterclaim:

1.   Counterclaim Plaintiffs have failed to state a claim upon which relief may be granted.

2.   Counterclaim Plaintiff Angela Scott lacks standing to bring this claim because she has no actual injury which is not based on speculation or conjecture.

3.   Counterclaim Plaintiffs' claims are barred by the doctrine of unclean hands.

4.   Counterclaim Plaintiffs' claims are barred by the doctrine of laches.

6988525.1

5.     The Court lacks jurisdiction over Plaintiffs' claims, including for the reasons set forth in Defendants' pending Motion to Dismiss [ECF No. 11], which is incorporated herein by reference.

6.     The Counterclaim of Counterclaim Plaintiffs should be dismissed on the grounds that Plaintiffs' original Petition filed herein is the first filed action and takes priority over the Counterclaim of Counterclaim Plaintiffs under the doctrine of the first filed action.

7.     The Counterclaim of Counterclaim Plaintiffs should be dismissed on the grounds that Plaintiffs' original Petition filed herein is the first filed action and takes priority over the Counterclaim of Counterclaim Plaintiffs under the doctrine of judicial economy.

8.     The Counterclaim of Counterclaim Plaintiffs is based upon out-of-date information, speculation, conjecture and bootstrapping, and should be dismissed.

9.     The alleged "strong connection" to animals (Counterclaim at Par. 16), "strong relationship... to the particular chimpanzees" (Counterclaim at par. 18), and "personal emotional attachment to the particular chimpanzees" (*Id.*) are speculative, based on conjecture, and are unsupported by the facts of this case.

10.     The reasons for Counterclaim Plaintiff Scott working "without pay" (Counterclaim at par. 19) is because by her own admission she "volunteered" at MPF (Counterclaim at par. 17).

11.     Pars. 40 and 41 of the Counterclaim of Counterclaim Plaintiffs should be stricken by the Court on the grounds that their references to tax liens are irrelevant and immaterial to any issue in this case and impertinent and scandalous pursuant to Rule 12.(f) of the Fed.R.Civ.Proc.

12.     Par. 51 of the Counterclaim of Counterclaim Plaintiffs should be stricken on the grounds that its references to Alan Cummings constitute improper attempts to introduce the

dated, uninformed, speculative alleged opinions of a non-party into this case, and to prop up Counterclaim Plaintiffs' alleged standing to bring this case.

13.    The Counterclaim of Counterclaim Plaintiffs should be dismissed by virtue of their own allegations set forth in pars. 71 of their Counterclaim, as MPF is not a zoo

14.    The Counterclaim of Counterclaim Plaintiffs should be dismissed by virtue of their own allegations set forth in pars. 77 and 78 of their Counterclaim, as to the knowledge of Counterclaim Defendants, no sanctuary accredited by the GFAS permit a chimpanzee to range up to 333 square kilometers.

15.    Pars. 43, 67, 70, 83, 97, 98, 101-102 and 102 footnote 3, 106-199 of the Counterclaim of Counterclaim Plaintiffs should be dismissed because the USDA has the sole and pre-emptive authority over enforcement of the Animal Welfare Act and USDA has not brought nor is there pending any enforcement or other legal action to revoke the license of Counterclaim Defendants MPF or Casey, as admitted by Counterclaim Plaintiffs in par. 115 of the Counterclaim.

16.    Par. 116 of the Counterclaim should be stricken or dismissed because the USDA has advised Counterclaim Defendants MPF and Casey, after repainting the enclosures at MPF, that they do not need to worry about any remaining or new peeling paint.

17.    Counterclaim Defendants reserve the right to raise additional defenses as they may become known through discovery or otherwise revealed during the pendency of this action.

WHEREFORE, Counterclaim Defendants respectfully request the Court deny Counterclaim Plaintiffs its requested relief.

Date: <u>July 20 , 2017</u>

6988525.1

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

By:      /s/ Kurtis B. Reeg
Kurtis B. Reeg, MO Bar #27684
*kreeg@goldbergsegalla.com*
Lynn Lehnert, MO Bar #54546
*llehnert@goldbergsegalla.com*
8000 Maryland Suite 640
St. Louis, Missouri  63105
Telephone:   314-446-3350
Facsimile:  314-446-3360

Attorneys for Plaintiffs/Counterclaim Defendants


## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2017, I electronically filed the foregoing United States District Court – Eastern District of Missouri by using the CM/ECF system.


/s/ Kurtis B. Reeg

6988525.1

# Exhibit B

Case: 4:18-mc-00798-CDP    Doc. #: 18-7    Filed: 01/10/19    Page: 34 of 122 PageID
#: 254
Case 1:18-mc-00112   ECF No. 2-3 filed 12/18/18   PageID.51   Page 2 of 3

AN INTERNATIONAL ORGANIZATION DEDICATED TO PROTECTING THE RIGHTS OF ALL ANIMALS

**PeTA**

FOUNDATION

July 18, 2017

*Via e-mail*

Kurtis B. Reeg
Goldberg Segalla
kreeg@goldbergsegalla.com

**Re:     Transfer of Chimpanzees from Missouri Primate Foundation**

Dear Kurt:

I am writing to confirm that your clients Missouri Primate Foundation, Connie Braun Casey, Andrew Sawyer, and Jane Doe 2 ("Plaintiffs") are preserving any and all information that may be relevant to this matter, including but not limited to each of the chimpanzees at issue, in the state and location that they are currently in to ensure that PETA and Ms. Scott will have access to evidence during the pendency of this litigation.

As you know, five (5) of the sixteen (16) chimpanzees who were held at the facility at the time Defendants sent their notice of intent to sue pursuant to the Endangered Species Act—the time at which your clients had express notice that evidence may be relevant to future litigation and their preservation obligations began—were apparently moved out of the facility. *See* Defendants' Answer to Count I and Counterclaim for Declaratory and Injunctive Relief ¶¶ 44-48. These chimpanzees were, and continue to be, evidence in this lawsuit,[1] and their unilateral transport to other facilities—and any similar future transports—effectively prevents Defendants from obtaining key evidence needed to support their claims.

Accordingly, I am writing to seek your assurance that Plaintiffs will not transport, transfer, or otherwise relocate any other of the eleven (11) chimpanzees currently held at Missouri Primate Foundation without prior written approval of the Court or unless and until the parties reach a settlement regarding their transfer to a reputable sanctuary.

PEOPLE FOR
THE ETHICAL
TREATMENT
OF ANIMALS
FOUNDATION

Washington, D.C.
1536 16th St. N.W.
Washington, DC 20036
202-483-PETA

Los Angeles
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323-644-PETA

Norfolk
501 Front St.
Norfolk, VA 23510
757-622-PETA

Oakland
554 Grand Ave.
Oakland, CA 94610
510-763-PETA

---

[1] All sixteen of the chimpanzees themselves are relevant evidence in this matter. *See generally* Order, *PETA v. Dade City's Wild Things et al.*, Civ. No. 8:16-2899-T-36AAS (M.D. Fla. July 14, 2017) (granting emergency preservation order prohibiting defendant from transferring endangered tigers); *Patrick v. Rivera*, No. 2:11-CV-00113-EJL, 2013 WL 2945118, at *7 (D. Idaho June 13, 2013) ("it was reasonable for the officers to believe that the animals were evidence of the crime of animal cruelty"); *Boshers v. Humane Soc. of Missouri, Inc.*, 929 S.W.2d 250, 255 (Mo. Ct. App. 1996) ("As of that time, a criminal prosecution, and the resulting use of the animals as evidence, was still possible.").

PETA FOUNDATION IS AN
OPERATING NAME OF FOUNDATION
TO SUPPORT ANIMAL PROTECTION.

AFFILIATES:

• PETA U.S.
• PETA Asia
• PETA India
• PETA France
• PETA Australia
• PETA Germany
• PETA Netherlands
• PETA Foundation (U.K.)

Please confirm that the eleven chimpanzees have not and will not be removed from Missouri Primate Foundation's Festus, Mo., facility. If you are not able to provide this confirmation in writing with seven days, we will seek a Court order prohibiting your clients from transferring any chimpanzees without Court approval. A continued failure to comply with preservation obligations may be considered spoliation of evidence and Defendants reserve their right to seek appropriate sanctions.

Should you have any questions about this letter, please contact me at your earliest opportunity.

Very truly yours,

Jared Goodman
JaredG@petaf.org
323-210-2266

Exhibit C



**GOLDBERG SEGALLA**LLP

Kurtis B. Reeg | Partner
Direct 314.446.3351 | kreeg@goldbergsegalla.com

July 20, 2017

SENT VIA E-MAIL ONLY

Jared Goodman <JaredG@PetaF.org>
James Martin < jmartin@polsinelli.com>

      **Re:**    **Missouri Primate Foundation, et al v. PETA, et al, Case No. 4:16-cv-02163.**

Dear Jared and Jim:

      On July 18, 2017, at apparently 8:34 p.m., Jared sent me his letter by e-mail regarding preservation of evidence. I was out of the office then and all day July 19, 2017, but I did review it yesterday, July 19. I am back in the office today, July 20, 2017, and responding to your letter.

      While we appreciate your thoughts regarding preservation, my clients and I think we know what our preservation obligations are and that we have complied with the same. The duty to preserve evidence does not eviscerate certain normal business operations, which even your clients admit with respect to Jane Doe 1 and the transfer of chimpanzee also known as Allie (Doc. 23, ¶47). The same holds true for other animals, such as those referenced in Doc. 23, ¶46. (See also my clients' upcoming responses to Doc. 23, ¶¶ 46 , 47.) The par. 46 transfer was being discussed before either Docs. 1 or 23 were filed. Moreover, that transfer was preceded by an inquiry to the U.S. Fish and Wildlife Service as to whether any permits were required and the Service's response was no. So despite your assertion in footnote 1 on p. 12 of your Doc. 23, we respectfully believe your clients are simply wrong about the legality of the transfers; at a minimum, my clients certainly had a good faith belief that they were not doing anything wrong. Accordingly, we don't view any of the transfers addressed in ¶¶ 45-48 of Doc. 23 to be wrong in any way. It is also noteworthy to mention that while our clients filed their Complaint (Doc. 1) on December 30, 2016, your clients waited approximately 23 weeks to file their answer to Count 1 of the Complaint and almost 27 weeks to raise the preservation issue.

      As an officer of the Court I represent to you that I have advised my clients of the content of your preservation letter. I am also happy to discuss preservation issues with you at any time. If you are not satisfied with this explanation and our willingness to talk about the issue, then I feel confident that you will raise the matter with the Court at which time we will be happy, willing and able to present our position to the Court. We appreciate your consideration. Thank you.

8000 Maryland Avenue, Suite 640 | St. Louis, MO 63105 | 314.446.3350 | Fax 314.446.3360 | www.GoldbergSegalla.com
NEW YORK | ILLINOIS | FLORIDA | MARYLAND | MISSOURI | NORTH CAROLINA | PENNSYLVANIA | NEW JERSEY | CONNECTICUT | UNITED KINGDOM

7097869.1

July 20, 2017
Page 2

Very truly yours,
Goldberg Segalla, LLP

Kurtis B. Reeg

# Exhibit D

1          UNITED STATES DISTRICT COURT

2        FOR THE EASTERN DISTRICT OF MISSOURI

3

4    MISSOURI PRIMATE FOUNDATION, et al.,

5              Plaintiff,

6         vs.                        Case No.

7    PEOPLE FOR THE ETHICAL TREATMENT      4:16-cv-02163-CDP

8    OF ANIMALS, INC., et al.,

9              Defendant.

10   _____

11

12

13

14        Videotaped Deposition of CONNIE BRAUN CASEY,

15   taken on behalf of the Defendant, at the offices of

16   Rynearson, Suess, Schnurbusch & Champion, LLC, 500

17   N. Broadway, Suite 1550, in the City of St. Louis,

18   State of Missouri, on the 29th day of October, 2018,

19   before Kristine A. Toennies, RMR, CRR, CRC, CCR

20   (MO), CSR (IL & IA), and Notary Public.

21

22

23

24   JOB No. 3027726

25   PAGES 1 - 338

                                        Page 1

Case: 4:18-mc-00798-CDP    Doc. #: 18-7    Filed: 01/10/19    Page: 41 of 122 PageID
#: 261
Case 1:18-mc-00112   ECF No. 2-5 filed 12/18/18   PageID.58   Page 3 of 3

```
 1    attorney-client privilege.
 2        Q    (By Ms. Bernstein) Would answering my
 3    question reveal any legal advice you received or
 4    requested from any attorney?
 5        A    I'm not going to answer.
 6        Q    Okay.  A week after your attorney sent this
 7    letter -- and you can put it aside -- approximately
 8    a week after that you removed more chimpanzees from
 9    the facility; is that right?  July 27 you removed
10    more chimpanzees.  Do you recall that?
11        A    I'm not sure what you're talking about more.
12        Q    There were two occasions when chimpanzees
13    were transferred from the facility to the DeYoung
14    Zoo; is that right?
15        A    That's correct.
16        Q    The first occasion was in December of 2016,
17    and the second occasion was in -- on July 27 --
18        A    Okay, correct.
19        Q    -- of 2017.  Do you recall that?
20        A    Yes.
21        Q    A week after your lawyer sent a letter
22    saying, My clients understand their duty to preserve
23    evidence?
24        A    That's correct.
25        Q    Who were the chimpanzees who were
```

Page 34

# Exhibit E

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| Missouri Primate Foundation et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   4:16-cv-02163 |
| People for the Ethical Treatment of Animals, Inc. et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Records Custodian for the DeYoung Family Zoo, N5406 County Road 577, Wallace, MI 49893

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.     ***FORWARD PRODUCTION VIA U.S. MAIL BY DEADLINE SET OUT BELOW***

| Place: Polsinelli PC | Date and Time: |
|---|---|
| 100 S. Fourth Street, Suite 1000 St. Louis, MO 63102 | May 21, 2018 |

☑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: DeYoung Family Zoo | Date and Time: |
|---|---|
| N5406 County Road 577 Wallace, MI 49893 | Performed By A PETA Representative on June 5, 2018 @ 9:00 a.m. |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   May 8, 2018

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *[signature]* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   People for the Ethical Treatment of Animals, Inc. & Angela Scott   , who issues or requests this subpoena, are:
James Martin, 100 S. Fourth St., Ste 1000, St. Louis, MO 63102, jmartin@polsinelli.com, (314) 231-1776

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## ATTACHMENT A

**TO:**  Records Custodian for DeYoung Family Zoo
N5406 County Road 577
Wallace, MI 49893

**DEFINITIONS:**

1.      "MPF" shall include the Missouri Primate Foundation, any persons or entities acting or purporting to act on its behalf, and any persons who owned chimpanzees located at the Missouri Primate Foundation during the Relevant Time Period.

2.      "You" and "your" shall include the DeYoung Family Zoo and any other persons or entities acting or purporting to act at its direction or on its behalf.

3.      The words "and" and "or" shall be construed either conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive. The word "including" shall be construed to mean without limitation.

4.      The "Relevant Time Period" is January 1, 2016 through the present.

**YOU ARE COMMANDED** to produce:

1.      All records or communications relating to the chimpanzees transferred from MPF to DeYoung Family Zoo. This requests includes, but is not limited to, e-mail correspondence, text messages, video, permits, animal health certificates, veterinary records, enrichment plans, fuel and/or toll receipts, and specifications, maps, or blueprints for the enclosures housing the chimpanzees.

2.      To the extent not already encompassed within the previous category, all photographs, videos, or other recordings of the chimpanzees transferred from MPF to DeYoung Family Zoo.

3.      To the extent not already encompassed within the previous categories, all communications with Andrew Sawyer, regarding a chimpanzee known as Joey, or regarding a chimpanzee known as Chloe.

1

4.    To the extent not already encompassed within the previous categories, all communications with The Cavalry Group, Mindy Patterson, or Mark Patterson relating to the chimpanzees transferred from MPF to DeYoung Family Zoo.

5.    To the extent not already encompassed within the previous categories, all communications with The Cavalry Group, Mindy Patterson, or Mark Patterson relating to PETA during the Relevant Time Period.

**YOU ARE COMMANDED** to permit entry onto:

1.    Those areas of the DeYoung Family Zoo, N5406 County Road 577, Wallace, MI 49893, in which the chimpanzees transferred from MPF to DeYoung Family Zoo are or were being held for any period of time, including but not limited to indoor enclosures, outdoor enclosures, and temporary holding enclosures.

2

AO 88B  (Rev  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:16-cv-02163

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| Missouri Primate Foundation et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| People for the Ethical Treatment of Animals, Inc. et al. | ) |
| *Defendant* | ) |

Civil Action No.   4:16-cv-02163-CDP

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        DeYoung Family Zoo, N5406 County Road 577, Wallace, MI 49893

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

All communications relating to chimpanzees located or previously located at Missouri Primate Foundation, including but not limited to communications with Connie Casey, Douglas Pernikoff, and Andrew Sawyer.

| Place: Stephenson Public Library, 1700 Hall Avenue, Marinette, WI 54143 | Date and Time: June 6, 2018 @ 9:30 a.m. |
|---|---|

The deposition will be recorded by this method:    Transcription

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  May 8, 2018

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    People for the Ethical Treatment of Animals, Inc. and Angela Scott                    , who issues or requests this subpoena, are:

James Martin, Polsinelli PC, 100 S. Fourth Street, Suite 1000, St. Louis, MO 63102; 314-552-6802

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  4:16-cv-02163-CDP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____     _____
                                              *Server's signature*

                                          _____
                                              *Printed name and title*

                                          _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

### AFFIDAVIT OF SERVICE

| Case:<br>4:16-CV-02163-CDP | Court:<br>UNITED STATES DISTRICT COURT | County:<br>EASTERN , MO | | Job:<br>2290042 |
|---|---|---|---|---|
| Plaintiff / Petitioner:<br>MISSOURI PRIMATE FOUNDATION, ET AL. | | Defendant / Respondent:<br>PEOPLE OF THE ETHICAL TREATMENT OF ANIMALS, INC., ET AL. | | |
| Received by:<br>ABC PROCESS SERVICE | | For:<br>POLSINELLI PC | | |
| To be served upon:<br>RECORDS CUSTODIAN FOR THE DEYOUNG FAMILY ZOO | | | | |

I, Jeffrey C. Skorik , being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   HAROLD DEYOUNG A/K/A BUDDY DEYOUNG as SOLE PROPRIETOR , N5406 COUNTY ROAD 577, WALLACE , MI 49893

Manner of Service:   Authorized, May 15, 2018, 6:00 pm CDT

Documents:   LETTER; SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION; ATTACHMENT A; (Received May 11, 2018 at 4:42pm CDT)

Additional Comments:
1) Successful Attempt: May 15, 2018, 6:00 pm EDT at N5406 COUNTY ROAD 577, WALLACE , MI 49893 received by HAROLD DEYOUNG A/K/A BUDDY DEYOUNG as SOLE PROPRIETOR . Age: 70 ; Ethnicity: Caucasian; Gender: Male; Weight: 190; Height: 6'2"; Hair: Red/Graying;

_Jeffrey C. Skorik_   5-16-18
Jeffrey C. Skorik            Date
Lic. #370125561

ABC PROCESS SERVICE
4834 Swiss Avenue
Dallas, TX 75204
1-800-361-2611

### AFFIDAVIT OF SERVICE

| Case:<br>4:16-CV-02163-CDP | Court:<br>UNITED STATES DISTRICT COURT | County:<br>EASTERN , MO | Job:<br>2290053 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>MISSOURI PRIMATE FOUNDATION, ET AL. | | Defendant / Respondent:<br>PEOPLE OF THE ETHICAL TREATMENT OF ANIMALS, INC., ET AL. | |
| Received by:<br>ABC PROCESS SERVICE | | For:<br>POLSINELLI PC | |
| To be served upon:<br>DEYOUNG FAMILY ZOO | | | |

I, Jeffrey C. Skorik , being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:     HAROLD DEYOUNG A/K/A BUDDY DEYOUNG as SOLE PROPRIETOR , N5406 COUNTY ROAD 577, WALLACE , MI 49893

Manner of Service:     Authorized, May 15, 2018, 6:00 pm CDT

Documents:     SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION; TENDERED $33 WITNESS FEE; (Received May 11, 2018 at 4:42pm CDT)

Additional Comments:
1) Successful Attempt: May 15, 2018, 6:00 pm EDT at N5406 COUNTY ROAD 577, WALLACE , MI 49893 received by HAROLD DEYOUNG A/K/A BUDDY DEYOUNG as SOLE PROPRIETOR . Age: 70 ; Ethnicity: Caucasian; Gender: Male; Weight: 190; Height: 6'2"; Hair: Red/Graying;

_Jeffrey C. Skorik_     5-16-18

Jeffrey C. Skorik                    Date
Lic. #3701205561

ABC PROCESS SERVICE
4834 Swiss Avenue
Dallas, TX 75204
1-800-361-2611

Case: 4:18-mc-00798-CDP    Doc. #:  18-7    Filed: 01/10/19    Page: 53 of 122 PageID
#: 273
Case 1:18-mc-00112   ECF No. 2-7 filed 12/18/18   PageID.70   Page 1 of 11

Exhibit F

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

MISSOURI PRIMATE FOUNDATION,
CONNIE BRAUN CASEY, ANDREW
SAWYER, et al,

Plaintiffs,

v.

PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC. and
ANGELA SCOTT

Defendants.

Case No.  4 : 16-cv-2163

## DEYOUNG FAMILY ZOO'S RESPONSE AND OBJECTION TO SUBPOENA DUCES TECUM ISSUED BY PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.

DeYoung Family Zoo ("DeYoung") for its response to the Subpoena to Produce Documents, Information, Or Objects Or To Permit Inspection of Premises in a Civil Action ("Subpoena") issued by People For The Ethical Treatment of Animals, Inc. ("PETA"), hereby states:

## GENERAL OBJECTIONS

1.      DeYoung objects to the Subpoena in its entirety to the extent it is addressed to "Records Custodian" rather than DeYoung itself or to any identifiable person or entity.

2.      DeYoung objects to the Subpoena in its entirety because it seeks confidential and propriety commercial information of DeYoung.

## DOCUMENTS REQUESTED

1.  All records or communications relating to the chimpanzees transferred from MPF to DeYoung Family Zoo.   This requests (sic) includes, but is not limited to, email

correspondence, text messages, video, permits, animal health certificates, veterinary records, enrichment plans, fuel and/or toll receipts, and specifications, maps, or blueprints for the enclosures housing the chimpanzees.

**OBJECTION:**    This request is not reasonably calculated to lead to discovery of admissible evidence, is overbroad in time and scope, is unduly burdensome and intended to harass and annoy DeYoung, a party with which PETA has previously been engaged in litigation, and as written seeks mental impressions of counsel, attorney-client privileged information and other information protected from disclosure by the attorney-client privilege, work product doctrine and joint-defense privilege.

2.  To the extent not already encompassed with the previous category, all photographs, videos, or other recordings of the chimpanzees transferred from MPF to DeYoung Family Zoo.

**OBJECTION:**    This request is not reasonably calculated to lead to discovery of admissible evidence, is overbroad in time and scope, is unduly burdensome and intended to harass and annoy DeYoung, a party with which PETA has previously been engaged in litigation, and as written seeks mental impressions of counsel, attorney-client privileged information and other information protected from disclosure by the attorney-client privilege, work product doctrine and joint-defense privilege.

3.  To the extent not already encompassed within the previous categories, all communications with Andrew Sawyer, regarding a chimpanzee knowns as Joey, or regarding a chimpanzee known as Chloe.

**OBJECTION:**    This request is not reasonably calculated to lead to discovery of admissible evidence, is overbroad in time and scope, is unduly burdensome and intended to harass and annoy DeYoung, a party with which PETA has previously been engaged in litigation, and as written seeks mental impressions of counsel, attorney-client privileged information and other information protected from disclosure by the attorney-client privilege, work product doctrine and joint-defense privilege.

4.  To the extent not already encompassed within the previous categories, all communications with The Cavalry Group, Mindy Patterson, or Mark Patterson relating to the chimpanzees

transferred from MPF to DeYoung Family Zoo.

**OBJECTION:**     This request is not reasonably calculated to lead to discovery of admissible evidence, is overbroad in time and scope, is unduly burdensome and intended to harass and annoy DeYoung, a party with which PETA has previously been engaged in litigation, and as written seeks mental impressions of counsel, attorney-client privileged information and other information protected from disclosure by the attorney-client privilege, work product doctrine and joint-defense privilege.

5. To the extent not already encompassed within the previous categories, all communications with the Cavalry Group, Mindy Patterson, or Mark Patterson relating to PETA during the Relevant Time Period.

**OBJECTION:**     This request is not reasonably calculated to lead to discovery of admissible evidence, is overbroad in time and scope, is unduly burdensome and intended to harass and annoy DeYoung, a party with which PETA has previously been engaged in litigation, and as written seeks mental impressions of counsel, attorney-client privileged information and other information protected from disclosure by the attorney-client privilege, work product doctrine and joint-defense privilege.

Respectfully submitted,

EVANS & DIXON, L.L.C.

By:    /s/ Don V. Kelly          .
Don V. Kelly #37121MO
Brian R. Shank #59955MO
Metropolitan Square
211 North Broadway, Suite 2500
Saint Louis, Missouri 63102
(314) 621-7755
(314) 884-4466 (Facsimile)
dkelly@evans-dixon.com

*Attorneys for DeYoung Family Zoo*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing was served upon counsel to this action, this 21 day of May, 2018 by electronic mail.

3

/s/Don V. Kelly

Case: 4:18-mc-00798-CDP    Doc. #: 18-7    Filed: 01/10/19    Page: 58 of 122 PageID
#: 278
Case 1:18-mc-00112  ECF No. 2-7 filed 12/18/18  PageID.75  Page 6 of 11

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

MISSOURI PRIMATE FOUNDATION,
CONNIE BRAUN CASEY, ANDREW
SAWYER, et al,

        Plaintiffs,

  v.

PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC. and
ANGELA SCOTT

        Defendants.

Case No. 4 : 16-cv-2163

## DEYOUNG FAMILY ZOO'S RESPONSE AND OBJECTION TO SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION ISSUED BY PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.

DeYoung Family Zoo ("DeYoung") for its response to the Subpoena to Testify at a Deposition in a Civil Action ("Subpoena") issued by People For The Ethical Treatment of Animals, Inc. ("PETA"), hereby states:

## OBJECTIONS

1.    DeYoung objects to the Subpoena because the proposed topic is unlimited in time and is overbroad in scope in that, as written, it is not limited to: (1) external communications between DeYoung and the identified individuals; and (2) the five chimpanzees allegedly at issue in this case.

2.    DeYoung objects to the Subpoena as written because it seeks confidential and propriety commercial information of DeYoung which is unrelated to this litigation.

3.    DeYoung objects to the Subpoena as written because it is unduly burdensome and intended to harass and annoy DeYoung, a party with which PETA has previously been engaged in litigation in Michigan and to which and about which PETA has sent demand letters

and USDA requests in the past.

4.      DeYoung objects to the Subpoena as written because it is not reasonably calculated to lead to discovery of admissible evidence in this case involving the conduct of Plaintiffs at a facility in Missouri unrelated to the DeYoung facility in Michigan.

5.      DeYoung objects to the Subpoena to the extent it may seek information protected from disclosure by the attorney-client privilege and/or work product doctrine.

6.      DeYoung objects to the Subpoena as written because PETA can obtain the requested information or its substantial equivalent from the parties to this lawsuit, and because on information and belief PETA has failed to request such information in discovery, thereby violating its duty under Rule 45 to avoid imposing undue burden and expense on non-party DeYoung.

7.      DeYoung objects to any deposition without a fully-executed Protective Order in place as to the conduct, location, and persons allowed at the deposition; limiting the use of any such discovery to the instant lawsuit in Missouri; and requiring any such discovery to be returned to attorneys for DeYoung upon resolution of this case.

8.      DeYoung objects to the Subpoena as written because it unreasonably requires DeYoung to cross state lines from Michigan and attend a deposition in a public place in Wisconsin without any reasonable basis, in violation of Rule 45, and because the Subpoena may require DeYoung to seek separate counsel in Wisconsin in order to properly respond and/or comply with the Subpoena.

9.      DeYoung objects cumulatively to the two Subpoenas served by PETA because together they may implicate two different jurisdictions, namely federal courts in both Michigan and Wisconsin, requiring separate counsel in two states, in order to properly

Case: 4:18-mc-00798-CDP    Doc. #:  18-7    Filed: 01/10/19    Page: 60 of 122 PageID
#: 280
Case 1:18-mc-00112   ECF No. 2-7 filed 12/18/18   PageID.77   Page 8 of 11

respond to the Subpoenas.

Respectfully submitted,

EVANS & DIXON, L.L.C.

By:____/s/ Don V. Kelly_____._____
     Don V. Kelly #37121MO
     Brian R. Shank #59955MO
     Metropolitan Square
     211 North Broadway, Suite 2500
     Saint Louis, Missouri 63102
     (314) 621-7755
     (314) 884-4466 (Facsimile)
     dkelly@evans-dixon.com

     *Attorneys for DeYoung Family Zoo*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing was served upon counsel to this action, this 29th day of May, 2018 by electronic mail.

/s/Don V. Kelly_____

3

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

MISSOURI PRIMATE FOUNDATION,
CONNIE BRAUN CASEY, ANDREW
SAWYER, et al,

        Plaintiffs,

  v.

PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC. and
ANGELA SCOTT

        Defendants.

Case No. 4 : 16-cv-2163

## DEYOUNG FAMILY ZOO'S RESPONSE AND OBJECTION TO SUBPOENA TO PERMIT INSPECTION OF PREMISES ISSUED BY PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.

DeYoung Family Zoo ("DeYoung") for its response to the Subpoena to Permit Inspection of Premises in a Civil Action ("Subpoena") issued by People For The Ethical Treatment of Animals, Inc. ("PETA"), hereby states:

## OBJECTIONS

1.    DeYoung objects to the Subpoena to the extent it is addressed to "Records Custodian" rather than DeYoung itself or to any identifiable person or entity.

2.    DeYoung objects to the Subpoena and the inspection request because it seeks confidential and propriety commercial information of DeYoung which is unrelated to this litigation.

3.    DeYoung objects to the Subpoena and the inspection request because an inspection by PETA of the DeYoung facility in Michigan is not reasonably calculated to lead to discovery of admissible evidence in this case involving the conduct of Plaintiffs at a facility in Missouri unrelated to the DeYoung facility in Michigan.

4.    DeYoung objects to the Subpoena and the inspection request because an inspection by PETA of the DeYoung facility is unduly burdensome and intended to harass and annoy DeYoung, a party with which PETA has previously been engaged in litigation in Michigan and to which and about which PETA has sent demand letters and USDA requests in the past.

5.    DeYoung objects to the Subpoena and the inspection request because it is overbroad in scope and vague and ambiguous as written, in that it contains no limitations on the time, scope, attendees, and protocol of the proposed inspection.

6.    DeYoung objects to any inspection without a fully-executed Protective Order in place as to the conduct, locations, and persons allowed at the inspection; limiting the use of any such discovery to the instant lawsuit in Missouri; and requiring any such discovery to be returned to attorneys for DeYoung upon resolution of this case.

7.    DeYoung objects cumulatively to the two Subpoenas served by PETA because together they may implicate two different jurisdictions, namely federal courts in both Michigan and Wisconsin, requiring separate counsel in two states, in order to properly respond to the Subpoenas.

Respectfully submitted,

EVANS & DIXON, L.L.C.

By:    /s/ Don V. Kelly          .
       Don V. Kelly #37121MO
       Brian R. Shank #59955MO
       Metropolitan Square
       211 North Broadway, Suite 2500
       Saint Louis, Missouri 63102

(314) 621-7755
(314) 884-4466 (Facsimile)
dkelly@evans-dixon.com

*Attorneys for DeYoung Family Zoo*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing was served upon counsel to this action, this 29th day of May, 2018 by electronic mail.

/s/Don V. Kelly

3

# Exhibit G

**Jared Goodman**

| | |
|---|---|
| **From:** | Jared Goodman |
| **Sent:** | Friday, June 8, 2018 7:59 AM |
| **To:** | 'bshank@evans-dixon.com' |
| **Cc:** | 'dkelly@evans-dixon.com'; Martina Bernstein (MartinaB@petaf.org); James P. Martin - Polsinelli (jmartin@polsinelli.com) |
| **Subject:** | Missouri Primate Foundation v. PETA: Subpoenas to DeYoung Family Zoo |
| **Attachments:** | Subpoenas to DeYoung Family Zoo (June 8, 2018).pdf |

Mr. Shank,

I am counsel to PETA and Ms. Scott in the Missouri Primate Foundation matter. Per your discussion with my co-counsel, Jim Martin, I've attached here amended subpoenas to your client. Please confirm that you will accept service of these on your client's behalf.

Note that I have not identified a specific location for the deposition. The previous location was chosen due to its close proximity to your client, but my understanding is that it would prefer to hold the deposition at the office of its Michigan counsel. We have no objection to that location, if you could please confirm it.

Thank you.

Jared

Jared Goodman
Deputy General Counsel for Animal Law
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
T:  (323) 210-2266
F:  (213) 484-1648
M: (516) 319-5906

This message may be protected by the attorney-client privilege and/or the attorney work product doctrine. If you believe you have received this message in error, please reply to the sender that it has been sent in error and delete the message. Thank you.

Case: 4:18-mc-00798-CDP    Doc. #: 18-7    Filed: 01/10/19    Page: 66 of 122 PageID
#: 286
Case 1:18-mc-00112   ECF No. 2-8 filed 12/18/18   PageID.83   Page 3 of 12

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Missouri

| | |
|---|---|
| Missouri Primate Foundation et al. | ) |
| _Plaintiff_ | ) |
| v. | ) |
| People for the Ethical Treatment of Animals, Inc. et al. | ) |
| _Defendant_ | ) |

Civil Action No.    4:16-cv-02163

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        Records Custodian for the DeYoung Family Zoo, N5406 County Road 577, Wallace, MI 49893

_____
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attachment A.

| Place:  Mutually agreeable location in the State of Michigan | Date and Time: |
|---|---|
| | 07/23/2018 9:00 am |

The deposition will be recorded by this method:    Transcription

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/08/2018

| CLERK OF COURT | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    People for the Ethical Treatment of Animals, Inc. & Angela Scott    , who issues or requests this subpoena, are:
Jared Goodman, PETA Foundation 2154 W. Sunset Blvd., Los Angeles, CA; 323-210-2266

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## ATTACHMENT A TO SUBPOENA TO TESTIFY AT A DEPOSITION

**TO:**   DeYoung Family Zoo
N5406 County Road 577
Wallace, MI 49893

**DEFINITIONS:**

1.      "MPF" shall include the Missouri Primate Foundation, any persons or entities acting or purporting to act on its behalf, and any persons who owned chimpanzees located at the Missouri Primate Foundation from January 1, 2016, through the present.

2.      The "Chimpanzees" shall mean any and all chimpanzees transferred from MPF to DeYoung Family Zoo from January 1, 2016, through the present.

3.      "You" and "your" shall include the DeYoung Family Zoo and any other persons or entities acting or purporting to act at its direction or on its behalf.

4.      The words "and" and "or" shall be construed either conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive. The word "including" shall be construed to mean without limitation.

**YOU ARE COMMANDED** to appear to testify at a deposition to be taken in this civil action. You must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters:

1.      The housing conditions, care, and husbandry of the Chimpanzees at Missouri Primate Foundation.

2.      The housing conditions, care, and husbandry of the Chimpanzees at DeYoung Family Zoo.

3.      DeYoung Family Zoo's acquisition of the Chimpanzees.

4.      Your communications with, or relating to, Connie Casey, Douglas Pernikoff, Andrew Sawyer, or The Cavalry Group, or any of their representatives, including but not limited to attorneys, regarding the Chimpanzees.

5.      Your communications with any veterinarian or other health practitioner regarding the Chimpanzees.

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   4:16-cv-02163

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition*.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery*.** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions*.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection*.**
(A) *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena*.**

(A) *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information*.** These procedures apply to producing documents or electronically stored information:
(A) *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection*.**
(A) *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Case: 4:18-mc-00798-CDP   Doc. #:  18-7   Filed: 01/10/19   Page: 70 of 122 PageID
#: 290
Case 1:18-mc-00112   ECF No. 2-8 filed 12/18/18   PageID.87   Page 7 of 12

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Missouri

| | |
|---|---|
| Missouri Primate Foundation et al. | ) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No.   4:16-cv-02163 |
| People for the Ethical Treatment of Animals, Inc. et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Records Custodian for the DeYoung Family Zoo, N5406 County Road 577, Wallace, MI 49893

_____
_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Polsinelli PC<br>100 S. Fourth Street, Suite 1000<br>St. Louis, MO 63102 | Date and Time:<br><br>06/27/2018 9:00 am |
|---|---|

☑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: DeYoung Family Zoo<br>N5406 County Road 577<br>Wallace, MI 49893 | Date and Time:<br><br>07/16/2018 9:00 am |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/08/2018

_CLERK OF COURT_

OR      _/s/ Jared Goodman_
_____        _____
_Signature of Clerk or Deputy Clerk_                _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   People for the
Ethical Treatment of Animals, Inc. & Angela Scott _____, who issues or requests this subpoena, are:
Jared Goodman, PETA Foundation 2154 W. Sunset Blvd., Los Angeles, CA; 323-210-2266

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case: 4:18-mc-00798-CDP    Doc. #: 18-7    Filed: 01/10/19    Page: 71 of 122 PageID
#: 291
Case 1:18-mc-00112   ECF No. 2-8 filed 12/18/18   PageID.88   Page 8 of 12

## ATTACHMENT A TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS AND TO PERMIT INSPECTION OF PREMISES

**TO:**   Records Custodian for DeYoung Family Zoo
N5406 County Road 577
Wallace, MI 49893

**DEFINITIONS:**

1.      "MPF" shall include the Missouri Primate Foundation, any persons or entities acting or purporting to act on its behalf, and any persons who owned chimpanzees located at the Missouri Primate Foundation during the Relevant Time Period.

2.      The "Chimpanzees" shall mean any and all chimpanzees transferred from MPF to DeYoung Family Zoo from January 1, 2016, through the present.

3.       "You" and "your" shall include the DeYoung Family Zoo and any other persons or entities acting or purporting to act at its direction or on its behalf.

4.      The words "and" and "or" shall be construed either conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive. The word "including" shall be construed to mean without limitation.

5.      The "Relevant Time Period" is January 1, 2016, through the present.

**YOU ARE COMMANDED** to produce:

1.      All records or communications relating to the Chimpanzees. This requests includes, but is not limited to, e-mail correspondence, text messages, video, permits, animal health certificates, veterinary records, enrichment plans, fuel and/or toll receipts, and specifications, maps, or blueprints for the enclosures housing the chimpanzees.

2.      To the extent not already encompassed within the previous category, all records required to be kept by the federal Animal Welfare Act regulations, including but not limited to a written program of veterinary care for the Chimpanzees, 9 C.F.R. § 2.40(1), and other records relating to the Chimpanzees required to be kept pursuant to 9 C.F.R. § 2.75(b).

3.      To the extent not already encompassed within the previous categories, all photographs, videos, or other recordings of the Chimpanzees.

1

4.      To the extent not already encompassed within the previous categories, all communications with Andrew Sawyer, regarding a chimpanzee known as Joey, or regarding a chimpanzee known as Chloe.

5.      To the extent not already encompassed within the previous categories, all communications with The Cavalry Group, Mindy Patterson, or Mark Patterson relating to the Chimpanzees.

6.      To the extent not already encompassed within the previous categories, all communications with The Cavalry Group, Mindy Patterson, or Mark Patterson relating to PETA during the Relevant Time Period.

**YOU ARE COMMANDED** to permit entry onto:

1.      Those areas of the DeYoung Family Zoo in which the Chimpanzees are or were being held for any period of time, including but not limited to indoor enclosures, outdoor enclosures, and temporary holding enclosures.

2.      Those areas of the DeYoung Family Zoo that pertain to the maintenance and care of the Chimpanzees, including but not limited to areas where food is stored and prepared, and places where other associated supplies such as enrichment, medicine, and equipment are kept.

Counterclaim Plaintiffs request entry for the purpose of inspection and surveying, photographing and taking video footage of the Chimpanzees during interactions with staff interaction, without staff interaction, and the following designated operations:

- Your practice and procedure for monitoring the Chimpanzees' teeth and dental health care, including but not limited to taking photographs and video footage of their teeth;

- Your practice and procedure for preparing food for the Chimpanzees;

- Your practice and procedure for feeding food to the Chimpanzees;

- Your practice and procedure for all daily routine housekeeping of the enclosures of the Chimpanzees, including but not limited to cleaning;

2

- Your practice and procedure for recalling the Chimpanzees, or shifting them to particular areas within their enclosures;

- Your practice and procedure for providing enrichment for the Chimpanzees;

- Your practice and procedure for routine daily observations and monitoring of the physical and mental health of the Chimpanzees.

- Your practice and procedure for sanitizing the enclosures of the Chimpanzees;

Counterclaim Plaintiffs request that Counterclaim Defendants make available at this inspection those personnel who are necessary to ensure that Counterclaim Plaintiffs' representatives are provided complete access to the Chimpanzees and the facilities, and to direct the Chimpanzees, as needed, to perform the requested inspections.

Counterclaim Plaintiffs' representatives entering the facility to conduct the inspection will include one expert, two of Counterclaim Plaintiffs' attorneys, a photographer, and a videographer. Counterclaim Plaintiffs request up to six (6) continuous hours to complete this inspection. The inspection shall begin at 9 a.m. and continue until completed.

Case: 4:18-mc-00798-CDP    Doc. #:  18-7    Filed: 01/10/19    Page: 74 of 122 PageID
#: 294
Case 1:18-mc-00112    ECF No. 2-8 filed 12/18/18    PageID.91    Page 11 of 12

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    4:16-cv-02163

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                         *Server's signature*

                                                   _____
                                                         *Printed name and title*

                                                   _____
                                                         *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit H

Case: 4:18-mc-00798-CDP   Doc. #: 18-7   Filed: 01/10/19   Page: 77 of 122 PageID
#: 297
Case 1:18-mc-00112   ECF No. 2-9 filed 12/18/18   PageID.94   Page 2 of 4

**Jared Goodman**

| | |
|---|---|
| **From:** | Brian R. Shank <bshank@evans-dixon.com> |
| **Sent:** | Wednesday, June 13, 2018 12:47 PM |
| **To:** | Jared Goodman |
| **Cc:** | Don V. Kelly; Martina Bernstein; James P. Martin - Polsinelli (jmartin@polsinelli.com) |
| **Subject:** | RE: Missouri Primate Foundation v. PETA: Subpoenas to DeYoung Family Zoo |

Jared,

Thank you for your patience. We are not able to accept service of the amended subpoenas on behalf of the DeYoung Family Zoo.

Please let me know if you have any questions.

Thanks,
Brian

Brian R. Shank
Litigation Attorney
Evans & Dixon, L.L.C.
211 N. Broadway, Suite 2500
St. Louis, MO 63102-2727
314-552-4051 Direct Voice
314-884-4451 Direct Fax
bshank@evans-dixon.com
http://www.evans-dixon.com

**From:** Jared Goodman [mailto:JaredG@PetaF.org]
**Sent:** Tuesday, June 12, 2018 11:31 AM
**To:** Brian R. Shank
**Cc:** Don V. Kelly; Martina Bernstein; James P. Martin - Polsinelli (jmartin@polsinelli.com)
**Subject:** RE: Missouri Primate Foundation v. PETA: Subpoenas to DeYoung Family Zoo

Brian,

I am following up on the below. Can you please confirm that you will accept service of these subpoenas on your client's behalf, confirm the date of the proposed site inspection, and provide your client's desired location for the deposition?

Thank you.

Jared

Jared Goodman
Deputy General Counsel for Animal Law
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
T:  (323) 210-2266
F:  (213) 484-1648
M: (516) 319-5906

1

This message may be protected by the attorney-client privilege and/or the attorney work product doctrine. If you believe you have received this message in error, please reply to the sender that it has been sent in error and delete the message. Thank you.

**From:** Brian R. Shank <bshank@evans-dixon.com>
**Sent:** Friday, June 8, 2018 1:12 PM
**To:** Jared Goodman <JaredG@PetaF.org>
**Cc:** Don V. Kelly <dkelly@evans-dixon.com>; Martina Bernstein <MartinaB@petaf.org>; James P. Martin - Polsinelli (jmartin@polsinelli.com) <jmartin@polsinelli.com>
**Subject:** RE: Missouri Primate Foundation v. PETA: Subpoenas to DeYoung Family Zoo

Jared,

I acknowledge receiving the amended subpoenas. I will have to discuss service with my client and get back to you next week.

Thanks,
Brian

Brian R. Shank
Litigation Attorney
Evans & Dixon, L.L.C.
211 N. Broadway, Suite 2500
St. Louis, MO 63102-2727
314-552-4051 Direct Voice
314-884-4451 Direct Fax
bshank@evans-dixon.com
http://www.evans-dixon.com

---

**From:** Jared Goodman [mailto:JaredG@PetaF.org]
**Sent:** Friday, June 08, 2018 10:00 AM
**To:** Brian R. Shank
**Cc:** Don V. Kelly; Martina Bernstein; James P. Martin - Polsinelli (jmartin@polsinelli.com)
**Subject:** Missouri Primate Foundation v. PETA: Subpoenas to DeYoung Family Zoo

Mr. Shank,

I am counsel to PETA and Ms. Scott in the Missouri Primate Foundation matter. Per your discussion with my co-counsel, Jim Martin, I've attached here amended subpoenas to your client. Please confirm that you will accept service of these on your client's behalf.

Note that I have not identified a specific location for the deposition. The previous location was chosen due to its close proximity to your client, but my understanding is that it would prefer to hold the deposition at the office of its Michigan counsel. We have no objection to that location, if you could please confirm it.

Thank you.

Jared

Jared Goodman
Deputy General Counsel for Animal Law
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
T:  (323) 210-2266
F:  (213) 484-1648

M: (516) 319-5906

This message may be protected by the attorney-client privilege and/or the attorney work product doctrine. If you believe you have received this message in error, please reply to the sender that it has been sent in error and delete the message. Thank you.

CONFIDENTIALITY STATEMENT:

This communication is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender immediately to advise of the error and delete this transmission and any attachments.

IRS CIRCULAR 230 NOTICE: Any advice expressed above, including any attachment, as to tax matters was neither written nor intended by the sender or Evans & Dixon, L.L.C. to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.

Evans & Dixon, L.L.C.
Attorneys at Law
Metropolitan Square
211 N. Broadway, Suite 2500
Saint Louis, Missouri 63102-2727
(314) 621-7755
(314) 621-3136 - facsimile

CONFIDENTIALITY STATEMENT:

This communication is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender immediately to advise of the error and delete this transmission and any attachments.

IRS CIRCULAR 230 NOTICE: Any advice expressed above, including any attachment, as to tax matters was neither written nor intended by the sender or Evans & Dixon, L.L.C. to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.

Evans & Dixon, L.L.C.
Attorneys at Law
Metropolitan Square
211 N. Broadway, Suite 2500
Saint Louis, Missouri 63102-2727
(314) 621-7755
(314) 621-3136 - facsimile

# Exhibit I

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | | |
|---|---|---|
| Missouri Primate Foundation et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   4:16-cv-02163-CDP |
| People for the Ethical Treatment of Animals, Inc. et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          DeYoung Family Zoo, N5406 County Road 577, Wallace, MI 49893

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attachment A.

| Place:  Stephenson Public Library<br>1700 Hall Ave.<br>Marinette, WI 54143 | Date and Time:<br>07/23/2018 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographer

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/14/2018

| CLERK OF COURT | | |
|---|---|---|
| | OR | *[signature]* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  People for the Ethical Treatment of Animals, Inc. and Angela Scott          , who issues or requests this subpoena, are:

James Martin, Polsinelli PC, 100 S. Fourth Street, Suite 1000, St. Louis, MO 63102; 314-552-6802

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## ATTACHMENT A TO SUBPOENA TO TESTIFY AT A DEPOSITION

**TO:**   DeYoung Family Zoo
N5406 County Road 577
Wallace, MI 49893

**DEFINITIONS:**

1. "MPF" shall include the Missouri Primate Foundation, any persons or entities acting or purporting to act on its behalf, and any persons who owned chimpanzees located at the Missouri Primate Foundation from January 1, 2016, through the present.

2. The "Chimpanzees" shall mean any and all chimpanzees transferred from MPF to DeYoung Family Zoo from January 1, 2016, through the present.

3. "You" and "your" shall include the DeYoung Family Zoo and any other persons or entities acting or purporting to act at its direction or on its behalf.

4. The words "and" and "or" shall be construed either conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive. The word "including" shall be construed to mean without limitation.

**YOU ARE COMMANDED** to appear to testify at a deposition to be taken in this civil action. You must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters:

1. The housing conditions, care, and husbandry of the Chimpanzees at Missouri Primate Foundation.

2. The housing conditions, care, and husbandry of the Chimpanzees at DeYoung Family Zoo.

3. DeYoung Family Zoo's acquisition of the Chimpanzees.

4. Your communications with, or relating to, Connie Casey, Douglas Pernikoff, Andrew Sawyer, or The Cavalry Group, or any of their representatives, including but not limited to attorneys, regarding the Chimpanzees.

5. Your communications with any veterinarian or other health practitioner regarding the Chimpanzees.

64077055.1

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## AFFIDAVIT OF SERVICE

| Case:<br>4:16-CV-02163-CDP | Court:<br>UNITED STATES DISTRICT COURT | County:<br>EASTERN , MO | Job:<br>2377505 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>MISSOURI PRIMATE FOUNDATION, ET AL. | | Defendant / Respondent:<br>PEOPLE OF THE ETHICAL TREATMENT OF ANIMALS, INC., ET AL. | |
| Received by:<br>ABC PROCESS SERVICE | | For:<br>POLSINELLI PC | |
| To be served upon:<br>RECORDS CUSTODIAN FOR THE DEYOUNG FAMILY ZOO | | | |

I, Jeffrey C. Skorik , being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   *CARRIE CRAMER OF* THE DEYOUNG FAMILY ZOO, N5406 COUNTY ROAD 577, WALLACE, MI 49893

Manner of Service:       Authorized, Jun 20, 2018, 4:40 pm EDT

Documents:            ATTORNEY LETTER; SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION; ATTACHMENT A; (Received Jun 14, 2018 at 9:59am CDT)

Additional Comments:
1) Successful Attempt: Jun 20, 2018, 4:40 pm *EST* at N5406 COUNTY ROAD 577, WALLACE, MI 49893 received by *CARRIE CRAMER NAMED PARTY* or THE DEYOUNG FAMILY ZOO.

_____ 06/20/2018
Jeffrey C. Skorik            Date

ABC PROCESS SERVICE
4834 Swiss Avenue
Dallas, TX 75204
1-800-361-2611

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public

_____
Date            Commission Expires

MARY E. SKORIK
NOTARY
PUBLIC
STATE OF WISCONSIN

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Missouri

| | |
|---|---|
| Missouri Primate Foundation et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   4:16-cv-02163 |
| People for the Ethical Treatment of Animals, Inc. et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Records Custodian for the DeYoung Family Zoo, N5406 County Road 577, Wallace, MI 49893

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Polsinelli PC<br>100 S. Fourth Street, Suite 1000<br>St. Louis, MO 63102 | Date and Time:<br><br>06/27/2018 9:00 am |
|---|---|

☑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: DeYoung Family Zoo<br>N5406 County Road 577<br>Wallace, MI 49893 | Date and Time:<br><br>07/16/2018 9:00 am |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        06/14/2018

| *CLERK OF COURT* | |
|---|---|
| | OR    *[signature]* |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*        People for the Ethical Treatment of Animals, Inc. & Angela Scott_____, who issues or requests this subpoena, are:
James Martin, Polsinelli PC, 100 S. Fourth Street, Suite 1000, St. Louis, MO 63102; 314-552-6802

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case: 4:18-mc-00798-CDP   Doc. #: 18-7   Filed: 01/10/19   Page: 86 of 122 PageID
#: 306
Case 1:18-mc-00112   ECF No. 2-10 filed 12/18/18   PageID.103   Page 7 of 11

## ATTACHMENT A TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS AND TO PERMIT INSPECTION OF PREMISES

**TO:**   Records Custodian for DeYoung Family Zoo
N5406 County Road 577
Wallace, MI 49893

**DEFINITIONS:**

1.   "MPF" shall include the Missouri Primate Foundation, any persons or entities acting or purporting to act on its behalf, and any persons who owned chimpanzees located at the Missouri Primate Foundation during the Relevant Time Period.

2.   The "Chimpanzees" shall mean any and all chimpanzees transferred from MPF to DeYoung Family Zoo from January 1, 2016, through the present.

3.   "You" and "your" shall include the DeYoung Family Zoo and any other persons or entities acting or purporting to act at its direction or on its behalf.

4.   The words "and" and "or" shall be construed either conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive. The word "including" shall be construed to mean without limitation.

5.   The "Relevant Time Period" is January 1, 2016, through the present.

**YOU ARE COMMANDED** to produce:

1.   All records or communications relating to the Chimpanzees. This requests includes, but is not limited to, e-mail correspondence, text messages, video, permits, animal health certificates, veterinary records, enrichment plans, fuel and/or toll receipts, and specifications, maps, or blueprints for the enclosures housing the chimpanzees.

2.   To the extent not already encompassed within the previous category, all records required to be kept by the federal Animal Welfare Act regulations, including but not limited to a written program of veterinary care for the Chimpanzees, 9 C.F.R. § 2.40(1), and other records relating to the Chimpanzees required to be kept pursuant to 9 C.F.R. § 2.75(b).

3.   To the extent not already encompassed within the previous categories, all photographs, videos, or other recordings of the Chimpanzees.

64077075.1

1

4.    To the extent not already encompassed within the previous categories, all communications with Andrew Sawyer, regarding a chimpanzee known as Joey, or regarding a chimpanzee known as Chloe.

5.    To the extent not already encompassed within the previous categories, all communications with The Cavalry Group, Mindy Patterson, or Mark Patterson relating to the Chimpanzees.

6.    To the extent not already encompassed within the previous categories, all communications with The Cavalry Group, Mindy Patterson, or Mark Patterson relating to PETA during the Relevant Time Period.

**YOU ARE COMMANDED** to permit entry onto:

1.    Those areas of the DeYoung Family Zoo in which the Chimpanzees are or were being held for any period of time, including but not limited to indoor enclosures, outdoor enclosures, and temporary holding enclosures.

2.    Those areas of the DeYoung Family Zoo that pertain to the maintenance and care of the Chimpanzees, including but not limited to areas where food is stored and prepared, and places where other associated supplies such as enrichment, medicine, and equipment are kept.

Counterclaim Plaintiffs request entry for the purpose of inspection and surveying, photographing and taking video footage of the Chimpanzees during interactions with staff interaction, without staff interaction, and the following designated operations:

- Your practice and procedure for monitoring the Chimpanzees' teeth and dental health care, including but not limited to taking photographs and video footage of their teeth;
- Your practice and procedure for preparing food for the Chimpanzees;
- Your practice and procedure for feeding food to the Chimpanzees;
- Your practice and procedure for all daily routine housekeeping of the enclosures of the Chimpanzees, including but not limited to cleaning;

- Your practice and procedure for recalling the Chimpanzees, or shifting them to particular areas within their enclosures;
- Your practice and procedure for providing enrichment for the Chimpanzees;
- Your practice and procedure for routine daily observations and monitoring of the physical and mental health of the Chimpanzees.
- Your practice and procedure for sanitizing the enclosures of the Chimpanzees;

Counterclaim Plaintiffs request that Counterclaim Defendants make available at this inspection those personnel who are necessary to ensure that Counterclaim Plaintiffs' representatives are provided complete access to the Chimpanzees and the facilities, and to direct the Chimpanzees, as needed, to perform the requested inspections.

Counterclaim Plaintiffs' representatives entering the facility to conduct the inspection will include one expert, two of Counterclaim Plaintiffs' attorneys, a photographer, and a videographer. Counterclaim Plaintiffs request up to six (6) continuous hours to complete this inspection. The inspection shall begin at 9 a.m. and continue until completed.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Case: 4:18-mc-00798-CDP    Doc. #: 18-7    Filed: 01/10/19    Page: 90 of 122 PageID
#: 310
Case 1:18-mc-00112   ECF No. 2-10 filed 12/18/18   PageID.107   Page 11 of 11

## AFFIDAVIT OF SERVICE

| Case: | Court: | County: | Job: |
|---|---|---|---|
| 4:16-CV-02163-CDP | UNITED STATES DISTRICT COURT | EASTERN , MO | 2377505 |

| Plaintiff / Petitioner: | Defendant / Respondent: |
|---|---|
| MISSOURI PRIMATE FOUNDATION, ET AL. | PEOPLE OF THE ETHICAL TREATMENT OF ANIMALS, INC., ET AL. |

| Received by: | For: |
|---|---|
| ABC PROCESS SERVICE | POLSINELLI PC |

| To be served upon: |
|---|
| RECORDS CUSTODIAN FOR THE DEYOUNG FAMILY ZOO |

I, Jeffrey C. Skorik , being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** HAROLD DEYOUNG, PRESIDENT for THE DEYOUNG FAMILY ZOO, N5406 COUNTY ROAD 577, WALLACE, MI 49893

**Manner of Service:** Authorized, Jun 20, 2018, 4:40 pm EDT

**Documents:** ATTORNEY LETTER; SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION; ATTACHMENT A; (Received Jun 14, 2018 at 9:59am CDT)

**Additional Comments:**
1) Successful Attempt: Jun 20, 2018, 4:40 pm CST ht N5406 COUNTY ROAD 577, WALLACE, MI 49893 received by HAROLD DEYOUNG, PRESIDENT for THE DEYOUNG FAMILY ZOO.

_Jeffrey Skorik_                     06/20/2018
Jeffrey C. Skorik                        Date

ABC PROCESS SERVICE
4834 Swiss Avenue
Dallas, TX 75204
1-800-361-2611

_Subscribed and sworn to before me by the affiant who is
personally known to me._

_Mary E._
Notary Public

Date                    Commission Expires

MARY E. SKORIK
NOTARY
PUBLIC
STATE OF WISCONSIN

Exhibit J

# KENDRICKS BORDEAU
## KEEFE SEAVOY & LARSEN, PC
──────── ATTORNEYS AT LAW ────────

RONALD D. KEEFE
KENNETH J. SEAVOY*
SUZANNE CURRY LARSEN
LAURA KATERS REILLY**
NELS A. CHRISTOPHERSON

Of Counsel
STEPHEN F. ADAMINI
WILLIAM R. SMITH
RONALD E. GREENLEE

*Also Certified Public Accountant
**Also Licensed in Wisconsin

128 WEST SPRING STREET • MARQUETTE, MICHIGAN 49855
TELEPHONE (906) 226-2543 • FAX (906) 226-2819
www.kendrickslaw.com

BRANDON J. EVANS**
ERICA N. PAYNE
TAMI M. SEAVOY
PATRICIA E. DAVIS**‡
PATRICK C. GREELEY**

HOUGHTON COUNTY OFFICE
CORNER OF QUINCY & RESERVATION
HANCOCK, MICHIGAN 49930
TELEPHONE (906) 482-4288

‡ Also Licensed in Minnesota

June 26, 2018

<u>Via Email and Regular Mail to:</u>
James Martin
Polsinelli, PC
100 S. Fourth Street, Suite 1000
St. Louis, Missouri 63102
jmartin@polsinelli.com

Re:  *Missouri Primate Foundation v People for the Ethical Treatment of Animals, Inc.*

Dear Mr. Martin:

Please be advised that we represent DeYoung Family Zoo, LLC ("DeYoung") in connection with the Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises In a Civil Matter and also a Subpoena to Testify at a Deposition In a Civil Matter (collectively the "Subpoenas") you served on June 20, 2018 seeking production of certain documents by tomorrow, June 27, 2018, an inspection of the DeYoung facility, and deposition testimony.

Pursuant to Fed. R. Civ. P. 45(d), please consider this correspondence to be written objections to the Subpoenas addressed to "Records Custodian for the DeYoung Family Zoo."

## OBJECTIONS

1.    DeYoung objects to the Subpoenas in their entirety because they seek confidential and proprietary commercial information of DeYoung.

2.    DeYoung objects to the Subpoenas in their entirety because they are not relevant to the above-captioned action.

3.    DeYoung objects to the Subpoenas in their entirety because they are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits.

4.    DeYoung objects to the Subpoenas in their entirety because they are not reasonably calculated to lead to discovery of admissible evidence in this case involving the conduct of Plaintiffs at a facility in Missouri unrelated to the DeYoung facility in Michigan.

Page 2
June 26, 2018

   5.    DeYoung objects to the Subpoenas in their entirety because they are unduly burdensome and intended to harass and annoy DeYoung, a party with which PETA has previously been engaged in litigation in Michigan and to which and about which PETA has sent demand letters and USDA requests in the past.

   6.    DeYoung objects to the inspection of the premises because it is overbroad in scope and vague and ambiguous as written, in that it contains no limitations on the time, scope, attendees, and protocol of the proposed inspection.

   7.    DeYoung objects to any inspection, deposition or production of documents, without a fully-executed Protective Order in place as to the conduct, locations, and persons allowed at the inspection; limiting the use of any such discovery to the instant lawsuit in Missouri; and requiring any such discovery to be returned to attorneys for DeYoung upon resolution of this case.

   8.    DeYoung objects to the Subpoenas to the extent that they can be read to implicate two different jurisdictions, namely federal courts in both Michigan and Wisconsin, requiring motions in two separate courts, in order to properly contest the Subpoenas.

   9.    DeYoung objects to the Subpoenas to the extent they may seek information protected from disclosure by the attorney-client privilege, joint defense, and/or work product doctrine and/or any other protected information.

   10.    DeYoung objects to the Subpoenas in their entirety as written because PETA can obtain the requested information or its substantial equivalent from the parties to this lawsuit and because, on information and belief, PETA has failed to request such information in discovery, thereby violating its duty under Rule 45 to avoid imposing undue burden and expense on non-party DeYoung.

   11.    With respect to the document production, DeYoung objects that the place of compliance for the production, Missouri, does not comply with Federal Rule of Civil Procedure 45(c)(2)(a), which requires that production of documents, electronically stored information, or tangible things be produced at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person. DeYoung further objects that the production does not provide a reasonable time to comply with the Subpoena. DeYoung further objects that the production is unreasonably vague in that it does not restrict the documents to those documents in the possession of DeYoung.

   Please provide a time to meet and confer by telephone with respect to the foregoing objections. In addition, prior to the meet and confer, please provide a copy of all pleadings upon which your relevancy arguments are to be based so that we may review them and evaluate your position. Thank you.

Cordially,

Brandon J. Evans

Exhibit K

**Jared Goodman**

| | |
|---|---|
| **From:** | Patrick C. Greeley <PGreeley@kendrickslaw.com> |
| **Sent:** | Tuesday, July 10, 2018 6:59 AM |
| **To:** | Jared Goodman |
| **Cc:** | Brandon J. Evans; James P. Martin; Martina Bernstein |
| **Subject:** | RE: DeYoung: Confidentiality Agreement |
| **Attachments:** | NDA - PETA-DFZ (00360797-9xC6491).docx |

Jared,

Unfortunately, the Zoo has been unable to obtain an expert.  Further, my client is still working with the USDA to determine how to move forward with the inspection in a manner that does not violate USDA regulation.

As a result, the Zoo cannot move forward with the inspection on the 16th.  As discussed, please provide new dates.

Attached please find the redlined NDA.

Thanks.
Pat

Patrick C. Greeley
Attorney at Law
Kendricks, Bordeau, Keefe, Seavoy & Larsen, P.C.
128 West Spring Street
Marquette, MI  49855
Ph: 906.226.2543
Fx: 906.226.2819
Email: pgreeley@kendrickslaw.com
Web:  www.kendrickslaw.com
Houghton County Office: (906) 482-4288

This email may contain confidential and privileged material for the sole use of the intended recipient(s).  Any unintended review, use, distribution, or disclosure is prohibited.   If you have received this message in error, please contact the sender.

**From:** Jared Goodman [mailto:JaredG@PetaF.org]
**Sent:** Monday, July 09, 2018 10:33 PM
**To:** Patrick C. Greeley
**Cc:** Brandon J. Evans; James P. Martin; Martina Bernstein
**Subject:** RE: DeYoung: Confidentiality Agreement

Pat,

Thank you. Do you have any update as to whether we can move forward with the inspection a week from today?

Jared

Jared Goodman
Deputy General Counsel for Animal Law
PETA Foundation
2154 W. Sunset Blvd.

Los Angeles, CA 90026
T: (323) 210-2266
F: (213) 484-1648
M: (516) 319-5906

This message may be protected by the attorney-client privilege and/or the attorney work product doctrine. If you believe you have received this message in error, please reply to the sender that it has been sent in error and delete the message. Thank you.

**From:** Patrick C. Greeley <PGreeley@kendrickslaw.com>
**Sent:** Monday, July 9, 2018 7:10 PM
**To:** Jared Goodman <JaredG@PetaF.org>
**Cc:** Brandon J. Evans <bevans@kendrickslaw.com>; James P. Martin <jmartin@polsinelli.com>; Martina Bernstein <MartinaB@petaf.org>
**Subject:** Re: DeYoung: Confidentiality Agreement

Jared,

My client just sent me the Zoo's final revisions to the confidentiality agreement.  I will make those revisions and forward to you first thing in the morning.

Thanks.
Pat

Sent from my iPhone

On Jul 1, 2018, at 1:01 PM, Jared Goodman <JaredG@PetaF.org> wrote:

Apologies. The file is attached here.

<MFP - NDA with DeYoung Family Zoo (00313663-3xB39F9).docx>

On Jul 1, 2018, at 9:55 AM, Jared Goodman <JaredG@PetaF.org> wrote:

Pat and Brandon,

Per your request, please find attached a draft confidentiality and nondisclosure agreement for your consideration.

This also confirms our discussion that on our conference on Tuesday, you will be providing a date certain for the production of documents and confirm your client's agreement that the site inspection of its facility will move forward on July 16 and deposition of its representative on July 23.

Thank you.

Jared

Jared Goodman
Deputy General Counsel for Animal Law
PETA Foundation

2

2154 W. Sunset Blvd.
Los Angeles, CA 90026
T: (323) 210-2266
F: (213) 484-1648
M: (516) 319-5906
This message may be protected by the attorney-client privilege and/or the attorney work product doctrine. If you believe you have received this message in error, please reply to the sender that it has been sent in error and delete the message. Thank you.

3

Formatted: Header

Formatted: Footer distance from edge:  0.62"

## CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT

This Confidentiality and Non-Disclosure Agreement (this "Agreement") is entered into this ___ day of _____, 2018 (the "Effective Date"), by and between People for the Ethical Treatment of Animals, Inc. ("PETA" or a "Receiving Party"), Angela Scott (, Missouri Primate Foundation, Connie Braun Casey, Andrew Sawyer, and _____ [ANY OTHER PARTIES] (each a "Receiving Party" and together with PETA, the "Receiving Parties"), and DeYoung Family Zoo, LLC, located at N5406 County Road 577, Wallace, MI 49893 (the "Zoo")(" or the "Disclosing Party" and together with the Receiving Parties, the "Parties").

### PREAMBLE

WHEREAS, the Receiving Parties are parties to that certain litigation styled as Missouri Primate Foundation et al. v. People for the Ethical Treatment of Animals, Inc. et al., Civil Action No. 4:16-cv-02163 in the United States District Court for the Eastern District of Missouri (as may be appealed, remanded, sent to mediation or arbitration, or otherwise modified in the course of litigations, the "Litigation" and such parties to the Litigation, the "Litigation Group") and

WHEREAS, the Disclosing Party has received a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and a Subpoena to Testify at a Deposition in a Civil Action, each in connection with the Litigation (the "Subpoenas").

WHEREAS, the Disclosing Party and PETA were previously engaged in litigation and have a long adversarial history, and the Disclosing Party is concerned that the Receiving Parties will utilize the information obtained through the Subpoenas to inflict improper harm upon the Disclosing Party.

NOW, THEREFORE, in connection with the foregoing and the rights and obligations set forth herein, the Parties hereby agree as follows:

1. **Confidential and Proprietary Information**
   a. Definition of "Confidential and Proprietary Information".  For purposes of this Agreement, "Confidential and Proprietary Information" shall refer to confidential non-public information or material disclosed by the Disclosing Party to the Receiving Parties during a deposition or in response to a request for production, either orally or, in writing, or observed, photographed or videotaped by the Receiving Parties at the inspection, in each case directly as a result of a Subpoena, and identified as confidential or proprietary at the time of disclosure by the Disclosing Party, which is technical, financial, or personal information or constitutes a trade secret and constitutes one or more of the following:
      i. Information concerning or relating to the Disclosing Party's donors and prospective donors.
      ii. Information concerning the Disclosing Party's financial prospects or condition, and any communications with the Disclosing Party's accountants

Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, ... + Start at: 1 + Alignment: Left + Aligned at:  0.03" + Indent at:  0.28"

Formatted: Numbered + Level: 2 + Numbering Style: a, b, c, ... + Start at: 1 + Alignment: Left + Aligned at:  0.53" + Indent at:  0.78"

Formatted: Numbered + Level: 3 + Numbering Style: i, ii, iii, ... + Start at: 1 + Alignment: Left + Aligned at:  1.07" + Indent at:  1.28"

Formatted: Footer

or financial auditors concerning the Disclosing Party's financial prospects or condition.

iii. Information contained in the Disclosing Party's personnel files.

iv. Information concerning the Disclosing Party's marketing plans or market research.

v. Information concerning the Disclosing Party's software, programming techniques and programming concepts, methods of processing, system designs embodied in the Disclosing Party's software, and processes relating to the Disclosing Party's software.

vi. Information concerning the Disclosing Party's business strategy.

vii. Information concerning the husbandry practices of the Zoo, including, but not limited to the care, maintenance, feeding, management, enrichment, and housing.  The Parties acknowledge that the information concerning the husbandry practices of the Zoo constitutes Confidential and Proprietary Information.

viii. Information obtained during the inspection at any portion of the inspection that occurs in non public areas, which shall constitute Confidential and Proprietary Information.  The non public areas include, but are not limited to the Chimpanzee Building, the Indoor and Outdoor Habitats.

vii.ix. All forms of the information provided by the Disclosing Party contained in this paragraph, whether originals, copies, written, verbal, printed, electronic, digital, or any other form

b. Non-Disclosure of Confidential and Proprietary Information.  Other than as specifically set forth herein or with the consent of the Disclosing Party or any of its agents or representatives, and except as otherwise required by any law, rule, regulation, order, or request of a court, tribunal, or other governmental agency, the Receiving Parties shall keep, and shall cause their respective representatives to keep, the existence of the Agreement, all Confidential and Proprietary Information, and the existence of receipt of the Confidential and Proprietary Information strictly confidential and shall not disclose or reveal, and shall cause their respective representatives not to disclose or reveal, in whole or in part, any Confidential and Proprietary Information to any person, other than to their respective representatives, or persons or entities who need to know the Confidential and Proprietary Information in connection with the Litigation, including the Litigation Group, the United States District Court for the Eastern District of Missouri and its employees, any appellate court and its respective employees, or any arbitrator, arbitration group or agency and its respective employees or representatives.  To the extent that the Receiving Parties desire or are requested or required (by applicable law, rule, or regulation, oral questions, interrogatories, requests for information, documents in legal proceedings, subpoena, civil investigative demand, or FOIA request or other similar process) to disclose any of the Confidential and Proprietary Information, the Receiving Parties shall provide the Zoo with prompt notice of any such request or requirement so that the Zoo may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Agreement. If, in the absence of a protective order or other remedy or the receipt of a waiver by the Zoo, the Receiving Parties

are, nonetheless, in the opinion of his legal counsel, legally compelled to disclose Confidential and Proprietary Information, the Receiving Parties may without liability hereunder disclose only that portion of the Confidential Information which such counsel advises Receiving Parties are legally required to be disclosed, provided that Receiving Parties, as the case may be, shall use all reasonable efforts to preserve the confidentiality of the Confidential and Proprietary Information, including, without limitation, by cooperating with the efforts of the Zoo to obtain an appropriate protective order or other reliable assurance that confidential treatment will be afforded the Confidential Information by such tribunal.  Without limiting the foregoing, if the Receiving Parties are compelled to disclose Confidential and Proprietary Information, they shall seek a protective order in a court of competent jurisdiction.  The Receiving Parties shall not rely upon any information obtained pursuant to this Agreement or the Subpoenas in filing a lawsuit against the Zoo.  To the extent the Receiving Parties file a lawsuit against the Zoo utilizing any information obtained through this Agreement or the Subpoenas, the entire lawsuit, regardless whether additional claims based on non-confidential information exist, shall be dismissed with prejudice.

c.  Designation as Confidential and Proprietary Information.

   i. All Confidential and Proprietary Information in the form of physical objects or documents shall be designated by stamping or affixing on the face of each document and on each page or portion thereof "Confidential" (in either lower case or upper case letters) or by designating the material as Confidential and Proprietary Information in accompanying correspondence, email, or similar transmissions.

   ii. All Confidential and Proprietary Information in the form of software or digital material stored on an electronic storage device shall be designated confidential by placing a "Confidential" legend on the device itself, if possible, or by designating the material as Confidential in accompanying correspondence, email, or similar transmission.

   iii. Testimony given at a deposition or hearing and the resulting transcript may be designated as Confidential and Proprietary Information within thirty (30) days after receipt of a copy of the transcript by advising the opposing party and the stenographer in writing of the specific page and line numbers designated as Confidential and Proprietary Information. Pages of transcribed testimony or exhibits designated as Confidential and Proprietary Information shall be separately bound by the court reporter.  All copies of deposition transcripts that contain information or material designated shall be marked "Confidential" on the cover of the deposition.

   iv. A Disclosing Party who has designated information as Confidential and Proprietary Information may withdraw the designation by written notification to all Parties.

d.  Public Information. Confidential and Proprietary Information shall not include information or materials that (i) is or becomes generally available to the public (including persons who gain admission to the Zoo) other than as a result of any

**Formatted:** Header

disclosure or other action or inaction by the Receiving Parties in breach of this Agreement (including any disclosure or other action or inaction by the representatives of a Receiving Party that would constitute a breach of this Agreement if undertaking by such Receiving Party itself); (ii) is or becomes known or available to either Receiving Party or any of its representatives on a non-confidential basis from a source (other than the Disclosing Party or any of the Disclosing Party's representatives) that, to the best of the knowledge of the Receiving Party receiving such information, is not prohibited from disclosing such Confidential and Proprietary Information to the Receiving Party by a contractual or fiduciary obligation; or (iii) is or was independently developed by a Receiving Party or any of such Receiving Party's representatives without violation of any obligation under this Agreement.

e.  <u>Usage in Litigation</u>. The Parties acknowledge and agree that the Confidential and Proprietary Information shall be used in the Litigation. Without limiting the generality of any other provision contained in this Agreement, the Confidential and Proprietary Information may be disclosed to the following:

> **Formatted:** Numbered + Level: 2 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at: 0.53" + Indent at: 0.78"

i.  Officers, directors, employees or consultants of a Receiving Party as part of their assistance with preparing, prosecuting or trying the Litigation, but only to the extent necessary to allow them to provide that assistance.

> **Formatted:** Numbered + Level: 3 + Numbering Style: i, ii, iii, … + Start at: 1 + Alignment: Left + Aligned at: 1.07" + Indent at: 1.28"

ii.  Outside counsel for the respective Parties, including their clerical, litigation support and paralegal employees.

iii.  Outside experts retained to assist counsel for any member of the Litigation Group who are specifically engaged by counsel or any member of the Litigation Group to assist in the Litigation.

iv.  Any witness or his or her counsel in preparation for a deposition or otherwise testifying in the Litigation, who shall be provided prior to or at the outset of the deposition, hearing or trial with a copy of this Agreement on record at the deposition./ In such instance, the deponent shall be bound by the provisions of this Agreement and shall be informed that the deponent is bound by its terms. Neither a witness nor his or her counsel shall be permitted to retain a copy of the Confidential and Proprietary Information unless otherwise permitted by the terms of this Stipulated Protective Order.

v.  Any court reporter, stenographer or video recorder operator retained by any member of the Litigation Group to record a deposition or court hearing in the Litigation.

vi.  Any outside copy services or litigation support services whose function requires them to have access to the Confidential and Proprietary Information.

vii.  A tribunal (including any magistrate, court, mediator, arbitrator, special master) associated with the Litigation, its personnel, officers, stenographers,

> **Formatted:** Footer

Formatted: Header

and any other person designated by such tribunal in the Litigation in the interest of justice, upon such terms as such tribunal may deem proper.

The Receiving Parties shall cause any party receiving Confidential and Proprietary Information under this Section 1(e) to keep said information Confidential as required by Section 1(b) herein. To the extent that any of the foregoing parties outlined in (i)–(vii) above improperly discloses the Confidential and Proprietary Information, the Receiving Parties shall be held jointly and severally liable for the disclosure of confidential information. To the extent that the Receiving Parties desire to file the Confidential and Proprietary Information with any court, the Receiving Parties shall file said Confidential and Proprietary Information under seal, and shall serve a copy of the foregoing filing upon the Zoo promptly after filing. Receiving Parties shall not use the Confidential and Proprietary Information in any other litigation.

f.  Disputes over Designation(s).

Formatted: Numbered + Level: 2 + Numbering Style: a, b, c, ... + Start at: 1 + Alignment: Left + Aligned at:  0.53" + Indent at: 0.78"

Formatted: Numbered + Level: 3 + Numbering Style: i, ii, iii, ... + Start at: 1 + Alignment: Left + Aligned at:  1.07" + Indent at: 1.28"

    i.  The Receiving Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Disclosing Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, the Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    ii.  If the Receiving Party disputes a designation of confidentiality, the Party shall notify the Disclosing Party in writing of the basis for the dispute (the "Objection"), identifying the specific designations which are disputed and proposing a new designation. The Parties shall then meet and confer to attempt to resolve the Objection without involvement of the Court. The ~~parties~~Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice of the Objection.

    iii.  If the Parties cannot resolve the Objection without court intervention, the Receiving Party may file and serve a motion to revoke or modify a designation. If the Receiving Party files such a motion, the Disclosing Party bears the burden of proving that the materials are properly designated as confidential. The materials shall remain subject to the Disclosing Party's designation until the Court rules on the dispute.

    iv.  The Disclosing Party's designation of materials as confidential or a Party's failure to contest a designation of information as confidential is not an admission that the information was properly designated, and it is not determinative of whether such materials are entitled to be deemed as such.

    v.  Any disputes with respect to designation shall take place in the United States District Court for the Western District of Michigan.

g.  Treatment of Confidential Information. At the conclusion of the Litigation, the Receiving Parties shall promptly destroy all memoranda, emails, photos, videos,

Formatted: Footer

Formatted: Header

documents, notes, and other writings received, possessed, created, or prepared based upon Confidential or Proprietary Information obtained under this Agreement or the Subpoenas. Further, at the conclusion of the Litigation, the Receiving Party shall instruct and ensure that all parties who have received, possessed, created, or prepared any memoranda, emails, photos, videos, documents, notes, and other writings based upon or relating to the Subpoenas or the Confidential and Proprietary Information to destroy said memoranda, emails, photos, videos, documents, notes, and other writings. The Receiving Parties shall provide certification to the Zoo that Receiving Parties has fully complied with the requirements of this Section. Receiving Parties will not make any copies of the Confidential Information except as provided herein. All of the provisions of this Agreement shall survive the return of the Confidential Information to Zoo and the termination of this Agreement. Failure of any party to destroy the memoranda, emails, photos, videos, documents, notes, and other writings as required herein shall be deemed a material breach of this Agreement.

**h.** Ownership. The Confidential and Proprietary Information is owned solely and exclusively by the Zoo, shall remain the exclusive property of the Zoo, and Receiving Parties shall have no right, title, or interest in or to any of the Confidential and Proprietary Information or any material developed therefrom. The Receiving Parties are not granted a license with regard to the Confidential and Proprietary Information, and this Agreement does not authorize or imply any rights of use of the Confidential and Proprietary Information other than as expressly set forth herein. The Receiving Parties acknowledges and agrees that it is acquiring only the right to use the Confidential and Proprietary Information as set forth herein.

**i.** Use. At no time shall Receiving Parties use or permit any third party to use the Confidential Information for the benefit of itself or any other third party or in any manner adverse to, or to the detriment of, the Zoo or its affiliates or their respective shareholders, except as expressly permitted herein. Without limiting the foregoing, PETA shall not utilize any information obtained through the Subpoenas for its own Zoos, Sanctuary, or care of animals.

Formatted: Normal, No bullets or numbering

**2.** **Remedies.** The Receiving Parties acknowledge that a violation of this Agreement may subject the Disclosing Party to harm for which there is no adequate remedy at law. In the event of a violation of any provision of this Agreement, the Disclosing Party shall have the option to seek injunctive relief, in addition to any other existing rights provided in this Agreement or by operation of law, without the requirement of posting bond. The Receiving Parties agree that should he breach the preceding confidentiality agreement, it will not be necessary for Zoo to prove actual damages as a result of his breach. The Parties agree that Receiving Parties shall pay liquidated damages to the Zoo in the amount of $200,000.00 for each breach of this Agreement. The Receiving Parties will also pay reasonable costs and reasonable attorney fees incurred by the Zoo resulting from a breach of this Agreement. Any disputes with respect to this Section 2 shall take place in the United States District Court for the Western District of Michigan. The Parties agree that it is difficult to quantify actual damages, and the agreed upon sum bears a reasonable relationship to those anticipated damages. The foregoing remedies are in addition to any remedies available at law, including

Formatted: Numbered + Level: 1 + Numbering Style: 1, 2, 3, ... + Start at: 1 + Alignment: Left + Aligned at: 0.03" + Indent at: 0.28"

Formatted: Footer

{00360797-9}                                            6

the Michigan Uniform Trade Secrets Act and the Defend Trade Secrets Act.

> *Formatted: Header*

> *Formatted: Font: Arial, 10 pt, Not Bold, Font color: Text/Background 3*

3. **Survival.** This Agreement shall terminate two (2twelve (12) years after the Effective Date.

4. **Miscellaneous**

    a. Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the CommonwealthState of VirginiaMichigan, without reference to conflict of laws principles.

> *Formatted: Numbered + Level: 2 + Numbering Style: a, b, c, ... + Start at: 1 + Alignment: Left + Aligned at: 0.53" + Indent at: 0.78"*

    b. Entire Agreement. This Agreement constitutes the entire understanding between the Parties concerning the matters contained herein, and this Agreement supersedes all prior and contemporaneous communications, if any, whether oral or written, between the Parties concerning matters contained herein.

    c. No Third Party Beneficiaries. This Agreement is for the benefit of the Parties only and shall not inure to the benefit of, nor be binding or enforceable by, any other persons.

> *Formatted: Numbered + Level: 2 + Numbering Style: a, b, c, ... + Start at: 1 + Alignment: Left + Aligned at: 0.53" + Indent at: 0.78"*

    d. Representation. PETA and Angela Scott represent and warrant that the inspection outlined herein and required by the Subpoena will not violate the Endangered Species Act, the Animal Welfare Act, or any other federal, state, or local law, rule, regulation or ordinance.

    e. Authority. The individual signing below for his or her respective party represents and warrants that he or she is duly authorized to sign on behalf of and bind his or her party to the terms of this Agreement.

    f. Video and Photography. At the conclusion of the inspection, and prior to leaving the premises, the Receiving Party shall provide to the Zoo a copy of all photos and videos taken during the inspection.

    g. Inspection Guidelines and Restrictions. The Zoo is concerned that the inspection may be a violation of the Endangered Species Act and the Animal Welfare Act. The Zoo is not licensed under the USDA to allow the public to walk through certain areas of the Zoo, including the Chimpanzee House and the Outdoor Habitat. Prior to any inspection, the USDA must: (1) approve the proposed inspection; (2) state that the inspection does not violate USDA regulation or any other law or regulations; and (3) state that the Zoo will not be responsible for the actions of the Receiving Parties, their agents, or the chimpanzees during the inspection. The inspection shall be administered in a manner that prevents the harassment and annoyance of the chimpanzees subject to the inspection. If at any time, the Zoo believes that the inspection is causing harm to the chimpanzees, it can temporarily suspend the inspection to allow the chimpanzees time to rest. If the Zoo determines that a violation of the ESA or AWA will occur as a result of an inspection, the Zoo can

> *Formatted: Footer*

{00360797-9}             7

Formatted: Header

propose an alternate method of inspection that will not violate the ESA. If the parties cannot agree upon an alternate method of inspection, PETA shall have the right to seek an order in the Western District of Michigan compelling the inspection. At all times during the inspection, a Zoo representative shall accompany the individuals attending the inspection. To minimize any potential anxiety the inspection may cause the chimpanzees, the Parties shall comply with the following restrictions:

  i. The Receiving Parties or their agents shall not violate the Endangered Species Act and the Animal Welfare Act. Any violation of these statutes will be grounds for a lawsuit by the Zoo against any violating individual.
  ii. The Receiving Parties shall provide a complete list of all individuals who will be present at the inspection, including state issued identification with photographic identification.
  iii. The Videographer and all Experts shall be no less than ___ feet from the Chimpanzees at all times.
  iv. The Videographer and all Experts shall comply with USDA regulation.
  v. All people attending the inspection shall present evidence of a negative TB test.
  vi. All people attending the inspection shall wear protective booties, gloves, facemasks and goggles at all times.
  vii. All people attending the inspection shall notify the Zoo if they have been feeling ill or if they have been exposed to anyone who is ill or has had the flu within the seven days immediately preceding the inspection.
  viii. No PETA employees shall be present during the inspection.
  ix. PETA and Angela Scott (collectively) shall be entitled to no more than one lawyer, one videographer/photographer (the same person), and one expert. Notwithstanding the foregoing, the lawyer shall not take part in the inspection when it occurs in an area that is not open to the public.t.
  x. The Missouri Primate Foundation, Connie Braun Casey, and Andrew Sawyer (collectively) shall be entitled to no more than one lawyer and one expert. Notwithstanding the foregoing, the lawyer shall not take part in the inspection when it occurs in an area that is not open to the public.

h. Inspection Damages. If the inspection results in damage or harm to the Chimpanzees, the Zoo, or Zoo staff, the Receiving Parties shall reimburse the Zoo for said damages or harm.

i. USDA. The Parties acknowledge that the Zoo is licensed with the USDA and must abide by all USDA requirements, including any and all restrictions as to access in areas not open to the public.

j. Severability. Whenever possible, each provision of this Agreement shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision hereof is held to be invalid, illegal, or unenforceable under any applicable Michigan law or rule, such provision will be ineffective only to the extent

Formatted: Footer

Formatted: Header

of such invalidity, illegality, or unenforceability, without invalidating the remainder of this Agreement.

k.   Amendment; Waiver. This Agreement may not be modified or amended and no provision may be waived, in whole or in part, except by a written agreement signed by the Zoo. No waiver of any breach or default hereunder shall be considered valid unless in writing, and no such waiver shall be deemed a waiver of any other provision or any subsequent breach or default of the same or similar nature.

l.   Reasonableness of Restrictions. The Receiving Parties agree that they have carefully considered the nature and extent of the restrictions upon it and the rights and remedies conferred upon the Parties under this Agreement.  The Receiving Parties acknowledge and agree that the covenants contained in this Agreement are supported by good and valuable consideration, are reasonable in time, and are reasonably necessary to protect the legitimate business interests of the Zoo.

d.m.   Indemnification. Receiving Parties agree to indemnify and hold the Zoo harmless from and against any and all claims, causes of action, losses, damages, liabilities, costs, and expenses (including reasonable attorney fees) arising out of or related to the breach or threatened breach of this Agreement by the Receiving Parties.  Without limiting the foregoing, the Receiving Parties shall agree to indemnify and hold the Zoo harmless from any and all claims, causes of action, losses, damages, liabilities, costs, and expenses (including reasonable attorney fees) arising out of or related to the inspection of the Zoo, including any claims that the Zoo knowingly allowed a violation of the Endangered Species Act or the Animal Welfare Act.

Formatted: Numbered + Level: 2 + Numbering Style: a, b, c, ... + Start at: 1 + Alignment: Left + Aligned at:  0.53" + Indent at:  0.78"

e.n.Signatures. This Agreement may be signed using electronic means, including Adobe Acrobat, and electronic signatures shall be binding on all partiesParties and have the same effect as original signatures.

[Remainder of Page Intentionally Left Blank]

Formatted: Footer

Formatted: Header

IN WITNESS WHEREOF, the parties hereto have executed this agreement as of the Effective Date.

DEYOUNG FAMILY ZOO

By:_____
Name:_____
Title:_____

PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.

By:_____
Name:_____
Title:_____

_____
Angela Scott

MISSOURI PRIMATE FOUNDATION

By:_____
Name:_____
Title:_____

_____
Connie Braun Casey

_____
Andrew Sawyer

Formatted: Footer

{00360797-9}_____  10

# Exhibit L

Case: 4:18-mc-00798-CDP    Doc. #: 18-7    Filed: 01/10/19    Page: 109 of 122 PageID
#: 329
Case 1:18-mc-00112   ECF No. 2-13 filed 12/18/18   PageID.126   Page 2 of 6

## Jared Goodman

| | |
|---|---|
| **From:** | Patrick C. Greeley <PGreeley@kendrickslaw.com> |
| **Sent:** | Wednesday, July 25, 2018 8:27 AM |
| **To:** | Jared Goodman |
| **Cc:** | Brandon J. Evans; 'James P. Martin'; Martina Bernstein |
| **Subject:** | RE: DeYoung: Confidentiality Agreement |
| **Attachments:** | Redline (PCG Comments) (00364850-2xC6491).docx |

Jared,

We have reviewed your comments and I have added comments into the Redline you provided addressing the issues you have raised.

I also want to notify you of an issue that has arisen. Our contact at the zoo, the person in charge of managing the Zoo and compliance with federal and state law, was admitted to her local hospital last Thursday and has been diagnosed with atypical pneumonia. The hospital believes there are other issues at play, but has been unable to diagnose those issues. She may be transferred to a different hospital, two hours away, for additional testing and care. I did speak with her briefly yesterday about the confidentiality agreement, but she is unable to string together more than a couple words without gasping for air.

While we can continue to work towards the confidentiality agreement, it will likely take more time to complete in light of the foregoing. To keep things moving, please forward the settlement agreement to the other parties that may receive documents or attend the deposition/inspection.

Thanks.
Pat

Patrick C. Greeley
Attorney at Law
Kendricks, Bordeau, Keefe, Seavoy & Larsen, P.C.
128 West Spring Street
Marquette, MI 49855
Ph: 906.226.2543
Fx: 906.226.2819
Email: pgreeley@kendrickslaw.com
Web:  www.kendrickslaw.com
Houghton County Office: (906) 482-4288

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any unintended review, use, distribution, or disclosure is prohibited. If you have received this message in error, please contact the sender.

**From:** Patrick C. Greeley
**Sent:** Tuesday, July 17, 2018 2:09 PM
**To:** 'Jared Goodman'
**Cc:** Brandon J. Evans; James P. Martin; Martina Bernstein
**Subject:** RE: DeYoung: Confidentiality Agreement

Jared,

1

Thanks for sending the edits.  I was traveling yesterday and catching up this morning.  I will review promptly and get back to you.

Thanks.
Pat

Patrick C. Greeley
Attorney at Law
Kendricks, Bordeau, Keefe, Seavoy & Larsen, P.C.
128 West Spring Street
Marquette, MI  49855
Ph: 906.226.2543
Fx: 906.226.2819
Email: pgreeley@kendrickslaw.com
Web:  www.kendrickslaw.com
Houghton County Office: (906) 482-4288

This email may contain confidential and privileged material for the sole use of the intended recipient(s).  Any unintended review, use, distribution, or disclosure is prohibited.   If you have received this message in error, please contact the sender.

---

**From:** Jared Goodman [mailto:JaredG@PetaF.org]
**Sent:** Monday, July 16, 2018 9:47 PM
**To:** Patrick C. Greeley
**Cc:** Brandon J. Evans; James P. Martin; Martina Bernstein
**Subject:** RE: DeYoung: Confidentiality Agreement

Pat,

I've attached our further edits to your proposed additions to the confidentiality and nondisclosure agreement. These are not comprehensive, but rather are intended to address the most substantial issues that Plaintiffs' would have with the additions. We don't believe it would be efficient or productive to discuss the finer details of the Agreement before we, and the other parties you've added to the Agreement, have reached an agreement with respect to these provisions.

Jared

Jared Goodman
Deputy General Counsel for Animal Law
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
T:  (323) 210-2266
F:  (213) 484-1648
M: (516) 319-5906

This message may be protected by the attorney-client privilege and/or the attorney work product doctrine. If you believe you have received this message in error, please reply to the sender that it has been sent in error and delete the message. Thank you.

**From:** Patrick C. Greeley <PGreeley@kendrickslaw.com>
**Sent:** Tuesday, July 10, 2018 6:59 AM
**To:** Jared Goodman <JaredG@PetaF.org>
**Cc:** Brandon J. Evans <bevans@kendrickslaw.com>; James P. Martin <jmartin@polsinelli.com>; Martina Bernstein

&lt;MartinaB@petaf.org&gt;
**Subject:** RE: DeYoung: Confidentiality Agreement

Jared,

Unfortunately, the Zoo has been unable to obtain an expert.  Further, my client is still working with the USDA to determine how to move forward with the inspection in a manner that does not violate USDA regulation.

As a result, the Zoo cannot move forward with the inspection on the 16th.  As discussed, please provide new dates.

Attached please find the redlined NDA.

Thanks.
Pat

Patrick C. Greeley
Attorney at Law
Kendricks, Bordeau, Keefe, Seavoy & Larsen, P.C.
128 West Spring Street
Marquette, MI  49855
Ph: 906.226.2543
Fx: 906.226.2819
Email: pgreeley@kendrickslaw.com
Web:  www.kendrickslaw.com
Houghton County Office: (906) 482-4288

This email may contain confidential and privileged material for the sole use of the intended recipient(s).  Any unintended review, use, distribution, or disclosure is prohibited.   If you have received this message in error, please contact the sender.

---

**From:** Jared Goodman [mailto:JaredG@PetaF.org]
**Sent:** Monday, July 09, 2018 10:33 PM
**To:** Patrick C. Greeley
**Cc:** Brandon J. Evans; James P. Martin; Martina Bernstein
**Subject:** RE: DeYoung: Confidentiality Agreement

Pat,

Thank you. Do you have any update as to whether we can move forward with the inspection a week from today?

Jared

Jared Goodman
Deputy General Counsel for Animal Law
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
T:  (323) 210-2266
F: (213) 484-1648
M: (516) 319-5906

This message may be protected by the attorney-client privilege and/or the attorney work product doctrine. If you believe you have received this message in error, please reply to the sender that it has been sent in error and delete the message. Thank you.

3

**From:** Patrick C. Greeley <PGreeley@kendrickslaw.com>
**Sent:** Monday, July 9, 2018 7:10 PM
**To:** Jared Goodman <JaredG@PetaF.org>
**Cc:** Brandon J. Evans <bevans@kendrickslaw.com>; James P. Martin <jmartin@polsinelli.com>; Martina Bernstein <MartinaB@petaf.org>
**Subject:** Re: DeYoung: Confidentiality Agreement

Jared,

My client just sent me the Zoo's final revisions to the confidentiality agreement.  I will make those revisions and forward to you first thing in the morning.

Thanks.
Pat

Sent from my iPhone

On Jul 1, 2018, at 1:01 PM, Jared Goodman <JaredG@PetaF.org> wrote:

> Apologies. The file is attached here.
>
> <MFP - NDA with DeYoung Family Zoo (00313663-3xB39F9).docx>
>
>
> On Jul 1, 2018, at 9:55 AM, Jared Goodman <JaredG@PetaF.org> wrote:
>
>> Pat and Brandon,
>>
>> Per your request, please find attached a draft confidentiality and nondisclosure agreement for your consideration.
>>
>> This also confirms our discussion that on our conference on Tuesday, you will be providing a date certain for the production of documents and confirm your client's agreement that the site inspection of its facility will move forward on July 16 and deposition of its representative on July 23.
>>
>> Thank you.
>>
>> Jared
>>
>> Jared Goodman
>> Deputy General Counsel for Animal Law
>> PETA Foundation
>> 2154 W. Sunset Blvd.
>> Los Angeles, CA 90026
>> T: (323) 210-2266
>> F: (213) 484-1648
>> M: (516) 319-5906
>> This message may be protected by the attorney-client privilege and/or the attorney work product doctrine. If you believe you have received this message in error,

4

please reply to the sender that it has been sent in error and delete the message.
Thank you.

# Exhibit M

# KENDRICKS  BORDEAU
## K E E F E  S E A V O Y  &  L A R S E N ,  P C

——————  ATTORNEYS AT LAW  ——————

RONALD D. KEEFE
KENNETH J. SEAVOY*
SUZANNE CURRY LARSEN
LAURA KATERS REILLY**
NELS A. CHRISTOPHERSON

128 WEST SPRING STREET · MARQUETTE, MICHIGAN 49855
TELEPHONE (906) 226-2543 · FAX (906) 226-2819
www.kendrickslaw.com

BRANDON J. EVANS**
ERICA N. PAYNE
TAMI M. SEAVOY
PATRICIA E. DAVIS**‡
PATRICK C. GREELEY**

Of Counsel
STEPHEN F. ADAMINI
WILLIAM R. SMITH
RONALD E. GREENLEE

HOUGHTON COUNTY OFFICE
CORNER OF QUINCY & RESERVATION
HANCOCK, MICHIGAN 49930
TELEPHONE (906) 482-4288

*Also Certified Public Accountant
**Also Licensed in Wisconsin

‡ Also Licensed in Minnesota

October 3, 2018

Via Email and Regular Mail to:
Jared Goodman
Deputy General Counsel for Animal Law
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026

JaredG@PetaF.org

Re:    *Missouri Primate Foundation v People for the Ethical Treatment of Animals, Inc.*
       *Confidentiality and Non-Disclosure Agreement*

Dear Mr. Goodman:

On behalf of the DeYoung Family Zoo, LLC ("DeYoung"), we are writing in response to your letter of September 24, 2018 and accompanying revised version of the Confidentiality and Nondisclosure Agreement.  While I agree that the parties have made substantial progress towards the Agreement, recent events have made certain provisions of the agreement unacceptable.  This past Wednesday, September 26, 2018, DeYoung was inspected by the USDA.  No violations were found.  During the inspection, DeYoung attempted to clarify the USDA's position on the proposed inspection.  The USDA stated that the inspection must comply with all USDA regulation and federal law.  The USDA also stated that it would enforce any violations of USDA regulation and federal law.

The chimpanzee facility was not built for public display. Due to the construction of the building, the inspection would violate 9 CFR 2.313(d)(1) and section 2.131(d)(1)(c)(1) of the Animal Welfare Act and Animal Welfare Regulations publication.  The indoor housing is not sufficient for public viewing because a public barrier is not present and can not be constructed due to the construction limitations.  Proceeding with the investigation, based on the USDA's statements, would likely violate the foregoing regulations.  Further, the USDA stated that DeYoung must comply with the provisions of the USDA regulations requiring DeYoung to prevent unnecessary harm, stress, annoyance, and harassment.  PETA has previously acknowledged the potential harm intruders cause chimpanzees in the following video: https://www.youtube.com/watch?v=418C4iLihZ4).    Having  eight  intruders  enter  the chimpanzees' enclosures would likely constitute a material violation of the ESA, particularly in light of the fact, that DeYoung has no proof that the attorneys, videographer, or experts are substantially educated in caring for chimpanzees to prevent unnecessary harm, stress, annoyance, and harassment.  In light of the position set forth by the USDA (a government body entrusted

Page 2
October 3, 2018

with inspecting facilities for compliance with federal law), DeYoung cannot move forward with the inspection without significant modification to the proposed inspection and the Agreement.

While PETA can personally inspect areas where the barrier restrictions can be complied with, the interior housing areas of the Chimpanzees can not be retrofitted to comply with the USDA regulations and federal law. As a result, DeYoung proposes that the inspection of the indoor housing areas be conducted remotely, with a DeYoung employee wearing a body camera, microphone, and head set. PETA will have the capability to watch the inspection in real time and to instruct the employee. The same process would be utilized for any inspections of the chimpanzees.

As to the other points at issue, we have accepted several of the changes outlined in your letter, including those outlined in Section 1.a.vii (limiting husbandry), 1.b. (protective order procedure), 1.i. (elimination), 4.g.x. (in light of the revisions above, there is no issue with attorneys attending the inspection). We have addressed your remaining points below.

**Section 1.e.** We understand that PETA will not accept unconditional and limitless liability for a third party improperly disclosing the designated information. We took your proposal that each party receiving information agree to be bound by the Agreement, and applied it to (i)-(vi). We did add in a provision that prohibits PETA from disclosing the information to a third party for the purpose of the third party disclosing that information to the public. We also added a provision that if PETA fails to obtain the agreement to be bound from a third party that receives confidential information, PETA shall be liable for any and all damages.

**Section 2.** We removed the liquidated damages provision and added in that Receiving Parties will be subject to contempt of court sanctions and punitive damages as determined by the court for any violation. You took the position that liquidated damages provisions are highly unusual for Protective Orders. Generally, confidentiality agreements do contain liquidated damages provisions. Protective orders on the other hand, generally have contempt and punitive damages for violations. As such, we modified the provision to account for your position that this is more akin to a protective order than a confidentiality agreement.

Please let me know if you would like to discuss any of the foregoing. Thank you.

Cordially,

Patrick C. Greeley

Exhibit N

**AN INTERNATIONAL ORGANIZATION DEDICATED TO PROTECTING THE RIGHTS OF ALL ANIMALS**

# PETA
## FOUNDATION

October 15, 2018

*Via email*

Patrick C. Greeley
Kendricks, Bordeau, Keefe, Seavoy & Larsen, P.C.
pgreeley@kendrickslaw.com

Re:   *Missouri Primate Foundation v. PETA*
       *DeYoung Family Zoo Confidentiality and Nondisclosure Agreement*

Dear Mr. Greeley,

As you know, People for the Ethical Treatment of Animals, Inc., and Angela Scott (together, "PETA") have, at your client's insistence, been willing to agree to substantial concessions throughout a *ten-page* Confidentiality and Nondisclosure Agreement ("Agreement") that we have negotiated with you for months in an effort to avoid the need to compel enforcement with the subpoena validly served upon the DeYoung Family Zoo (the "Zoo") on June 20, 2018.

In your letter of October 3, you indicate that PETA can no longer inspect at least certain chimpanzees or enclosures consistent with the subpoena and our prior agreement. PETA responds to the points raised in your letter.

First, you state that "the inspection would violate 9 CFR 2.313(d)(1) [sic] and section 2.131(d)(1)(c)(1) [sic] of the Animal Welfare Act and Animal Welfare Regulations publication," and further that there is no public barrier and one cannot be constructed. An inspection pursuant to a subpoena is not "public exhibition" and the regulations for public exhibitions therefore do not apply. Even assuming that they do, however, section 2.131(c)(1) provides:

> During public exhibition, any animal must be handled so there is minimal risk of harm to the animal and to the public, with sufficient *distance and/or barriers* between the animal and the general viewing public so as to assure the safety of animals and the public.

9 C.F.R. § 2.131(c)(1) (emphasis added). Contrary to your representation, this clearly *does not require a barrier* to be constructed. Rather, "sufficient distance … between the animal and the general viewing public" suffices to comply with the regulation. In light of the fact that the chimpanzees at issue— those transferred from Connie Braun Casey in December 2017 and July 2017—arrived at the Zoo as adults and an adolescent, it is a certainty that the enclosures in which they are held allow for observation from a "sufficient distance" such that there is no direct contact with the chimpanzees. Please confirm if this is not the case and the chimpanzees at issue are sometimes held

PEOPLE FOR
THE ETHICAL
TREATMENT
OF ANIMALS
FOUNDATION

Washington, D.C.
1536 16th St. N.W.
Washington, DC 20036
202-483-PETA

Los Angeles
2154 W. Sunset Blvd.
Los Angeles, CA 90026
323-644-PETA

Norfolk
501 Front St.
Norfolk, VA 23510
757-622-PETA

Berkeley
2855 Telegraph Ave.
Ste. 301
Berkeley, CA 94705
510-763-PETA

PETA FOUNDATION IS AN
OPERATING NAME OF FOUNDATION
TO SUPPORT ANIMAL PROTECTION.

AFFILIATES:
• PETA U.S.
• PETA Asia
• PETA India
• PETA France
• PETA Australia
• PETA Germany
• PETA Netherlands
• PETA Foundation (U.K.)

Case: 4:18-mc-00798-CDP    Doc. #: 18-7    Filed: 01/10/19    Page: 119 of 122 PageID
#: 339
Case 1:18-mc-00112   ECF No. 2-15 filed 12/18/18   PageID.136   Page 3 of 4

in enclosures where there are no barriers *and* there is not sufficient distance to avoid direct contact between, e.g., your clients or their staff and the chimpanzees.

You also appear to have intended to cite to 9 C.F.R. § 2.131(d)(1), which states, "Animals shall be exhibited only for periods of time and under conditions consistent with their good health and well-being." Again assuming that this provision would even apply to observations of the chimpanzees pursuant to subpoena, which it does not, you appear to indicate that certain enclosures cannot be inspected in person because it would not be consistent with the chimpanzees' "good health and well-being." In purported support of the assertion that simply being in the chimpanzees' presence will somehow harm them, you state that "PETA has previously acknowledged the potential harm intruders cause chimpanzees in the following video," and allege that the video provides support for your position that "[h]aving eight intruders enter the chimpanzees' enclosures would likely constitute a material violation of the ESA."

Your reference to this video alone demonstrates an absence of good faith in these negotiations. As you well know, the video, published by PETA, includes footage from and explains National Institutes of Health (NIH) experiments on baby monkeys (not chimpanzees) that NIH intentionally bred to be mentally ill. The babies are taken from their mothers and held alone in small metal cages in a laboratory while experimenters, masked in order to intentionally appear particularly threatening, stare at them from just a few feet away as the monkeys frantically try to escape.

Here, the primates at issue are chimpanzees. All but one of the chimpanzees is more than 20 years old, and the youngest at least 13. None of the chimpanzees were bred to be mentally ill. PETA assumes that none will be held in a metal cage no larger than five-by-five. The parties have already agreed that, if the chimpanzees appeared distressed, they would leave the area—not stand glaring at them as they desperately attempt to escape. And far from being babies in a laboratory, these chimpanzees have been used in television commercials, public encounters, and other performances, loaned to others, and sold, held as pets, and relocated several times. The comparison is baseless and frivolous.

Further, your assertion that having eight individuals merely present at the inspection "would likely constitute a material violation of the ESA" is entirely without merit. You have provided no support whatsoever for the allegation, and it is undermined by your subsequent agreement that "PETA can personally inspect areas where the barrier restrictions can be complied with." It is also unclear why the assertion "that DeYoung has no proof that the attorneys, videographer, or experts are substantially educated in caring for chimpanzees" is in any way relevant to "a material violation of the ESA" during an observational inspection. PETA has not requested to "car[e] for" the chimpanzees. Additionally, even if it were relevant, PETA has agreed to identify the attendees, which include experts with substantially greater experience with chimpanzees than the Zoo.

In light of the above, your alternative proposal to remotely instruct a DeYoung employee wearing a body camera to inspect "the interior housing areas" and all of the chimpanzees is insufficient and rejected. PETA requests your confirmation that you will proceed with the inspection as described in the subpoena.

Case: 4:18-mc-00798-CDP    Doc. #:  18-7    Filed: 01/10/19    Page: 120 of 122 PageID
#: 340
Case 1:18-mc-00112   ECF No. 2-15 filed 12/18/18   PageID.137   Page 4 of 4

Finally, PETA will no longer agree to the scope of the non-disclosure of information as described in Section 1.b. Currently, this section would prevent PETA from filing a complaint to law enforcement authorities or enforcing violations of the law even if animals are observed suffering and in severe distress. This is inconsistent with the Zoo's expressed concern for the well-being of the animals held there, as well as our ethical duties as counsel. Accordingly, PETA requires that this section include a provision that allows PETA to seek leave of court to use Confidential and Proprietary Information received to report apparently unlawful behavior that negatively impacts animal welfare upon a showing of a potential violation. PETA also rejects your added requirement that the Receiving Parties, "upon the request of the Zoo, seek[] a temporary injunction" for any reason.

I am available to confer regarding the Agreement at your convenience. I would appreciate your response by the end of the day this Friday, October 19.

Very truly yours,

Jared Goodman
Deputy General Counsel for Animal Law
323-210-2266 | JaredG@petaf.org

# Exhibit O

**Jared Goodman**

| | |
|---|---|
| **From:** | Brian McChesney <bmcchesney@gatewayinjurylaw.com> |
| **Sent:** | Monday, November 5, 2018 6:39 PM |
| **To:** | Jared Goodman |
| **Cc:** | Patrick C. Greeley; jmartin@polsinelli.com |
| **Subject:** | DeYoung Family Zoo, LLC |

Jared,

I have been retained to represent DeYoung Family Zoo, LLC ["DeYoung"] referable to Case No. 4:16-cv-02163, which is pending in the United States District Court for the Eastern District of Missouri, thus replacing Mr. Patrick Greeley. More specifically, I am representing DeYoung referable to your client's subpoenas and any other discovery matters which may arise in this case, including but not limited to inspections, depositions, and document production.. Mr. Greeley was kind enough to provide me with a thorough review of the issues, pleadings, correspondence, subpoenas, and other pertinent documents, as I wanted to hit the ground running.

I've reviewed your subpoena for the production of documents and inspection of the DeYoung Family Zoo, to which the DeYoung Family Zoo has objected. I've reviewed your communications / negotiations with Mr. Greeley and would like to find a time for a telephone conference. I'll be in Court tomorrow [Tuesday], but am available on Wednesday and Thursday afternoon. Please let me know if / when you're free.

I look forward to hearing from you.

*Brian*

Brian S. McChesney
McChesney & Ortwerth, LLC
1922 Chouteau Avenue
St. Louis, Missouri 63103
(T) 314-584-4500
(F) 314-584-4501

This email message from the law firm of McChesney & Ortwerth, L.L.C. is intended only for named recipients. It contains information that may be confidential, privileged, attorney work product, or otherwise exempt from disclosure under applicable law. If you have received this message in error, are not a named recipient, or are not the employee or agent responsible for delivering this message to a named recipient, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents in strictly prohibited. Please notify us immediately at (314) 584-4500 that you may have received this message in error, and delete the- message.